IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| STEVEN B. BARGER, an individual, | Civil Case No. EDNY: 1:17-cv-04869-FB-LB |
| Plaintiff, | |
| | Civil Case No. _____ |
| v. | |
| FIRST DATA CORPORATION, *et al*., | |
| Defendants. | |

**DEFENDANTS' MOTION TO COMPEL THIRD PARTIES PHILLIP MORGAN, GRANT BARGER AND BARGER CONSULTING GROUP TO COMPLY WITH DEPOSITION SUBPOENA AND <u>MEMORANDUM OF LAW IN SUPPORT THEREOF</u>**

Defendants First Data Corporation, Frank Bisignano, Dan Charron, Anthony Marino, Karen Whalen and Rhonda Johnson move this Court for an order pursuant to Rule 45 of the Federal Rules of Civil Procedure compelling Phillip Morgan (Morgan), Grant Barger (G. Barger) and Barger Consulting Group, third parties, to comply with deposition subpoenas properly served in connection with an action pending in the United States District Court for the Eastern District of New York. The grounds in support of this Motion are as follows:

  A.  <u>Background</u>

The matter before the Court presently involves two third-party subpoenas that compel the production of documents and deposition testimony of Morgan and G. Barger, both of who work and reside in this district. The subpoenas were lawfully issued out of the United States District Court for the Eastern District of New York in the case styled *Steven Barger v. First Data Corporation et al,* 1:17-cv-04869-FB-LB (Barger Case) accompanied by checks for witness fees and mileage. Plaintiff in the Barger Case is suing his former employer and five executives of the

company for violations of the Family and Medical Leave Act and the Americans with Disabilities Act. Morgan and G. Barger are the Plaintiff's accountant and son respectively.[1]

In Barger's complaint and in answers to interrogatories, he alleged leaving behind a "lucrative consulting" business to begin consulting for First Data as an independent contractor in March of 2014 for a monthly consulting fee of $30,000, before accepting full time employment with First Data several months later at a base salary of $480,000, plus incentive compensation of up to $250,000. However, Barger's tax returns that were produced in discovery belie those assertions regarding his consulting business. For 2012 and 2013, Barger's Schedule C of his Form 1040 report less than $20,000 per year in income and, for those years, his tax returns reported negative adjusted growth income.

Barger was deposed on August 10, 2018. At his deposition, he was asked questions about his tax returns and the income he had generated from his consulting business that he represented to First Data at the time of hiring. Barger was unable to answer those questions, instead referring counsel to his accountant. He testified that Defendants should ask his accountant no less than seven times during the course of his deposition. Barger testified that he had no objection to his accountant being deposed.

Barger testified that in 2012 and 2013, he was generating $20,000 - $30,000 per month in consulting fees for his son's company, Barger Consulting Group. When asked where all the money for the fees went given the negligible income reported on his tax returns, Barger testified that he left the money in his son's company and that he was living off cash. When he started consulting for First Data, Barger Consulting Group is the entity that invoiced First Data for Barger's services. Barger worked for 3 ½ months as a consultant, which meant according to the

---

[1] Barger's lawyer in the New York action is Shawn Shearer, Esq., who happens to be his son-in-law and G. Barger's brother-in-law.

independent contractor agreement, that he should have billed First Data $105,000 ($30,000 per month x 3.5 months). Instead, Barger Consulting Group invoiced First Data for $170,000 in consulting fees, including a $50,000 final fee for his "ideas."

Fact discovery in the underlying litigation was scheduled to close on August 31, 2018. Because Barger's testimony raised significant potential defenses to damages, Defendants sought leave from the Court to take the depositions of Morgan and G. Barger after the close of fact discovery, neither of whom could be subpoenaed for trial under Fed. R. Civ. P. 45(c)(1)(A) because both reside more than 100 miles from the federal courthouse in Brooklyn, New York. *See* August 15, 2018 Letter Motion to Lois Bloom, USMJ for the EDNY, ECF 54 attached as Exhibit A. On August 17, 2018, Judge Bloom granted Defendants' motion. *See Barger* Case Docket, attached as Exhibit B.

    **B.**    **Procedural History**

On August 28, 2018, Morgan, a resident of the State of Alabama, was personally served with a subpoena compelling him to attend a deposition on September 17, 2018 at 10:00 A.M. in Birmingham in connection with the Barger Case. *See* Subpoena and Proof of Service attached as Exhibit C. Accompanying the subpoena was a letter advising Morgan that if the September 17, 2018 date was not convenient for him, defense counsel would work with him to schedule a mutually convenient date. *See* Exhibit D.

On September 8, 2018, Grant Barger ("G. Barger), a resident of the State of Alabama, and his company Barger Consulting Group LLC, were personally served with subpoenas compelling G. Barger to attend a deposition on September 17, 2018 at 3:00 P.M. in Birmingham in the Barger Case. *See* Subpoenas and Proofs of Service attached as Exhibit E.[2] Accompanying

---

[2] G. Barger claims that First Data's counsel is guilty of terrorizing his family by having a subpoena served. The subpoena was served at 7:30 pm on September 8, 2018. *See* Ex. E. In what must be a coincidence, a different

3

the subpoena was a letter advising G. Barger and Morgan that if the September 17, 2018 date was not convenient for him, defense counsel would work with him to schedule a mutually convenient date. *See* Exhibit F.

On Sunday, September 9, 2018, defense counsel sent Morgan an email:

Dear Mr. Morgan:

This will follow up on the voicemail message I left you on Thursday. The purpose of my call was to discuss the subpoena and deposition notice for September 17, 2018 that was served on you in connection with the lawsuit that Steven Barger filed in federal court in New York against First Data Corporation and a number of its executives. Specifically, I wanted to discuss the production of documents and see if there was anything we can do to minimize the disruption to you. I will be out of the office on Monday or Tuesday so if you would like to discuss this matter with us, please contact my colleagues Lindsey Kennedy and/or Gillian Cooper who are copied here. Thank you.

Email exchange between Eidelman and Morgan, attached as Exhibit G. Morgan responded the same day:

> Thanks Mr. Eidelman!
>
> I'm sorry I missed you, I was out of the office the last few days.
> I'll call your office tomorrow (Monday).

*Id.* Morgan never contacted Defendants' counsel.

On September 12, 2018, defense counsel called Morgan's office and left him a message. A letter was also sent to him that evening which stated:

As you know, we represent the Defendants in the above-referenced action. Unfortunately, we have missed one another and we have been unable to discuss the notice of deposition and accompanying subpoena scheduling your deposition for this coming Monday, September 17, 2018 at 10:00 a.m. in Birmingham, Alabama. Is that date available for you? If so, do you intend to appear with the

---

process server hired by Defendants in this case to serve another third party subpoena in Cincinnati was accused of impersonating a Federal Express delivery person (which was not true) and that her children are now terrified of Federal Express drivers. Following a spate of motions for protective orders, the United States District Court for the Southern District of Ohio granted Defendants' Motion to Compel the deposition of that witness, and denied the motions for protective order. *See* docket in *Steven B. Barger v. First Data Corporation, et al.*, Case No. 1:18-mc-00010 in the United States District Court for the Southern District of Ohio – Western Division.

4

> documents that have been subpoenaed? Can you advise me immediately whether you intend to appear for the deposition as scheduled, appear on a different date or move for a protective order? I would hate to make a trip to Birmingham for the deposition only to have you not appear.
>
> If you are represented by legal counsel, please let me know.

*See* Letter from G. Eidelman to P. Morgan, attached as <u>Exhibit H</u>.

On September 11, 2018, G. Barger sent an email to defense counsel which stated as follows:

> I contacted you by email on August 14th after I found out that you wanted to speak to me about a former contractor of mine, Steve Barger.[3] I understand that you are Joe Plumeri's lawyer. I think you must have misunderstood my email because I received court papers that say you want to talk to me on September 17th. I never said I was available on September 17th. I said I was available on August 17th. You never confirmed any date or contacted me using the email I provided you. Instead, at 7:30 at night on Saturday September 8th (23 days later), you sent me these court papers full of demands that I have no Idea why you want or what they have to do with Steve Barger and Joe Plumeri.
>
> I've known Joe for over thirty years. If you wanted to ask me questions about Joe, why not just use my email and ask? Why the cloak and dagger drama of demanding a bunch of papers that I never agreed to give? I don't get it.
>
> I am sorry if you thought I meant September 17th, I thought I made myself pretty clear in the email that it was August 17th. Why let three weeks go by and not bother to email me and ask if I'm available? That makes no sense. I gave you my email for a reason.
>
> Obviously, I am not going to give you any papers, again, why the high drama?
>
> You have my email. You chose instead to send me court papers and give me three days to get you my private papers? Why?
>
> I need a few days to get my head around this. You clearly misunderstood what I told you. I said August 17th. I have no idea why you decided to burden me at the last minute, why not just communicate like a normal business person. I gave you my email so you would use it.
>
> Even though you didn't give me the respect of a fast reply or ever tell me you were coming, I am giving you the courtesy of a fast reply. September 17th is less than a week away. You have had my email for nearly four weeks. I am not

---

[3] The so-called contractor is G. Barger's father, the Plaintiff in the Barger Case.

> available to you on that day and will let you know what I decide about my legal options by the end of this week.

Email from G. Barger to G. Eidelman, attached as <u>Exhibit I</u>. Defense counsel responded as follows:

> This will acknowledge receipt of your email.
>
> My Firm represents Defendants First Data Corporation, Frank Bisignano, Dan Charron, Tony Marino, Karen Whalen and Rhonda Johnson who your father sued in the United States District Court for the Eastern District of New York as indicated on the deposition notice and subpoena. I don't know who has given you the idea that I am Joe Plumeri's lawyer. Mr. Plumeri is not a party in this case.
>
> Your father testified at his deposition about work he apparently did on behalf of Barger Consulting prior to joining First Data. Judge Bloom, the Magistrate Judge assigned to this case, has extended the discovery period in your father's case to allow us to take additional depositions as a result of his testimony, including your deposition and that of your company Barger Consulting LLC. You and your company have been served with a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure compelling you to attend a deposition on September 17, 2018 in Birmingham. I understand that you and Barger Consulting were served on September 8, 2018. We scheduled the depositions for the same time to minimize the inconvenience. I do not expect the depositions to take that long. If September 17 is not convenient, I am willing to discuss alternative dates but that needs to happen ASAP given that discovery closes on September 28, 2018.
>
> Please contact me tomorrow to discuss. If you have legal counsel and would like me to speak with them instead, please advise. Thank you for your time and cooperation.

Email from G. Eidelman to G. Barger, <u>Ex. I</u>, which was followed up by a letter to G. Barger on

September 12, 2018:

> As a follow up to my email from last evening, we represent the Defendants in the above referenced action. Unfortunately, we have been unable to discuss the notice of deposition and accompanying subpoena scheduling your deposition for this coming Monday, September 17, 2018 at 2:00 p.m. in Birmingham, Alabama. Is that date available for you? If so, do you intend to appear with the documents that have been subpoenaed? Can you advise me immediately whether you intend to appear for the deposition as scheduled, appear on a different date or move for a protective order? I would hate to make a trip to Birmingham for the deposition only to have you not appear.
>
> If you are represented by legal counsel, please let me know.

Letter from G. Eidelman to G. Barger, attached as Exhibit J.

On Thursday, September 13, 2018 at 4:36 pm, G. Barger acting *pro se*, filed a motion to quash the subpoenas on behalf himself and Morgan[4] in a miscellaneous action in the United States District Court for the Northern District of Alabama that he captioned *Grant Barger v. Saul Ewing Arnstein & Lehr LLP (Gary B. Eidelman)*, Case No. 2:18-mc-01491-KOB. See Exhibit K. He then filed a motion to correct the caption to *Steven Barger v. First Data Corporation et al.* See Exhibit L.

On Friday, September 14, 2018, G. Barger served Defendants' counsel with his Motion to Quash by email (Exhibit M) which he then followed up by an email which stated:

> As I promised I am contacting you by weeks end to inform you of my decisions regarding my legal options. As you know, I filed a request for a protective order and a motion to quash here in Alabama in front of Judge Bowdre. I do not have the extra resources for a lawyer at present. So I am going to continue to communicate with you directly.
>
> Please use this email to contact me. Please do not send any more strangers to my home. If you want something from me, a direct approach is best. While we are adversaries in this matter, it is not my style to intentionally humiliate or embarrass another person. For any reason. When I filed my motion on Thursday I did not know exactly what to write in the upper left-hand box because there was no case number in Alabama at the time. I filled the box out to the best of my ability. Because you sent me the subpoena, I assumed I should direct the motion to you. As soon as I left I realized that what I wrote made it look like I was suing you and your firm. I immediately did some extra work and then gave the court a replacement for that page later on Thursday. The clerk accepted my replacement page.
>
> I just wanted to apologize for giving the public impression that you are being sued. I know I wouldn't like it if someone did that to me. It was never my intention to embarrass you or give the wrong impression. I fixed it as soon as I realized that it looked wrong. And the clerk accepted my correction.

---

[4] While a person has the right to represent him or herself *pro se,* the rules generally do not permit a non-lawyer to represent another party to a proceeding. Nothing in the record suggests that Morgan authorized G. Barger to file a motion to quash on his behalf, or that he is joining in the motion. Nonetheless so as not to delay any ruling, this Opposition and Motion to Compel are being filed against both G. Barger and Morgan.

> I am very confused about why I received these demands from New York in such a hostile manner. I prefer a calm diplomatic approach to life. I will treat you with respect and ask you do the same for me.
>
> Please help me understand exactly what you're looking for here. I'd also like to know why Joe was mentioned in your court filing but not part of the papers I got on Saturday.

*See* Email from G. Barger to G. Eidelman, attached as <u>Exhibit N</u>.

Upon receipt of the Motion to Quash and Motion for Protective Order, defense counsel sent the following email to Morgan, copying G. Barger:

> Dear Mr. Morgan:
>
> I have emailed you and left 2 messages with Cindy of your office (copied here) asking you to call me to confirm your deposition for Monday, September 17, 2018 in the *Steven Barger v. First Data Corporation et al*, case pending in the United States District Court for the Eastern District of New York. I have also sent you a letter by email and overnight mail regarding the same, another copy of which is attached. You have not responded to me, nor have I heard from your legal counsel.
>
> Today, Grant Barger filed a motion for protective order with exhibits, copies of which are attached in the event you were not served with these papers. In his motion, Mr. Barger asks the court to quash the subpoena that was served on you and prevent Defendants from taking your deposition. We presume that you granted Mr. Barger permission to seek such relief on your behalf.
>
> In light of Mr. Barger's filing in the United States District Court for the Northern District of Alabama and your refusal to confirm your attendance on September 17, 2018, **we are notifying you that we are continuing (postponing) your deposition until such time as the Court rules on Mr. Barger's motion and our likely motion to compel. <u>Accordingly, please do not appear at the offices of Starnes Davis Florie LLP on Monday</u>.**
>
> If you would like to discuss this matter, please contact me. My email and phone numbers are set forth below.

Email from G. Eidelman to Morgan and G. Barger, attached as <u>Exhibit O</u>.

Unbeknownst to Defendants, on Monday, September 17, 2018, Chief Judge Bowdre denied the Motion to Quash and Motion for Protective Order. *See* <u>Exhibit P</u>. On Tuesday, September 18, 2018, G. Barger filed a Motion for Reconsideration which he never served on the

Defendants. *See* Exhibit Q. In that Motion, G. Barger misled the Court by advising that Defendants had "cancelled" the depositions after the filing of the Motion to Quash and Motion for Protective Order. *Id.* While he attached to his Motion for Reconsideration a number of emails, he neglected to attach the September 14, 2018 email referenced above in which Defendants' counsel advised that pending a determination on the Motion to Quash and Motion for Protective Order, the depositions were being continued (postponed).

On September 20, 2018, Chief Judge Bowdre vacated the denial of the Motion to Quash and Motion for Protective Order, partially on the grounds of G. Barger's representation that Defendants had "cancelled" the depositions. *See* Order, attached as Exhibit R. The case was closed.

Defendants now move to compel Morgan and G. Barger to attend their depositions and produce the subpoenaed documents.

**C.    ARGUMENT**

The 2013 amendments to the Federal Rules of Civil Procedure provide that a subpoena must issue from the court where the action is pending and, among other things, may only compel a third party to attend a deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45((a)(2), (c)(1). The deposition subpoenas to Morgan and Barger complies with both of these requirements: they were issued by the United States District Court for the Eastern District of New York where the *Barger* Case is pending and sets the location for the depositions in Birmingham, less than 100 miles from where they live. In accordance with Fed. R. Civ. P. 45(d) and (e), this Motion to Compel is properly filed in the Northern District of Alabama because that is the district where compliance is required.

9

The *Barger* Case is pending in Brooklyn, New York and Morgan and G. Barger live more than 100 miles from that courthouse. They cannot be compelled by subpoena to testify at trial. *See* Fed. R. Civ. P. 45(c)(1). They can, however, be compelled to testify at a deposition. *Id.* In support of their Motion, Defendants have complied with their requirement to avoid undue burden or expense to Morgan and G. Barger. They offered to reschedule the depositions if September 17, 2018 was not convenient but never heard from either deponent. *See* Ex. D, Ex. F.

Without giving credence to the outlandish statements and accusations regarding counsel and the Defendants, Movant anticipates that G. Barger is likely to argue, as he did in the Motion to Quash and Motion for Protective Order, that the subpoenas should not be enforced *inter alia* because somehow he thinks that First Data is his competitor and that First Data wants to discover his trade secrets. There are no trade secrets to discover. His father's consulting services to First Data were billed through G. Barger's company. Included in those invoices was a final invoice for $50,000 for Plaintiff's "ideas;" charges that were not provided for in the consulting agreement. Given Plaintiff's allegations that he left a lucrative consulting practice with Barger Consulting to join First Data, Defendants are entitled to discovery into those invoices and all invoices sent out for Plaintiff's services and how he was compensated by Barger Consulting, all of which are relevant to damages in the Barger Case.

Furthermore, there is no basis to deny the Motion to Compel as to Morgan. Plaintiff could not answer questions as to his tax returns and he testified that he had no objection to his accountant being deposed.

Judge Bloom recognized that there was a justifiable basis for Defendants to depose Morgan and G. Barger and she extended the discovery period for this purpose. *See* Ex. B.  Judge

Bloom has since granted Defendants another extension to take the third party depositions at issue. *See* docket entry dated September 18, 2018, Ex B.

### D. CONCLUSION

For the foregoing reasons, First Data respectfully requests that this Court grant the Defendants' Motion to Compel and enter an Order directing Morgan and G. Barger to appear for depositions in this jurisdiction at a date and time to be agreed upon by Morgan and G. Barger and Defendants' counsel, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Arnold W. Umbach III*
STARNES DAVIS FLORIE LLP
Arnold W. Umbach III, ASB-1932-M66A
100 Brookwood Place, 7th Floor,
Birmingham, AL 35209
T: (205) 868-6072
F: (205) 868-6099
TUmbach@starneslaw.com

*Counsel for Defendants*

Of Counsel

Gary B. Eidelman
Saul Ewing Arnstein & Lehr LLP
500 East Pratt Street, Suite 900
Baltimore, Maryand 21202
Phone: (410) 332-8975
Fax: (410) 332-8976
gary.eidelman@saul.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on the following counsel via overnight delivery and electronic mail:

Phillip D. Morgan
Phillip Morgan & Company, P.C.
3176 Cahaba Heights Road, Suite 100
Birmingham, Alabama 35243

Grant Barger &
Barger Consulting Group, LLC
6200 Foxwood Trail
Birmingham, Alabama 35242

I hereby certify that a true and correct copy of the foregoing was served on the following counsel via electronic mail:

David A. Zeitlin, Esq.
Zeitlin & Zeitlin, P.C.
50 Court Street, Suite 506
Brooklyn, New York 11201
T: (718) 522-5644
david@zeitlinlawfirm.com
*Attorneys for Plaintiff*

Shawn E. Shearer, Esq.
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue, Suite 155-254
Dallas, Texas 75204
T: (214) 434-1594
shawn@shearerlaw.pro
*Attorneys for Plaintiff*

/s/ *Arnold W. Umbach III*
Arnold W. Umbach III

Dated:  September 24, 2018