FILED
2018 Sep-25  AM 09:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A



Gary B. Eidelman

Phone: (410) 332-8975

Fax: (410) 332-8976

Gary.Eidelman@saul.com

www.saul.com

August 15, 2018

**Via ECF**
Honorable Lois Bloom, U.S.M.J.
U. S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  **Re:** ***Steven B. Barger v. First Data Corporation et al.***
    **Civil Case No. 1:17-cv-4869**
    **Request for Extension of Discovery Period**

Dear Judge Bloom:

  Plaintiff Steven Barger's deposition took place last Friday, August 10, 2018. He was unable to answer a number of substantive questions regarding fees he charged First Data, claiming that Philip D. Morgan, his accountant and Grant Barger, his son who ran Barger Group LLC, could answer those questions. Defendants want to serve subpoenas *duces tecum* on Morgan, Barger Group LLC, and Grant Barger before taking their depositions. Because fact discovery in this case ends on August 31, 2018, Defendants request an extension of the discovery deadline to allow sufficient time for these subpoenas to issue and depositions to take place. The granting of this extension will not impact the overall schedule because expert discovery does not close until September 28, 2018.[1]

  **A.** ***Barger's Testimony Regarding Compensation.*** Beginning on or about March 15, 2014, Barger was hired by First Data as a consultant at the rate of $30,000 per month. On June 30, 2014, he became a full time employee of First Data, earning $40,000 per month, in addition to incentive compensation and equity. In ¶34 of his Complaint, Barger alleged that:

    In deciding to accept the position with First Data, and leave his consulting
    business to move to Atlanta, Barger relied upon the representation of First Data

---

[1] On Sunday, August 13, 2018, the undersigned asked Barger's counsel to consent to these depositions occurring after the fact discovery cutoff. *See* August 12, 2018 email from Gary B. Eidelman, Esq. to Shawn Shearer, Esq., attached as **Ex. A**. Opposing counsel declined, which has necessitated this letter motion. *See* August 13, 2018 letter from Shawn Shearer, Esq. to Gary B. Eidelman, Esq., attached as **Ex. B**.

Honorable Lois Bloom, U.S.M.J.
August 15, 2018
Page 2

that the future financial benefit of equity grants he would receive from First Data
<u>would more than offset the reduction of his base income</u>.

*See* ECF No. 1 (emphasis supplied). Barger went on to allege in ¶36 of his Complaint that:

> Barger was informed, during the negotiation of his possible employment, that
> First Data was in the process of preparing for a $3.5 billion private equity offering
> as a precursor to its planned public offering of equity, and that the public offering
> would involve KKR selling shares to the market to liquidate a portion of its
> investment in First Data, and that the offering would create a market for the
> shares to be issued upon Barger's exercise of his stock options included in his
> proposed compensation package as an incentive for Barger to join First Data <u>and</u>
> <u>leave his lucrative consulting business</u>.

*Id.* (emphasis supplied). In Barger's Answer to Defendant First Data's Interrogatory No. 17,
which requested information regarding his work history, Barger stated that from 2005 until he
was hired by First Data, he worked as a "full time consultant" at the rate of $3,000 per day plus
expenses. *See* Barger Answer to First Data Interrogatory No. 17, attached as **Ex. C.**

Joseph Plumeri, at the time a First Data senior executive, relied on Barger's
representations regarding the amount of his monthly income in establishing the rate for the
consulting agreement and ultimately his compensation for employment. During discovery,
Barger produced his income tax returns for 2010-2017, which paint a far different picture from
his claims of a "lucrative consulting business" that he was induced to leave. *See* ECF No. 1 at
¶36. For instance, Schedule C of his 2013 federal income tax return (the year before he was hired
as a consultant/employee by First Data) indicates that Barger had gross receipts of less than
$17,000 for the entire year (less than 6 days of consulting fees at his alleged $3,000 a day rate)
and that after expenses were applied, his 2013 adjusted gross income was a negative number. His
AGI for 2012 also was a negative number. His 2014 tax returns do not reflect the almost
$200,000 in consulting fees First Data paid him under the Consulting Agreement before he
became a W2 employee.[2]

Barger could not answer questions regarding these discrepancies or anything about his
tax returns, claiming that we needed to question his accountant about his tax returns. *See*
excerpts from Barger's "rough" deposition transcript, attached as **Ex. D** at 47-49, 59, 64, 206. He
also testified that Barger Group LLC (his son's company) billed for his consulting services and
then distributed to him a fraction of what was billed. *Id.* at 37-40. There exists a large
discrepancy between his 3 ½ months of consulting services under the Consulting Agreement and
what was actually billed and collected by Barger Group LLC.[3]

---

[2] Plaintiff marked the referenced income tax returns "Confidential" so they are not attached. If the Court requests,
they can be produced *in camera*.

[3] On June 20, 2014, Barger Group LLC submitted an invoice for $50,000 for "final consulting services" for the
period March-June 2014. There is no provision in the Consulting Agreement between Barger and First Data for such
a fee. Barger testified that the payment was for the use of his intellectual property but could not cite to a license

   **B.      The Requested Discovery Goes to Barger's Damages.** Barger is seeking almost $16 million in damages, including 10 years of front pay. Plaintiff's allegations in the Complaint and his answers to interrogatories regarding the "lucrative consulting business" he left to join First Data are not supported by the documents he produced or his testimony. Since First Data based the amount of money to pay Barger on his representations of what he was earning, First Data needs discovery into this "after-acquired evidence" in connection with his claims for damages. First Data witnesses will testify that had the Company known of either Barger's misrepresentations about his consulting fees and/or his $50,000 bill for intellectual property, action would have been taken against him, up to and including termination.

   In *McKennon v. Nashville Banner Publishing Co.,* 513 U.S. 352, 361-62 (1995), the Supreme Court ruled that after-acquired evidence cannot be used to bar relief under an employment discrimination statute.[4] However, the Court ruled that after-acquired evidence may render an employee ineligible for front pay, reinstatement and limit the amount of back pay to the period between when the unlawful discrimination occurred and the date on which the discovery of the after-acquired evidence was made. Judge Block has recognized and applied the rationale of *McKennon* to deny an award of front pay. *See Norris v. New York City Coll. of Tech.*, 2009 WL 82556, at *10 (E.D.N.Y. Jan. 14, 2009). Courts in the Second Circuit have recognized the applicability of *McKennon. See, e.g., Vichare v. AMBAC Inc.,* 106 F.3d 457, 468 (2d Cir. 1996) (applying rationale of *McKennon* to deny front pay); *Altman v. New Rochelle Public School District*, 2014 WL 2809134, at *14-15 (S.D.N.Y. June 19 2014). *See also EEOC v. Rose Casual Dining, L.P.,* 2004 WL 614806, at *10 (E.D.P.A. Mar. 5, 2004) (granting defendant summary judgment on issue of reinstatement and front pay where the plaintiff had inflated her prior salary); *Jones v. Ravens, Inc.*, 108 F. Supp. 2d 803, 812 (N.D. Oh. 2000) (holding defendant not liable under the ADA and finding that the after-acquired evidence doctrine barred any damages because plaintiff inflated his salary during salary negotiations).

   **C.      The Request for an Extension is Reasonable.** This is the first request for an extension of discovery in this matter. Defendants have produced more than 51,000 pages of documents and have responded or still need to respond to multiple sets of interrogatories, 15 sets of document requests, and requests for admissions. To date, Plaintiff has taken eight depositions with two more scheduled in Omaha on August 21st and 22nd. Plaintiff will not be prejudiced by this extension of time and the requested extension will not impact the briefing deadlines.

   For these reasons, Defendants request that the discovery cutoff be extended to permit them to subpoena documents from and take the depositions of Philip D. Morgan, Plaintiff's accountant and Grant Barger, his son who ran Barger Group LLC, on or before September 28, 2018.

Respectfully submitted,

/s/

Gary B. Eidelman

cc:      Counsel of Record (via ECF)

---

agreement. *See* **Ex. D** at 21-23. More importantly, the Consulting Agreement specifies that use of whatever intellectual property Barger may have used was included in the consulting fee.
[4] Unlike *McKennon*, Defendants do not concede that Plaintiff has or can establish liability under the FMLA or ADA.

# EXHIBIT A

**Eidelman, Gary B.**

| | |
|---|---|
| **From:** | Eidelman, Gary B. |
| **Sent:** | Sunday, August 12, 2018 9:57 PM |
| **To:** | 'Shawn Shearer' |
| **Cc:** | David@zeitlinlawfirm.com; Cooper, Gillian A.; Kennedy, Lindsey C.; Eidelman, Gary B. |
| **Subject:** | Scheduling matters |

Shawn:

I am writing with respect to several scheduling items.

1.  Given Mr. Barger's testimony that Marilyn Barger suffers from depression, we do not wish to cause her any unnecessary stress. Even though Mrs. Barger is identified on Plaintiff's disclosures as a fact witness who has full knowledge of the dispute, we will forgo taking her deposition if you agree that she will not be submitting any affidavits or testifying in this case. Please let us know ASAP so that we can respond to her personal counsel.

2. As I mentioned, Amy Steffen has just taken in 2 foster children which makes travel difficult. Accordingly, we can produce Ms. Steffen and Kathi Benhardt in Omaha: Ms. Steffen on August 21 and Ms. Benhardt on August 22. Please let us know the time and locations where you would like to depose them.

3. Based on Mr. Barger's testimony, we now need to subpoena documents from and depose his accountant Phillip D. Morgan, Grant Barger and/or The Barger Group. With fact discovery closing on August 31, there is likely not enough time to both serve subpoenas and depose them before that date. Can we come to an agreement among counsel to take their depositions after the discovery cutoff in September? If so, we will work with you to coordinate mutually agreeable dates for their depositions. If not, we plan to ask Judge Bloom to extend the discovery cutoff for the limited purpose of taking this discovery.

4.  As a reminder, the federal court has scheduled a telephone hearing for August 14 on the motion to compel Julie Kelly's deposition. As you know, we provided Ms. Kelly with dates in August when she can be deposed. We will let you know what the court decides and if a date is set so that you can attend if you want.

5.  Finally, we believe that Mr. Barger's testimony establishes that there was and is no factual basis to have named Rhonda Johnson, Karen Whalen, Frank Bisignano or Lori Graesser as individual defendants under the FMLA. It is one thing to file a lawsuit and then amend to include additional witnesses if the evidence establishes liability. It is another thing to make specific allegations in a lawsuit from the beginning of a case and then try to find out what happened.  The case law often describes this as a prohibited fishing expedition.

It is a serious thing to name someone as a defendant in a civil lawsuit. Mr Barger testified that the reason all of the individuals were named is because "***I needed to find out. I wanted whoever is responsible for not allowing me to come back to work and that's why I had no idea who it was so that's why.***" Mr. Barger did not need to name each of these individuals as defendants in their personal capacity to find out what happened in his case. He could have deposed them as witnesses. It is evident that his naming them was for an improper purpose designed to harass and cause undue legal expense. When asked for details to support claims against these defendants, his testimony was often that we need to ask his lawyer. That is no answer since you are not a witness. Given his testimony and theirs, it is evident that the allegations against these individuals did not have any factual support nor have facts been developed that would support them being defendants under the FMLA. We believe this is exactly what Rule 11 of the Federal Rules of Civil Procedure prohibits.  If Mr. Barger agrees to dismiss his FMLA claims against Johnson, Whalen, Bisignano and Graesser with prejudice, we will not seek Rule 11 sanctions and attorneys' fees against him. Otherwise, we have every intention of doing so.



**Gary B. Eidelman**
**SAUL EWING ARNSTEIN & LEHR LLP**
500 E. Pratt Street
Suite 900 | Baltimore, MD 21202-3133
Tel: 410.332.8975 | Fax: 410.332.8976 | Mobile: 410.303.8832
Gary.Eidelman@saul.com | www.saul.com

*Follow our blog, WISE: Workplace Initiatives and Strategies for Employers, here*
* Please note that our Firm name and my email address have changed.

# EXHIBIT B

# THE LAW OFFICE OF SHAWN SHEARER, P.C.
3839 McKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (972) 803-4499
SHAWN@SHEARERLAW.PRO

August 13, 2018

**Via E-Mail**

Gary Eidelman
Saul Ewing Arnstein & Lehr LLP
500 Pratt Street, Suite 900
Baltimore, MD 21022-3133

Gary:

In response to your most recent demands of August 12, 2018 -

1. I suggest you discuss Mrs. Barger's deposition with her attorney.

2. Mr. Grant Barger has his own attorney, and it is my understanding that you will be hearing from his attorney today. I do not believe there is any further information Plaintiff can or will provide you, through an accountant or otherwise. If you wish to utilize third party subpoenas, I suggest you do so quickly as the period for discovery is nearly over.

3. You will receive deposition notices today for the upcoming depositions of Ms. Amy Steffen and Ms. Kathi Benhardt.

4. Ms. Kelly already appeared for her scheduled deposition on June 25, 2018. You confirmed her appearance to me on the record in a deposition in this case on June 27, 2018. What you decide to tell a Federal judge in Ohio about that reality is strictly your choice.

5. Plaintiff will not agree to any extension of the discovery period. Any attempt by Defendant's Counsel to obtain an extension will be met with opposition. Be prepared to answer for your six week hiatus from discovery during March and April of 2018, your six recorded no shows, including the no show of your own noticed deposition in Ohio, as well as Mr. Rosman's no show and refusal to answer questions regarding the notice to Plaintiff in the matter of the timing of Defense Counsel's cancellation of Defendant Bisignano's May 23, 2018 deposition.

6.   I am uncertain in which depositions you have been sitting, but all the ones I have been in point to a clear conspiracy with regard to Mr. Barger's illegal termination. Mr. Barger said as much during his deposition. Furthermore, Defense Counsel's signed reply to the EEOC combined with Defendant's Answer to Plaintiff's Complaint is enough to justify Plaintiff's inclusion of all named defendants. It is interesting that you should mention Ms. Graesser, as the testimony thus far combined with multiple conspiratorial emails, MetLife's document production and the appearance of the Second Voycheske Declaration has given me reason to consider pleading former Defendant Graesser back into the case. I will let you know what I decide on that matter as soon as possible.  In the meantime, either Rule 11 me, or don't.

Very truly yours,

Shawn E. Shearer

THE LAW OFFICE OF SHAWN SHEARER, P.C.

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEVEN B. BARGER, an individual | **Case No. 1:17-cv-4869-FB-LB** |
| Plaintiff | **PLAINTIFF STEVEN BARGER'S ANSWERS AND OBJECTIONS TO DEFENDANT FIRST DATA CORPORATION'S FIRST SET OF INTERROGATORIES** |
| v. | |
| FIRST DATA CORPORATION, *et al.* | |
| Defendants. | |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the local Rules of this District, Plaintiff Steven B. Barger ("Barger," "Plaintiff" or "I"), by and through his undersigned attorneys, hereby answers the First Set of Interrogatories propounded by First Data Corporation ("First Data" or "you") as follows:

## GENERAL OBJECTIONS

The following general objections apply to the interrogatories as a whole and to each interrogatory contained therein and shall be deemed incorporated by reference into each and every objection made herein to a specific interrogatory:

1.     Plaintiff objects to the interrogatories to the extent they require or purport to require disclosure of information, materials, or documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity, statute, law, or rule. Any statement herein to the effect that Plaintiff will provide information in response to an interrogatory is limited to information that does not fall within the scope of any relevant privilege.

2.     Plaintiff objects to the interrogatories to the extent they seek information prepared in anticipation of litigation or for trial until and unless Plaintiff, by the requisite showing of need and cause, obtains an order requiring the disclosure of said information.

regarding his disability, and no response is necessary to this clear and deliberate mocking of Plaintiff.

Nevertheless, subject to the stated and general objections and without waiver, Plaintiff discussed his diagnosis and treatment at numerous points between February 2016 and September 6, 2016 with all of the named individual Defendants, Jeff Hack, members of Plaintiff's Training Group, and other employees he mentored and interacted with in the course of his employment. Plaintiff discussed his diagnoses and treatment with Defendant Bisignano and Defendant Bisignano recommended he receive a second opinion and arranged for Plaintiff's visit to Mr. Bisignano's physician in Tampa.

**INTERROGATORY NO. 17.**    Describe, in detail, your work history, including but not limited to each and every position (whether as an employee, independent contractor, self-employment, or otherwise) that you have held from 2000, through the present, including in your Answer with respect to each such position, the identity of the employer/business or entity/person for whom you performed services, your job title(s) and job functions, the date the employment commenced, the date employment terminated, the reason for termination, and the rate of pay at termination.

**Answer**:    Plaintiff objects that this interrogatory is overly broad, burdensome and oppressive to list all individuals with whom Plaintiff worked as a consultant over an 18-year period. Plaintiff's work involved training and teaching numerous individuals. Plaintiff further objects that Plaintiff's employment prior to First Data is not relevant to the claims or defenses in this case. Plaintiff further objects to this interrogatory as it is not reasonably likely to lead to admissible evidence. Subject to the stated and general objections and without waiver, Plaintiff suffered a heart attack in 2000, took some time off, and then took on a light schedule as a self-employed consultant through 2005. From 2005 through Plaintiff being hired by First Data, Plaintiff worked a full schedule as a self-employed consultant working for multiple companies simultaneously, including the following: UBS (Paul Santucci, Denis Drescher, John Decker, Jim Ducey), Merrill Lynch (Jon Lawrence), Massachusetts Financial Services (MFS) (Gary Polson), Morgan Stanley (Rich Franchella, Phil Shafer, Ned Dubilo, Frank Hill, Jim Tracey, Rich Hazzouri, Robin Connelly), Ameriprise (Scott Hirsch, Gary Nuccio), Core States (Bill Spiropoulos), FifthThird Bank (Dave Hinman), RBC (Rob Spawn), LPL (Robert Fragasso, Tif Joyce), Oppenheimer (Mar Ferro), Wells Fargo/FiNet (Ron Sallet). Plaintiff's rate was $3,000/day plus expenses. Plaintiff was then hired as a consultant to First Data and then became employed by First Data and stopped

consulting for other businesses.

**INTERROGATORY NO. 18.**     Itemize and describe in detail the damages you seek in this action (whether economic, non-economic, or other) against Defendant, including the nature and amount of damages for each cause of action in your Complaint, the legal and factual basis for each item of damages that you seek, the basis and method for computation of each item of damages, and all documents that refer to, relate to, and/or concern the subject matter of and your Answer to this Interrogatory.

**Answer**:     Plaintiff objects that this interrogatory is overly broad and burdensome to list in detail the legal and factual basis justifying all of the damages sought. Plaintiff further objects that expert discovery has not been conducted and Plaintiff is not in a position to determine the basis and methods for computation of each item of damages. Plaintiff further objects that damages are still occurring and a response to this interrogatory is impossible. Plaintiff further objects that not all damages have been discovered and cannot be listed as requested. Subject to the stated and general objections and without waiver, based on the facts as alleged in the Complaint and Supplemental Complaint, for violations of the FMLA, Plaintiff is seeking front-pay, back-pay, interest on back-pay, fees & costs, double damages as liquidated damages, and all other damages and remedies available under FMLA, and such other damages and equitable relief as entitled by law. Plaintiff's preliminary calculation of a portion of these damages as of February 28, 2018 was attached as Exhibit C to the Reply in Support of Plaintiff's Motion for Partial Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c).

**INTERROGATORY NO. 19.**     Itemize and describe in detail the damages you seek in this action (whether economic, non-economic, or other) against Defendant, including the nature and amount of damages for each cause of action in your Supplemental Complaint, the legal and factual basis for each item of damages that you seek, the basis and method for computation of each item of damages, and all documents that refer to, relate to, and/or concern the subject matter of and your Answer to this Interrogatory.

**Answer**:     Plaintiff objects that this interrogatory is overly broad and burdensome to list in detail the legal and factual basis justifying all of the damages sought. Plaintiff

## VERIFICATION

I, Steven B. Barger, hereby state, based on reasonable inquiry, that any facts contained in the foregoing Answer and Objections to First Data Corporation's First Set of Interrogatories are true and correct to the best of my knowledge, information and belief. I declare under penalty of perjury that the foregoing is true and correct.

Dated this 3rd day of April, 2018

_____
Steven B. Barger

# EXHIBIT D

Barger Steven B. 081018 Rough Draft

1

```
 1              ROUGH DRAFT/REALTIME OUTPUT
 2          This ROUGH DRAFT/Realtime file is an
 3  uncertified, unedited rough draft of the proceedings,
 4  and is not to be used in any way as a final transcript.
 5  The realtime rough draft may be used in place of or in
 6  addition to or only to enhance notes taken during the
 7  proceeding.  Anyone choosing to cross-examine or prepare
 8  a witness using a rough draft is doing so with full
 9  knowledge the rough draft is uncertified, and that they
10  are doing so at their own risk.
11          Realtime rough drafts are not to be shared,
12  copied, faxed or in any way distributed in any form
13  (written or electronic); however, your experts and
14  co-counsel and staff have limited internal use of same
15  with the understanding that all realtime rough draft
16  and/or computerized forms, if any, will be destroyed and
17  replaced with the final certified copy upon its
18  completion.  This is an unofficial transcript, which
19  should NOT be relied upon for purposes of verbatim
20  citation of testimony.
21          This transcript has not been checked,
22  proofread, or corrected.  Corrections will be made in
23  the preparation of the certified transcript, resulting
24  in differences in content, page and line numbers,
25  punctuation and formatting.
```

⚥

2

```
 1  Case:  BARGER v. FIRST DATA, ET AL
```

Barger Steven B. 081018 Rough Draft

20    A    Right.

21    Q    -- which says if it started in March, the

22   first month would be April 15th, that would be $30,000?

23    A    Right, right.

24    Q    Do you see that?  Correct?

25    A    I do.

23

1    Q    And then the next invoice is May 15th, 2014?

2    A    Got it.

3    Q    Right?  So that would be the second month of

4   the consulting arrangement, correct?

5    A    Yup.

6    Q    And then the third invoice is June 15th of

7   2014.  Do you see that?

8    A    Yeah.

9    Q    And that would be another $30,000?

10    A    Yup.

11    Q    Right.  And then there is the next invoice is

12   June 20th of 2,014.  Do you see that?

13    A    Yeah.

14    Q    And that corresponds with Bates numbers

15   FDC00052613.  Do you see that?

16    A    Yeah.

17    Q    How much is that invoice for?

18    A    50,000.

19    Q    And what is that for?

20    A    That would most likely an agreement with Joe

21   and I be for First Data's use of any of my proprietary

22   information that I had used during that time and would

Page 21

Barger Steven B. 081018 Rough Draft

23  use going forward and you should probably ask him about

24  that because that's what that's for.

25      Q    Well, it says final fee for business

                                                                    24

1   consulting services 2014?

2       A    Right.

3       Q    March through June.

4       A    Yeah.

5       Q    And this is your invoice?

6       A    Yeah.

7       Q    Right?  Where does it say on this invoice that

8   you are licensing your proprietary information to First

9   Data?

10      A    It doesn't.

11      Q    And what proprietary information do you have

12  that you were licensing to First Data?

13      A    It would simply be all the concepts that I've

14  used over the years.

15      Q    Are those trademarked?

16      MR. SHEARER:  Objection.  Go ahead.

17      Q    Do you have a trademark on your proprietary

18  materials?

19      A    Some are copyrighted.

20      Q    Okay.  And was there a licensing agreement

21  that you entered into with First Data?

22      A    No.  This was Joe's way of me getting paid for

23  that, that's it.  I told you my relationship with Joe

24  over 30 some years is to a point where we say, all

Barger Steven B. 081018 Rough Draft
25  right, here is how things need to be, fine, take care of

♀
25

1   it and it's over with.  That has continued for 30 years

2   because at the end of the day I would trust everything

3   that he was going to do and he would trust everything

4   that I was going to do, period.  So this got entered in

5   to cover that aspect of the business and that it may be

6   labeled the wrong way, but it was the intent behind it.

7        Q    Well, why -- why wasn't that included in the

8   $30,000 a month?

9        A    The 30,000 was my time only.

10       Q    Were you using your business concepts during

11  the period that you were doing consulting prior to --

12       A    Always have.

13       Q    So I have to ask, again, if you didn't charge

14  for it before, why are you charging for it now?

15       A    What do you mean if I didn't charge for it

16  before?

17       Q    You said that this $50,000 payment was

18  authorized by Joe Plumeri so that you would use your

19  proprietary materials at First Data, correct?

20       A    Right.

21       Q    But you were already using your proprietary

22  materials at First Data and that was included in the

23  $30,000 a month of time?

24            MR. SHEARER:  Objection.  You can answer.

25       A    No, it wasn't.

Page 23

Barger Steven B. 081018 Rough Draft

2  as a consultant, right?

3      A    Okay.  Very good.

4      Q    Well, do you agree with me?

5      A    Yeah.

6      Q    You've already testified today that, and I

7  think we've shown it as well from the complaint, that

8  you decided to join First Data because Joe Plumeri asked

9  you to in part, though, because of the compensation that

10  you would receive from First Data would replace the

11  lucrative consulting business that you had going on,

12  yes?

13            MR. SHEARER:  Objection.

14      A    Yeah.

15            (Deposition Exhibit 134, marked for

16  identification.)

17      Q    Mr. Barger, showing you what's marked as

18  Deposition Exhibit 134, which is a document produced by

19  you in this case, which is the -- your 2013 1040 for you

20  and Mrs. Barger which corresponds with SBB-001356 to

21  1363, and ask you if you recognize this?

22      A    I do.

23      Q    So can you explain to me, sir, how Deposition

24  Exhibit 134 equates with your testimony that prior to

25  joining First Data in 2014 you had a lucrative

                                                        41

1  consulting business for which the First Data

2  compensation would replace when in 2013 your adjusted

3  gross income was a negative $15,212?

4      A    I was -- all the income I made in my

Barger Steven B. 081018 Rough Draft

5 consulting company went into the Barger Group, didn't

6 come to me it was through my consulting company and my

7 son ran called the Barger Group.

8     Q   And that's an LLC, is it not?

9     A   Yeah.

10    Q   And don't you understand that an LLC is a

11 pass-through organization?

12         MR. SHEARER:  Objection.

13    A   I'm not sure what that means.

14    Q   Well, let me back this up a minute.

15         So did the Barger Group pay you money?

16    A   I ran all of my money through the Barger Group

17 and Grant got paid everything in the Barger Group, so...

18    Q   So what did you get paid?

19    A   I got monthly money.

20    Q   How much did you get?

21    A   I would have to go back and look.  I have no

22 idea.

23    Q   Well, I think the 2013 tax return will tell

24 us.  So let's go to the page that corresponds with

25 SBB-001358 and under part 1 is income.  Is it your

⚲

42

1 testimony that in 2013 the Barger Group only paid you

2 $16,210?

3    A   That's what it looks like.

4    Q   Is that the lucrative consulting --

5    A   Lucrative consulting would be what the Barger

6 Group earned that year.

Page 38

Barger Steven B. 081018 Rough Draft

 7    Q    Well, where did that money go?

 8    A    To my son.  He ran the Barger Group.  I just

 9  worked for him.

10    Q    And your son -- so you're charging $3,000 a

11  day to all these companies and your son only paid you

12  $16,210?

13    A    Yeah.  I had other money.  He got the rest of

14  it.

15    Q    What other money did you have?

16    A    I had money in savings.  I had money that I

17  lived off of.  Actually, I'm not sure how I decide to

18  live my life is germane to this case.  Why is how much I

19  make or how much I spend germane to this case?

20    Q    Well, I get to ask the questions, sir.  This

21  isn't my deposition; this is your deposition.

22         I'm asking you is it your testimony that for

23  this lucrative -- this lucrative consulting arrangement

24  that you entered in with First Data that started at

25  $30,000 a month that the year prior to that you only

                                                    43

 1  earned $16,210 in consulting fees?

 2    A    No.

 3    Q    You earned more than that?

 4    A    I did.

 5    Q    So your testimony is that all went to your

 6  son?

 7    A    It all went to the Barger Group, everything

 8  got paid to the Barger Group.

 9    Q    So if we subpoenaed the records of the Barger

                    Page 39

Barger Steven B. 081018 Rough Draft

10  Group, it would show you that the Barger Group only paid
11  you $16,210 in 2013?
12      A   Yeah.
13      Q   We're not done with that yet.
14          Turning to the page that is expenses for
15  business use of your home which corresponds with
16  SBB-001362.  Do you see that?
17      A   I do.
18      Q   And this is a -- this is where you took
19  expenses, personal expenses off your taxes?
20      A   Okay.
21      Q   This is your tax return, sir.  I'm asking you.
22      A   Apparently I did.
23      Q   Okay.  So even though everything ran through
24  the Barger group, you then in addition to whatever
25  expenses the Barger group had where all your money ran

44

1   through, you took deductions for personal expenses,
2   right?
3       A   Yeah.
4       Q   And included under that is you took a
5   deduction for $18,000 in rent in 2013.  Do you see that?
6   It would be line 18.
7       A   I do.
8       Q   And you calculated that somehow or your
9   accountant calculated that the value of your home office
10  for you earning $16,210 was $18,000 in rent?
11      A   Apparently he did a good job.

Barger Steven B. 081018 Rough Draft

♀

1  First Data.

2     Q    Okay.  On line 19 -- excuse me.  I apologize.

3  On line 18 you show rent of $22,900.

4     A    Okay.

5     Q    Do you see that?

6     A    Yeah.

7     Q    Can you explain to me why the amount that you

8  took as an expense for rent in 2014 jumped from $18,000

9  in 2013 to $22,900 in 2014 for only six months?

10    A    You would have to ask my accountant.  I don't

11 know.

12    Q    Okay.  But you recognize that by taking these

13 expenses it lowers the amount of taxable income that you

14 have to pay on the money that you receive from the

15 operations of a business, you understand that, right?

16    A    So you're saying I owe more taxes?

17    Q    No, sir.  I'm saying you understand that by

18 putting business expenses on your tax return you did so

19 to offset the income that you received from operating

20 the consulting business, you understand that's the

21 purpose of business expenses?

22    A    Yeah, sure.

23    Q    So you don't know why this jumped from $1,500

24 a month all the way up to 22,900 for six months?

25    A    Maybe the rent increased.  I don't know.

♀

Barger Steven B. 081018 Rough Draft

1    Q    The rent increased on the -- was this an
2  apartment that you were living in?
3    A    It was a house.
4    Q    Oh.  Did the rent increase do you know?
5    A    I don't know.  You would have to ask my
6  accountant.
7    Q    Okay.  Well, we just might do that.
8         Are you a gambler?
9    A    I have gambled, yeah.
10   Q    And you report your winnings and losses on
11  your taxes?
12   A    Of course.
13        (Deposition Exhibit 136, marked for
14  identification.)
15   Q    Showing you what's been marked as Deposition
16  Exhibit 136 which corresponds with SBB-001345 to 1355,
17  this is a document produced in this case and it's your
18  2012 1040.  Do you see that?
19   A    I do.
20   Q    And in 2012, which was the time period when
21  you were operating the lucrative consulting business,
22  your adjusted gross income was a negative $17,735,
23  right?
24   A    That's what my accountant says.
25   Q    And that year, if you go to Schedule C,

53

1  001348, the amount of money that you received in income,
2  which had to be as a consultant is what it says, was

Page 48

Barger Steven B. 081018 Rough Draft

3  $15,602, right?

4       A    That's what he says.

5       Q    That's what he says or that's what your tax
6  return said?

7       A    That's what his -- he put on my tax return and
8  I agreed to.

9       Q    Right you signed your taxes, right?

10      A    Yes, I did.

11           (Deposition Exhibit 137, marked for
12  identification.)

13      Q    Showing you what's been marked as Deposition
14  Exhibit 137, corresponding with SBB-001336 to 1344, I
15  represent that these were produced by you in this case
16  and this is your 2011 1040.  Do you see that?

17      A    I do.

18      Q    And this year for 2011 your AGI on line 37 of
19  page 1 was $35,202, right, Mr. Barger?

20      A    Yeah.

21      Q    And then on page 3 of this document, which is
22  your Schedule C profit or loss from a business, the
23  gross receipts that you had this year were $77,071.  Do
24  you see that?

25      A    Okay.  Yeah.

⚲

1       Q    Is there something that happened between 2011
2  where you received $77,000 in consulting fees to 2012
3  and 2013 where they dramatically decreased?

4       A    Other than the fact that I started working
5  with my son at the Barger Group.

Barger Steven B. 081018 Rough Draft

64

1    A    I'm sure they are, yeah.

2    Q    Did you report the MetLife checks for the two

3  that you received, one in the amount of $27,705 and the

4  other one in the amount of $13,852.50, did you report

5  them on your tax return?

6    A    I don't know.  You have to ask my accountant.

7    Q    And to this day you have not returned that

8  money to MetLife, correct?

9    A    Correct.

10    Q    Showing you what's been marked as Deposition

11  Exhibit what number is that 141?  Is that correct?  142,

12  I'm sorry.  142, I'm sorry.

13         MR. SHEARER:  I think we're on 143.

14    Q    I apologize.  I apologize.

15         Showing you what's been marked as Deposition

16  Exhibit 143, can you identify that, please?

17    A    Looks like a 1099 from a company called Oasis

18  Outsourcing.

19    Q    And what is Oasis Outsourcing?

20    A    They are an HR outsourcing company that does

21  HR services for companies who don't want to keep it

22  inhouse.  They act as a co-employer.

23    Q    Did you provide consulting services to Oasis

24  in 2017 after you left First Data?

25    A    I did.

♀

65

1    Q    And did you do that again through your son's

Barger Steven B. 081018 Rough Draft

12  him.

13       MR. SHEARER:  Objection on asking -- how he

14  made a decision for tax purposes in this case is

15  privileged information.

16       MR. EIDELMAN:  No.  He just said it was his

17  accountant.

18   Q    So I want to be clear about something, Mr.

19  Shearer.  You deducted fees that you paid to Mr. Shearer

20  on your tax return for your business in 2017 in the

21  amount of $36,500, right?

22   A    You're going to have to ask my accountant.

23   Q    Do you know what you -- do you know what you

24  otherwise would have spent $36,500 on in legal fees in

25  2017?

                                                        70

1    A    I have no idea.

2    Q    And you paid Mr. Shearer in 2017, correct?

3    A    I think that's privileged, isn't it?

4    Q    Well, it's on your tax return.  I'm entitled

5  to find out what your legal and professional services

6  for $36,500 were that you reported to the United States

7  government on your tax return in 2017.

8    A    You have to ask my accountant.

9    Q    Do you have any legal -- do you have any other

10  legal cases going on besides this one?

11   A    No.

12   Q    Have you paid any lawyers other than Mr.

13  Shearer --

                      Page 64

Barger Steven B. 081018 Rough Draft

19        (Recess 5:30 p.m. - 6:05 p.m.)

20        (Deposition Exhibit 171, marked for

21   identification.)

22   BY MR. EIDELMAN:

23        Q    We're back on the record.

24             I just wanted to do a housekeeping matter with

25   you, Mr. Barger.  Earlier today we had some testimony

224

1    about your tax returns and your 1040, et cetera.  Who is

2    your accountant?

3        A    A guy named Philip in Birmingham, Alabama.

4        Q    Is it Philip Morgan?

5        A    Yeah.

6        Q    Philip Morgan CPA?

7        A    Yeah.

8        Q    And Mr. Morgan is the person that I would need

9    to ask questions about about your tax returns?

10       A    Yeah.

11       Q    Do you have any objection to me taking

12   Mr. Morgan's deposition for purposes of inquiring about

13   your taxes?

14       A    That's fine with me.

15       Q    So if Mr. Morgan's name appears on any tax

16   returns, he's the person that I would ask questions to

17   is that right?

18       A    That's fine with me.

19       Q    And if his name isn't on any tax returns, who

20   would I ask those questions to?

# EXHIBIT B

# U.S. District Court
# Eastern District of New York (Brooklyn)
# CIVIL DOCKET FOR CASE #: 1:17-cv-04869-FB-LB

| | |
|---|---|
| Barger v. First Data Corporation et al | Date Filed: 08/18/2017 |
| Assigned to: Judge Frederic Block | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Lois Bloom | Nature of Suit: 751 Labor: Family and |
| Cause: 28:1331 Fed. Question | Medical Leave Act |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Steven B. Barger**                     represented by   **David A Zeitlin**
                                                          Zeitlin & Zeitlin, P.C.
                                                          50 Court Street, Suite 506
                                                          Brooklyn, NY 11201
                                                          718-596-6815
                                                          Fax: 718-522-5644
                                                          Email: davidzeitlin@gmail.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Shawn Shearer**
                                                          The Law Office of Shawn Shearer, P.C.
                                                          3839 Mckinney Avenue
                                                          #155-254
                                                          Dallas, TX 75204
                                                          214-434-1594
                                                          Fax: 214-434-1594
                                                          Email: shawn@shearerlaw.pro
                                                          *LEAD ATTORNEY*
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**First Data Corporation**               represented by   **Gary B. Eidelman**
                                                          Saul Ewing LLP
                                                          500 E Pratt Street
                                                          Baltimore, MD 21202
                                                          (410)332-8975
                                                          Fax: (410)332-8976
                                                          Email: gary.eidelman@saul.com
                                                          *PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Gillian Ashley Cooper**
Saul Ewing LLP
650 College Road East
Suite 4000
Princeton, NJ 08540
609-452-5021
Fax: 609-452-3103
Email: gcooper@saul.com
*ATTORNEY TO BE NOTICED*

**Lindsey Conrad Kennedy**
Saul Ewing Arnstein & Lehr LLP
One PPG Place, Suite 3010
Pittsburgh, PA 15222
412-209-2555
Fax: 412-209-2571
Email: lindsey.kennedy@saul.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Frank Bisignano**                     represented by   **Gary B. Eidelman**
                                                         (See above for address)
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Gillian Ashley Cooper**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Lindsey Conrad Kennedy**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Dan Charron**                         represented by   **Gary B. Eidelman**
                                                         (See above for address)
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Gillian Ashley Cooper**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Lindsey Conrad Kennedy**
                                                         (See above for address)

*ATTORNEY TO BE NOTICED*

**Defendant**

**Anthony Marino**          represented by  **Gary B. Eidelman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gillian Ashley Cooper**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsey Conrad Kennedy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Karen Whalen**          represented by  **Gary B. Eidelman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gillian Ashley Cooper**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsey Conrad Kennedy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lori Graesser**
*TERMINATED: 01/30/2018*     represented by  **Gary B. Eidelman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gillian Ashley Cooper**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rhonda Johnson**        represented by  **Gary B. Eidelman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gillian Ashley Cooper**

(See above for address)
*ATTORNEY TO BE NOTICED*


**Lindsey Conrad Kennedy**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/18/2017 | 1 | COMPLAINT against All Defendants Was the Disclosure Statement on Civil Cover Sheet completed -yes,, filed by Steven B. Barger. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibits) (Bowens, Priscilla) (Entered: 08/21/2017) |
| 08/18/2017 | | FILING FEE: $ 400, receipt number 4653118511 (Bowens, Priscilla) (Entered: 08/21/2017) |
| 08/18/2017 | 2 | Summons Issued as to All Defendants. (Bowens, Priscilla) (Entered: 08/21/2017) |
| 08/21/2017 | 3 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that *if* all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if all** parties wish to consent. The form may also be accessed at the following link: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences. Do NOT return or file the consent unless all parties have signed the consent.** (Bowens, Priscilla) (Entered: 08/21/2017) |
| 08/25/2017 | 4 | MOTION for Leave to Appear Pro Hac Vice *of Shawn Eric Shearer* Filing fee $ 150, receipt number 0207-9783113. by Steven B. Barger. (Attachments: # 1 Affidavit In Support of Pro Hac Vice, # 2 Exhibit AZ State Good Standing, # 3 Exhibit TX State Good Standing, # 4 Exhibit AZ Federal Good Standing, # 5 Exhibit NDTX Federal Good Standing) (Shearer, Shawn) (Entered: 08/25/2017) |
| 08/28/2017 | 5 | ORDER, granting 4 Notice of Motion to Admit Counsel *Pro Hac Vice.* The admitted attorney **Shawn E. Shearer**, as attorney *pro hac vice* is permitted to argue or try this case in whole or in part as counsel for Plaintiff **Steven B. Barger**. **SO ORDERED** by Magistrate Judge Lois Bloom, on 8/28/2017. (Latka-Mucha, Wieslawa) (Entered: 08/29/2017) |
| 08/31/2017 | 6 | NOTICE of Appearance by Gillian Ashley Cooper on behalf of Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen (aty to be noticed) (Cooper, Gillian) (Entered: 08/31/2017) |
| 08/31/2017 | 7 | MOTION for Leave to Appear Pro Hac Vice *for Gary B. Eidelman, Esq.* Filing fee $ 150, receipt number 0207-9796907. by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Affidavit of Gillian A. Cooper, Esq., # 2 Affidavit of Gary B. Eidelman, Esq., # 3 Proposed Order, # 4 Certificate of Service) (Cooper, Gillian) |

| | | (Entered: 08/31/2017) |
|---|---|---|
| 09/06/2017 | 8 | MOTION for pre motion conference *to Dismiss* by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Exhibit A) (Cooper, Gillian) (Entered: 09/06/2017) |
| 09/11/2017 | 9 | MOTION to Withdraw 7 MOTION for Leave to Appear Pro Hac Vice *for Gary B. Eidelman, Esq.* Filing fee $ 150, receipt number 0207-9796907. by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen. (Cooper, Gillian) (Entered: 09/11/2017) |
| 09/11/2017 | 10 | MOTION for Leave to Appear Pro Hac Vice *for Gary B. Eidelman, Esq.* Filing fee $ 150, receipt number 0207-9818811. by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Affidavit of Gary B. Eidelman, Esq., # 2 Exhibit A, # 3 Exhibit B, # 4 Certificate of Service) (Eidelman, Gary) (Entered: 09/11/2017) |
| 09/11/2017 | 11 | ENDORSED ORDER, granting Gary B. Eidelman, Esq.'s 7 Notice of Withdrawal of 9 Motion for Admission *Pro Hac Vice*, electronically filed on August 31, 2017. **SO ORDERED** by Magistrate Judge Lois Bloom, on 9/11/2017. (Latka-Mucha, Wieslawa) (Entered: 09/12/2017) |
| 09/11/2017 | 12 | ORDER, granting 10 Notice of Motion to Admit Counsel *Pro Hac Vice*. The admitted attorney **Gary B. Eidelman**, as attorney *pro hac vice* is permitted to argue or try this case in whole or in part as counsel for Defendants **First Data Corporation, Frank Bisignano, Dan Charron, Anthony Marino, Karen Whalen, Lori Graesser, and Rhonda Johnson**. **SO ORDERED** by Magistrate Judge Lois Bloom, on 9/11/2017. *(The attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case.)* (Latka-Mucha, Wieslawa) (Entered: 09/12/2017) |
| 09/12/2017 | 13 | NOTICE of Appearance by Gary B. Eidelman on behalf of Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen (notification declined or already on case) (Eidelman, Gary) (Entered: 09/12/2017) |
| 09/12/2017 | 14 | RESPONSE to Motion re 8 MOTION for pre motion conference *to Dismiss* filed by Steven B. Barger. (Shearer, Shawn) (Entered: 09/12/2017) |
| 09/20/2017 | 15 | ELECTRONIC ORDER: Defendant's letter application 8 dated 9/6/17 is GRANTED. A pre motion conference is scheduled for October 4, 2017 @ 11AM. There will be no formal notice mailed to counsel. Upon receipt of this email counsel shall confirm with each other the date and time of this conference. If this date presents a conflict counsel shall first obtain the consent from all the parties to adjourn this conference and then file a letter application. Ordered by Judge Frederic Block on 9/20/2017. (Innelli, Michael) (Entered: 09/20/2017) |
| 09/26/2017 | | SCHEDULING ORDER: The pre-motion conference scheduled for October 4, 2017 is being adjourned by the Court to October 12, 2017 @ 11AM due to a conflict with the Court's calendar. There will not be a formal notice mailed to counsel. Upon receipt of this email counsel shall confirm with each other the new date and time of this conference. Ordered by Judge Frederic Block on 9/26/2017. (Innelli, Michael) (Entered: |

| | | |
|---|---|---|
| | | 09/26/2017) |
| 09/27/2017 | 16 | Letter *to the Honorable Judge Frederic Block, U.S.D.J. dated 09/27/2017* by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen (Cooper, Gillian) (Entered: 09/27/2017) |
| 09/27/2017 | | SCHEDULING ORDER: Defendant's letter application 16 dated 9/27/17, with the consent of plaintiff's counsel is GRANTED. The pre-motion conference scheduled for October 12, 2017 is adjourned to October 20, 2017 at 11:00 A.M. There will be no formal notice mailed to counsel. Upon receipt of this email counsel shall confirm with each other the new date and time of this conference. Ordered by Judge Frederic Block on 9/27/2017. (Innelli, Michael) (Entered: 09/27/2017) |
| 10/20/2017 | | Minute Entry for proceedings held before Judge Frederic Block: Shawn Shearer, Esq. & David Zeitlin, Esq for the plaintiff and Gillian Cooper, Esq. & Gary Eidelman, Esq. for the defendants, all present. Pre-motion conference held on 10/20/2017. Defendants anticipated motion to dismiss or transfer to the SDNY were discussed. If the defendant pursue thei rmotion then by October 27, 2017 counsel shall ECF file a letter with their agreed upon briefing schedule. Counsel shall serve and ECF file their fully briefed motion according to J. Blocks motion rules.(Court Reporter: Not Reported) (Innelli, Michael) (Entered: 10/20/2017) |
| 10/27/2017 | 17 | Letter *to the Honorable Frederic Block, U.S.D.J. dated 10-27-2017* by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen (Eidelman, Gary) (Entered: 10/27/2017) |
| 10/30/2017 | | SCHEDULING ORDER: The Court shall hold an initial conference on November 28, 2017 at 10:30 a.m. in Courtroom 11A South of the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York. The parties shall exchange their Rule 26(a)(1) initial disclosures and file their Rule 26(f) Meeting Report with the Court by Noon on November 27, 2017. Parties are advised that they must contact each other before making any request for an adjournment to the Court. A request for an adjournment must be received in writing at least forty-eight (48) hours before the scheduled conference. Ordered by Magistrate Judge Lois Bloom on 10/30/2017. (Doody, Sara) (Entered: 10/30/2017) |
| 11/20/2017 | 18 | Corporate Disclosure Statement by First Data Corporation (Eidelman, Gary) (Entered: 11/20/2017) |
| 11/20/2017 | 19 | ANSWER to 1 Complaint by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen. (Eidelman, Gary) (Entered: 11/20/2017) |
| 11/22/2017 | 20 | REPORT of Rule 26(f) Planning Meeting (Eidelman, Gary) (Entered: 11/22/2017) |
| 11/28/2017 | | Minute Entry for proceedings held before Magistrate Judge Lois Bloom: Initial Conference held on 11/28/2017. (FTR Log #10:46-11:34.) (Smith, Roberta) (Entered: 11/28/2017) |
| 11/29/2017 | 21 | MOTION for Protective Order *Regarding Confidentiality of Discovery Material* by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen. (Eidelman, Gary) (Entered: 11/29/2017) |

| 11/29/2017 | 22 | MOTION for Discovery *Protocol Regarding Discovery of Electronically Stored Information* by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen. (Eidelman, Gary) (Entered: 11/29/2017) |
|---|---|---|
| 11/29/2017 | | SCHEDULING ORDER: The Court shall hold a telephone conference in this matter on November 30, 2017 at 2:00 p.m. After establishing contact with plaintiff's counsel, defendants' counsel shall telephone the Court at 718-613-2170. Ordered by Magistrate Judge Lois Bloom on 11/29/2017. (Smith, Roberta) (Entered: 11/29/2017) |
| 11/30/2017 | | Minute Entry for proceedings held before Magistrate Judge Lois Bloom: Telephone Conference held on 11/30/2017. (FTR Log #2:03-2:15.) (Smith, Roberta) (Entered: 11/30/2017) |
| 11/30/2017 | | SCHEDULING ORDER: The Court held the initial conference in this matter on November 28, 2017 and a follow-up telephone conference on November 30, 2017. The Court shall hold a settlement conference on January 18, 2018 at 11:00 a.m. in Courtroom 11A South. Plaintiff is directed to attend the conference with his counsel. Defendants' counsel shall have someone with full settlement authority preferably in court, but if that is not possible, available by telephone throughout the conference. Settlement conferences are most productive if the parties have made good faith efforts to settle the case prior to the conference. Accordingly, the parties shall engage in at least two substantive discussions regarding settlement before the settlement conference. The parties shall fax their confidential settlement statements setting forth the legal and factual basis for their settlement positions and their most recent best faith demands and offers to the Court at 718-613-2175 by January 11, 2018. Plaintiff is directed to resolve his pending EEOC charges by December 29, 2017 and to execute any releases that will be needed by December 29, 2017. Discovery is otherwise stayed until the January 18 settlement conference. Ordered by Magistrate Judge Lois Bloom on 11/30/2017. (Smith, Roberta) (Entered: 11/30/2017) |
| 11/30/2017 | 23 | STIPULATION AND ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL, granting 21 Motion for Protective Order. **Pursuant to the stipulation of the parties, it is SO ORDERED** by Magistrate Judge Lois Bloom, on 11/30/2017. (Latka-Mucha, Wieslawa) (Entered: 12/01/2017) |
| 11/30/2017 | 24 | STIPULATION AND ORDER / AGREED PROTOCOL REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION, granting 22 Motion for Discovery. **Pursuant to the agreement of the parties, it is SO ORDERED** by Magistrate Judge Lois Bloom, on 11/30/2017. (Latka-Mucha, Wieslawa) (Entered: 12/01/2017) |
| 12/08/2017 | 25 | Letter *to the Honorable Judge Frederic Block, U.S.D.J. dated December 8, 2017* by Steven B. Barger (Shearer, Shawn) (Entered: 12/08/2017) |
| 12/14/2017 | 26 | Letter *in Response to Pre-Motion Conference request re: Docket No. 25* by Frank Bisignano, Dan Charron, First Data Corporation, Anthony Marino (Eidelman, Gary) (Entered: 12/14/2017) |
| 12/28/2017 | 27 | SCHEDULING ORDER: Plaintiff's letter application 25 dated 12/8/17 is GRANTED. A pre motion conference is scheduled on January 26, 2018 @ 11AM. There will be no |

| | | |
|---|---|---|
| | | formal notice mailed to counsel. Upon receipt of this email counsel shall confirm with each other the date and time of this conference. If this date presents a conflict counsel shall first obtain the consent from all the parties to adjourn this conference and then file a letter application. Ordered by Judge Frederic Block on 12/28/17. (Innelli, Michael) (Entered: 12/28/2017) |
| 01/18/2018 | | Minute Entry for proceedings held before Magistrate Judge Lois Bloom: Settlement Conference held on 1/18/2018. (FTR Log #10:56-11:09; 3:33-3:49.) (Smith, Roberta) (Entered: 01/18/2018) |
| 01/18/2018 | | SCHEDULING ORDER: The Court held a settlement conference in this matter on January 18, 2018. The parties were unable to reach a settlement. Accordingly, the Court set the following schedule. As discussed on the record, any amended pleading shall be filed by February 12, 2018. Fed. R. Civ. P. 16(b)(3)(A). The parties shall complete all fact discovery by August 31, 2018. Expert discovery shall be completed by September 28, 2018. Upon the completion of discovery, any party who intends to file a motion for summary judgment shall write to Judge Block by October 12, 2018 to request a pre-motion conference in accordance with his individual rules. The Court shall hold a telephone conference in this matter on February 14, 2018 at 9:30 a.m. After establishing contact with plaintiff's counsel, defendants' counsel shall telephone the Court at 718-613-2170. The parties are strongly encouraged to continue discussing settlement. Ordered by Magistrate Judge Lois Bloom on 1/18/2018. (Smith, Roberta) (Entered: 01/18/2018) |
| 01/26/2018 | | Minute Entry for proceedings held before Judge Frederic Block: Shawn Shearer, Esq. & David Zeitlin, Esq. for the plaintiff and Gary Eidelman, Esq. & Gillian Cooper, Esq. for the defendants, all present. Pre-motion conference held on 1/26/2018. Plaintiffs anticipated motion for summary judgment was discussed. The parties have the option of either completing discovery and then renewing any applications to make a motion or by February 2, 2018 counsel shall ECF file a letter with their agreed upon briefing schedule. Counsel shall serve and ECF file their fully briefed motion according to J. Blocks motion rules.(Court Reporter: Not Reported) (Innelli, Michael) (Entered: 01/26/2018) |
| 01/30/2018 | 28 | STIPULATION of Dismissal *of Defendant Lori Graesser* by Steven B. Barger (Shearer, Shawn) (Entered: 01/30/2018) |
| 01/30/2018 | | ELECTRONIC Order Dismissing: Defendant Lori Graesser, only. See entry 28 . Ordered by Judge Frederic Block on 1/30/2018. (Innelli, Michael) (Entered: 01/30/2018) |
| 02/02/2018 | 29 | Letter *to the Honorable Judge Frederic Block, U.S.D.J. dated February 2, 2018 re: Rule 12(c) Motion Briefing Schedule* by Steven B. Barger (Shearer, Shawn) (Entered: 02/02/2018) |
| 02/06/2018 | 30 | Letter *Revised Rule 12(c) Motion Briefing Schedule* by Steven B. Barger (Shearer, Shawn) (Entered: 02/06/2018) |
| 02/07/2018 | | SCHEDULING ORDER: Plaintiff's letter 30 dated 2/6/18 over the objection of the defendant is GRANTED. By February 27, 2018 the parties shall serve and file their fully briefed motion to dismiss. Counsel shall serve and ECF file their fully briefed motion according to J. Blocks motion rules. Ordered by Judge Frederic Block on 2/7/2018. |

| | | |
|---|---|---|
| | | (Innelli, Michael) (Entered: 02/07/2018) |
| 02/12/2018 | 31 | MOTION for Leave to File *First Supplemental Complaint* by Steven B. Barger. (Shearer, Shawn) (Entered: 02/12/2018) |
| 02/12/2018 | 36 | Letter dtd. February 6, 2018 from counsel for pltff, Shawn E. Shearer to Gary and Gillian, counsels for deft, now enclosing a revised motion in compliance with Local Rule 11.1. (w/o encl.). (Layne, Monique) (Entered: 02/15/2018) |
| 02/13/2018 | 32 | Letter *to the Honorable Lois Bloom, U.S.M.J. dated 02/13/2018* by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen (Attachments: # 1 Exhibit 1) (Eidelman, Gary) (Entered: 02/13/2018) |
| 02/13/2018 | 33 | Letter *Status Conference and Motion for Leave to File Supplemental Complaint* by Steven B. Barger (Shearer, Shawn) (Entered: 02/13/2018) |
| 02/14/2018 | 34 | Supplemental COMPLAINT , filed by Steven B. Barger. (Shearer, Shawn) (Entered: 02/14/2018) |
| 02/14/2018 | 35 | Supplemental COMPLAINT *Exhibit A -Right to Sue Letter*, filed by Steven B. Barger. (Attachments: # 1 Exhibit Right to Sue Letter) (Shearer, Shawn) (Entered: 02/14/2018) |
| 02/14/2018 | | Minute Entry for proceedings held before Magistrate Judge Lois Bloom: Telephone Conference held on 2/14/2018. (FTR Log #9:31-9:50.) (Smith, Roberta) (Entered: 02/14/2018) |
| 02/14/2018 | | ORDER: The Court held a telephone conference in this matter on February 14, 2018. As discussed on the record, plaintiff's motion for leave to file a Supplemental Complaint (ECF No. 31) is granted and plaintiff shall file his "Supplemental Complaint" today. Defendants shall respond to the Supplemental Complaint by March 7, 2018. All other deadlines remain in place and the parties shall file their fully briefed motion by February 27, 2018, in accordance with Judge Block's motion rules, as previously scheduled. Ordered by Magistrate Judge Lois Bloom on 2/14/2018. (Smith, Roberta) (Entered: 02/14/2018) |
| 02/27/2018 | 37 | Fully Briefed MOTION for Judgment on the Pleadings by Steven B. Barger. (Attachments: # 1 Memorandum in Opposition w/ Exhibits, # 2 Memorandum in Support w/ Exhibits) (Shearer, Shawn) (Entered: 02/27/2018) |
| 03/06/2018 | 38 | MOTION for Protective Order by Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Proposed Order Proposed Order) (Eidelman, Gary) (Entered: 03/06/2018) |
| 03/06/2018 | 39 | REPLY in Opposition re 38 MOTION for Protective Order *Opposition* filed by Steven B. Barger. (Shearer, Shawn) (Entered: 03/06/2018) |
| 03/07/2018 | | ORDER granting 38 Motion for Protective Order: The Court has considered plaintiff and defendants' letters dated March 6, 2018 (ECF Nos. 38, 39). Defendants' motion for a protective order is granted. Plaintiff shall not serve a subpoena on the daycare center used by First Data employee Jennifer Voycheske to care for her child. Plaintiff may depose Ms. Voycheske, a Manager of Human Resources Operations for First Data, on March 14, 2018 and inquire about the information he seeks. However, this subpoena is |

| | | |
|---|---|---|
| | | over the line and an inappropriate use of Fed. R. Civ. P. 45. The Court does not condone such an unnecessary and invasive tactic. Ordered by Magistrate Judge Lois Bloom on 3/7/2018. (Smith, Roberta) (Entered: 03/07/2018) |
| 03/07/2018 | 40 | ANSWER to 34 Supplemental Complaint by First Data Corporation. (Eidelman, Gary) (Entered: 03/07/2018) |
| 03/07/2018 | 41 | MOTION for Discovery *Motion for Clarification of Protective Order* by Steven B. Barger. (Shearer, Shawn) (Entered: 03/07/2018) |
| 03/12/2018 | | ORDER: As there is no basis for plaintiff's motion under Fed. R. Civ. P. 60, plaintiff's motion (ECF No. 41) is denied. See Meilleur v. Strong, 682 F.3d 56, 64 (2d Cir. 2012) (reviewing denial of 60(b) motion for abuse of discretion and identifying none); Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("standard for granting such a motion is strict, and reconsideration will generally be denied"). Ordered by Magistrate Judge Lois Bloom on 3/12/2018. (Smith, Roberta) (Entered: 03/12/2018) |
| 04/27/2018 | 42 | NOTICE of Appearance by Lindsey Conrad Kennedy on behalf of Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen (aty to be noticed) (Kennedy, Lindsey) (Entered: 04/27/2018) |
| 05/10/2018 | 43 | MOTION for Protective Order by First Data Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6) (Eidelman, Gary) (Entered: 05/10/2018) |
| 05/11/2018 | 44 | RESPONSE to Motion re 43 MOTION for Protective Order filed by Steven B. Barger. (Attachments: # 1 Exhibit 05/10/18 Letter to Defense Counsel, # 2 Exhibit Discovery e-mails & Out of Office Notices) (Shearer, Shawn) (Entered: 05/11/2018) |
| 05/11/2018 | | ORDER: By letter dated May 10, 2018 (ECF No. 43), Defendant First Data seeks a protective order regarding topics designated in plaintiff's Revised 30(b)(6) Notice. Defendant also requests oral argument. Plaintiff has filed his response. (ECF No. 44.) This is the second time the parties have been unable to resolve a discovery dispute and defendant has had to seek a protective order. The parties are hereby directed to meet and confer to attempt to resolve this and any other issue themselves. The Court does not want to be put into the position of repeating itself that a party is being unreasonable. Be that as it may, the Court shall hold a telephone conference on May 18, 2018 at 10:30 a.m. to address this matter. After establishing contact with plaintiff's counsel, defendant's counsel shall telephone the Court at (718) 613-2170. Parties are advised that they must contact each other before making any request for an adjournment to the Court. A request for an adjournment must be received in writing at least forty-eight (48) hours before the scheduled conference. If the parties notify the Court by May 15 that they have resolved this matter, the Court shall cancel the May 18 telephone conference. The parties are reminded that, pursuant to my individual rules, if a party's submission exceeds 25 pages, courtesy copies shall be delivered to chambers within 24-hours of electronic filing. Ordered by Magistrate Judge Lois Bloom on 5/11/2018. (Smith, Roberta) (Entered: 05/11/2018) |
| 05/14/2018 | 45 | MOTION to Adjourn Conference */Hearing Scheduled for May 18, 2018* by Steven B. Barger. (Shearer, Shawn) (Entered: 05/14/2018) |

| 05/14/2018 | | ORDER: By letter dated May 14, 2018 (ECF No. 45), plaintiff's counsel writes seeking to cancel the May 18, 2018 telephone conference because the Notice of 30(b)(6) Deposition of First Data scheduled for June 13, 2018 has been withdrawn. This request is granted. The Court cancels the May 18, 2018 telephone conference and Defendant First Data's motion for a protective order (ECF No. 43) is denied as moot. Ordered by Magistrate Judge Lois Bloom on 5/14/2018. (Smith, Roberta) (Entered: 05/14/2018) |
|---|---|---|
| 06/11/2018 | 46 | MOTION to Compel *30(b)(6) Designation and Depositions* by Steven B. Barger. (Attachments: # 1 Exhibit Rule 30(b)(6) Notice, # 2 Exhibit Notice of Deposition (Voycheske)) (Shearer, Shawn) (Entered: 06/11/2018) |
| 06/11/2018 | 47 | MEMORANDUM in Opposition re 46 MOTION to Compel *30(b)(6) Designation and Depositions* filed by First Data Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Kennedy, Lindsey) (Entered: 06/11/2018) |
| 06/11/2018 | 48 | Amended MOTION to Compel *30(b)(6) Designation and Depositions* by Steven B. Barger. (Attachments: # 1 Exhibit 30(b)(6) Notice, # 2 Exhibit Notice of Deposition (Voycheske)) (Shearer, Shawn) (Entered: 06/11/2018) |
| 06/11/2018 | 49 | Amended MOTION to Amend/Correct/Supplement 46 MOTION to Compel *30(b)(6) Designation and Depositions [See ECF No. 48]* by Steven B. Barger. (Shearer, Shawn) (Entered: 06/11/2018) |
| 06/12/2018 | 50 | REPLY in Support re 46 MOTION to Compel *30(b)(6) Designation and Depositions*, 48 Amended MOTION to Compel *30(b)(6) Designation and Depositions*, 49 Amended MOTION to Amend/Correct/Supplement 46 MOTION to Compel *30(b)(6) Designation and Depositions [See ECF No. 48]* filed by Steven B. Barger. (Attachments: # 1 Exhibit Calendar of Discovery Delays, # 2 Exhibit May 22 E-mail Re; June 7th and 8th Dates, # 3 Exhibit May 22 Letter Service 30(b)(6) Notice) (Shearer, Shawn) (Entered: 06/12/2018) |
| 06/12/2018 | | ORDER: By letter dated June 11, 2018 (ECF Nos. 46, 48, 49), plaintiff moves to compel 30(b)(6) depositions. Defendant First Data has opposed (ECF No. 47) and plaintiff has replied (ECF No. 50). The Court shall hold a telephone conference this afternoon, June 12, 2018, at 3:30 p.m. to address this matter. After establishing contact with defendants' counsel, plaintiff's counsel shall telephone the Court at (718) 613-2170. Ordered by Magistrate Judge Lois Bloom on 6/12/2018. (Smith, Roberta) (Entered: 06/12/2018) |
| 06/12/2018 | | Minute Entry for proceedings held before Magistrate Judge Lois Bloom: Telephone Conference held on 6/12/2018. (FTR Log #3:39-4:19.) (Smith, Roberta) (Entered: 06/12/2018) |
| 06/12/2018 | | ORDER: The Court held a telephone conference in this matter on June 12, 2018. As discussed on the record, the Court denied plaintiff's motion to compel (ECF Nos. 46, 48, 49). The Court also denied plaintiff's request for sanctions. The Court directs the parties to meet and confer to resolve their scheduling issues. Ordered by Magistrate Judge Lois Bloom on 6/12/2018. (Smith, Roberta) (Entered: 06/12/2018) |
| 07/16/2018 | 51 | AFFIDAVIT/DECLARATION in Opposition re 37 Fully Briefed MOTION for Judgment on the Pleadings - *Supplemental Declaration of Jennifer Voycheske* filed by Frank Bisignano, Dan Charron, First Data Corporation, Anthony Marino. (Attachments: |

| | | |
|---|---|---|
| | | # 1 Exhibit 6, # 2 Exhibit 7) (Kennedy, Lindsey) (Entered: 07/16/2018) |
| 07/23/2018 | 52 | Letter *re: Request for Pre-Motion Conference* by Steven B. Barger (Shearer, Shawn) (Entered: 07/23/2018) |
| 07/23/2018 | 53 | MEMORANDUM and ORDER: Bargers motion 37 is denied. Defendants move pursuant to Federal Rule of Civil Procedure 11 for a hearing as to why they should not be awarded attorneys fees and costs on the basis that Bargers motion was filed for an improper purpose. The Court denies this motion for now but cautions Barger to consider the merits of any future motion before filing. See Memorandum and Order for details. Ordered by Judge Frederic Block on 7/23/2018. (Innelli, Michael) (Entered: 07/23/2018) |
| 07/23/2018 | | ELECTRONIC ORDER: Plaintiff's letter application 52 requesting a pre-motion conference is DENIED as moot, based upon the Court's Memorandum and Order 53 dated July 23, 2018. See Memorandum and Order for details. Ordered by Judge Frederic Block on 7/23/2018. (Innelli, Michael) (Entered: 07/23/2018) |
| 08/15/2018 | 54 | MOTION for Extension of Time to Complete Discovery by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Eidelman, Gary) (Entered: 08/15/2018) |
| 08/17/2018 | | ORDER granting 54 Motion for Extension of Time to Complete Discovery: Defendants write to request an extension of time to complete fact discovery. ECF No. 54. This is the first request for an extension of time to complete discovery; however, plaintiff does not consent. Nevertheless, as the requested extension will not affect any other deadlines set by the Court, I find defendants' request reasonable. The request is granted. The parties shall complete all fact and expert discovery by September 28, 2018. As a reminder, upon the completion of discovery, any party who intends to file a motion for summary judgment shall write to Judge Block by October 12, 2018, to request a pre-motion conference in accordance with his individual rules. Ordered by Magistrate Judge Lois Bloom on 8/17/2018. (Doody, Sara) (Entered: 08/17/2018) |
| 08/22/2018 | 55 | Second MOTION to Compel *30(b)(6) Designation and Deposition* by Steven B. Barger. (Attachments: # 1 Exhibit May 2018 30(b)(6) Notice of Deposition, # 2 Exhibit Failure to Appear Transcript, # 3 Exhibit July 2018 30(b)(6) Notice of Deposition, # 4 Exhibit Communications re: 30(b)(6) Depositions, # 5 Exhibit Defense Discovery Delays, # 6 Exhibit Supplemental Interrogatory Answer) (Shearer, Shawn) (Entered: 08/22/2018) |
| 08/22/2018 | 56 | MOTION to Compel *Deposition of Jackson* by Steven B. Barger. (Attachments: # 1 Exhibit Notice of Deposition on July 3, 2018, # 2 Exhibit Transcript of Failure to Appear, # 3 Exhibit Defendant Charron Deposition Transcript, # 4 Exhibit Defendant Bisignano Deposition Transcripts, # 5 Exhibit King Deposition and Press Release, # 6 Exhibit Defendant's Objection to RFP, # 7 Exhibit Defendant's Objection to Interrogatory) (Shearer, Shawn) (Entered: 08/22/2018) |
| 08/24/2018 | 57 | MEMORANDUM in Opposition re 56 MOTION to Compel *Deposition of Jackson* filed by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F) (Eidelman, Gary) (Entered: 08/24/2018) |

| 08/24/2018 | 58 | MEMORANDUM in Opposition re 55 Second MOTION to Compel *30(b)(6) Designation and Deposition* filed by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H) (Eidelman, Gary) (Entered: 08/24/2018) |
| --- | --- | --- |
| 08/27/2018 | | SCHEDULING ORDER: By letters dated August 22, 2018 (ECF Nos. 55, 56), plaintiff's counsel moves to compel. Defendants have responded. (ECF Nos. 57, 58.) The Court shall hold a status conference on September 4, 2018 at 2:00 p.m. in Courtroom 11A South of the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York. Parties are advised that they must contact each other before making any request for an adjournment to the Court. A request for an adjournment must be received in writing at least forty-eight (48) hours before the scheduled conference. Ordered by Magistrate Judge Lois Bloom on 8/27/2018. (Smith, Roberta) (Entered: 08/27/2018) |
| 08/29/2018 | 59 | MOTION to Compel *Production of Documents* by Steven B. Barger. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H) (Shearer, Shawn) (Entered: 08/29/2018) |
| 08/31/2018 | 60 | MOTION to Compel *Admissions re Jackson* by Steven B. Barger. (Shearer, Shawn) (Entered: 08/31/2018) |
| 09/04/2018 | 61 | MEMORANDUM in Opposition re 60 MOTION to Compel *Admissions re Jackson*, 59 MOTION to Compel *Production of Documents* filed by Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Eidelman, Gary) (Entered: 09/04/2018) |
| 09/04/2018 | | Minute Entry for proceedings held before Magistrate Judge Lois Bloom: Discovery Conference held on 9/4/2018. (FTR Log #2:10-3:21.) (Smith, Roberta) (Entered: 09/04/2018) |
| 09/04/2018 | | ORDER: The Court held a discovery conference in this matter on September 4, 2018. As discussed on the record, plaintiff's motion to compel admissions regarding E.J. Jackson (ECF No. 60) is granted. Plaintiff's remaining motions to compel (ECF Nos. 55, 56, 59) are denied. The parties shall complete all fact and expert discovery by September 28, 2018. Upon the completion of discovery, any party who intends to file a motion for summary judgment shall write to Judge Block by October 12, 2018 to request a pre-motion conference in accordance with his individual rules. Ordered by Magistrate Judge Lois Bloom on 9/4/2018. (Smith, Roberta) (Entered: 09/04/2018) |
| 09/11/2018 | 62 | TRANSCRIPT of Proceedings held on September 4, 2018, before Judge Bloom. Court Reporter/Transcriber Fiore Reporting and Transcription Service, Inc., Telephone number 203-929-9992. Email address: cmfiore@sbcglobal.net. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 10/2/2018. Redacted Transcript Deadline set for 10/12/2018. Release of Transcript Restriction set for 12/10/2018. (Hong, Loan) (Entered: 09/11/2018) |

| 09/12/2018 | 63 | MOTION for Protective Order *Regarding Stipulation of Confidentiality of Non-Party Discovery Material* by Steven B. Barger. (Shearer, Shawn) (Entered: 09/12/2018) |
| --- | --- | --- |
| 09/13/2018 | 64 | MOTION for Discovery *Rule 72(a) Objection to Denial of Motion to Compel 30(b)(6) Designations and Depositions [ECF No. 55]* by Steven B. Barger. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H, # 9 Exhibit Exhibit I, # 10 Exhibit Exhibit J, # 11 Exhibit Exhibit K, # 12 Exhibit Exhibit L) (Shearer, Shawn) (Entered: 09/13/2018) |
| 09/13/2018 | 65 | STIPULATION AND ORDER REGARDING THE EFFECT OF THE STIPULATED CONFIDENTIALITY OFDISCOVERY MATERIAL ORDER ON NON-PARTY DISCOVERY, granting parties' 63 Motion. **SO ORDERED** by Magistrate Judge Lois Bloom, on 9/13/2018. *(See document for details.)* (Latka-Mucha, Wieslawa) (Entered: 09/14/2018) |
| 09/14/2018 | 66 | MOTION to Expedite *Plaintiff's 72(a) Objection [ECF 64]* by Steven B. Barger. (Attachments: # 1 Proposed Order) (Shearer, Shawn) (Entered: 09/14/2018) |
| 09/17/2018 | 67 | Letter *from Gary B. Eidelman, Esq. to the Honorable Lois Bloom, U.S.M.J. dated 09-17-2018* by Frank Bisignano, Dan Charron, First Data Corporation, Lori Graesser, Rhonda Johnson, Anthony Marino, Karen Whalen (Eidelman, Gary) (Entered: 09/17/2018) |
| 09/17/2018 | 68 | RESPONSE in Opposition re 66 MOTION to Expedite *Plaintiff's 72(a) Objection [ECF 64]* filed by Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Eidelman, Gary) (Entered: 09/17/2018) |
| 09/18/2018 | 69 | REPLY in Support re 66 MOTION to Expedite *Plaintiff's 72(a) Objection [ECF 64]*, 68 Response in Opposition to Motion filed by Steven B. Barger. (Attachments: # 1 Exhibit A) (Shearer, Shawn) (Entered: 09/18/2018) |
| 09/18/2018 | | ELECTRONIC ORDER: The Court denies Steven B. Bargers (Plaintiff) Motion 66 to Expedite/Shorten Time for the completion of briefing and hearing on Plaintiffs Rule 72(a) Objection to Order Re: Denial of Motion to Rule Compel 30(b)(6) Designations and Depositions. If the Court ultimately sustains Plaintiffs Rule 72(a) objection, it will also allow for additional time during which the parties can complete discovery. Ordered by Judge Frederic Block on 9/18/2018. (Innelli, Michael) (Entered: 09/18/2018) |
| 09/18/2018 | | ORDER: Defendants write to request an extension of the discovery deadline in this matter for the limited purpose of completing non-party depositions. (ECF No. 67.) In light of the motions regarding the non-party discovery now pending in other jurisdictions, the request is granted. The Court stays the September 28, 2018 discovery deadline which was set for the limited purpose of completing the non-party depositions. As previously scheduled, any party who intends to file a motion for summary judgment shall write to Judge Block by October 12, 2018, to request a pre-motion conference in accordance with his individual rules. The parties shall also file a letter by October 12, 2018 regarding the status of the non-party depositions. Ordered by Magistrate Judge Lois Bloom on 9/18/2018. (Smith, Roberta) (Entered: 09/18/2018) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/24/2018 09:33:44 | | | |
| **PACER Login:** | se1264:2832696:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:17-cv-04869-FB-LB |
| **Billable Pages:** | 12 | **Cost:** | 1.20 |

# EXHIBIT C

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| Steven B. Barger | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:17-cv-04869-FB-LB |
| First Data Corporation, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                              Phillip D. Morgan

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Starnes Davis Florie LLC, 100 Brookwood Place 7th Floor, P.O. Box 598512 Birmingham, AL 35259 | Date and Time: 09/17/2018 10:00 am |
|---|---|

The deposition will be recorded by this method:   stenographer

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      08/27/2018

| CLERK OF COURT | |
| | OR |
| _____ | /s/ Gary B. Eidelman |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendants
First Data Corporation                                                        , who issues or requests this subpoena, are:

Gary Eidelman, Saul Ewing Arnstein & Lehr LLP, 500 E. Pratt St. Ste. 900, Baltimore, MD 21202, 410-332-8975

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:17-cv-04869-FB-LB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
  **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**

  **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
  **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
  **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
  **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

STEVEN B. BARGER, an individual,

       Plaintiff,

v.                                                    Civil Case No.: 1:17-cv-04869-FB-LB

FIRST DATA CORPORATION, et al.,

       Defendants.

## EXHIBIT A TO SUBPOENA PHILLIP MORGAN & COMPANY, PC

1.     Your file on Steven B. Barger and Marilyn Barger.

2.     Your file on Barger Group LLC.

3.     Your file on Barger Consulting Group.

4.     All federal and state tax returns prepared for Steven B. Barger and Marilyn Barger, for the tax years 2010-2017.

5.     All work papers, supporting documents and ESI, and questionnaires in your possession, custody and control concerning the preparation and filing of federal and state tax returns for Steven B. Barger and Marilyn Barger, for the tax years 2010-2017.

6.     Documents and ESI that reconcile profits and losses for purposes of Schedule C for the tax years 2010-2017 Steven B. Barger and Marilyn Barger.

7.     All communications and ESI with Steven B. Barger and Marilyn Barger concerning their federal and state taxes for the tax years 2010-2017.

8.     Documents and ESI supporting rent, utilities, vehicles, and any and all other expenses for purposes of business deductions for Steven B. Barger and Marilyn Barger for tax years 2010-2017.

9.     All federal and state tax returns prepared for Barger Group LLC for the tax years 2010-2017.

10.    All work papers, supporting documents, ESI, and questionnaires in your possession, custody and control concerning the preparation and filing of federal and state tax returns for Barger Group LLC for the tax years 2010-2017.

11.     Documents and ESI that reconcile profits and losses for purposes of Schedule C for the tax years 2010-2017 for Barger Group LLC.

12.     All communications and ESI with Barger Group LLC concerning its federal and state taxes for the tax years 2010-2017.

13.     All tax returns prepared for Barger Consulting Group for the tax years 2010-2017.

14.     All work papers, supporting documents, ESI, and questionnaires in your possession, custody or control concerning the preparation and filing of tax returns for Barger Consulting Group for the tax years 2010-2017.

15.     Documents and ESI that reconcile profits and losses for purposes of Schedule C for the tax years 2010-2017 Barger Consulting Group.

16.     All communications and ESI with Barger Consulting Group concerning its federal and state taxes for the tax years 2010-2017.

17.     All communications and ESI that you have had with Steven B. Barger since August 10, 2018 concerning *Barger v. First Data Corporation et al*, United States District Court for the Eastern District of New York, Civil Action No. EDNY: 1:17-cv-04869-FB-LB.

18.     All communications and ESI that you have had with Shawn Shearer, Brenda Barger, or the Law Offices of Shawn Shearer since August 10, 2018 concerning *Barger v. First Data Corporation et al*, United States District Court for the Eastern District of New York, Civil Action No. EDNY: 1:17-cv-04869-FB-LB.

19.     All communications and ESI that you have had with Grant Barger since August 10, 2018 concerning *Barger v. First Data Corporation et al*, United States District Court for the Eastern District of New York, Civil Action No. EDNY: 1:17-cv-04869-FB-LB.

20.     Documents and ESI concerning Steven B. Barger's and Marilyn Barger's bank accounts between 2010 – 2017.

21.     Documents and ESI concerning Barger Group LLC's bank accounts between 2010 – 2017.

22.     Documents and ESI concerning Barger Consulting Group's bank accounts between 2010 -2017.

23.      All IRS Forms 1099, including Form 1099-B, issued to Steven B. Barger for tax years 2010-2017.

24.     All documents and ESI concerning corporate or partnership tax returns in which Steven B. Barger has an ownership interest.

25.     All documents and ESI concerning consulting contracts between Barger Group LLC and entities or individuals for which it provided consulting services from 2010-2017.

26.     All documents and ESI concerning invoices sent by Barger Group LLC to entities or individuals for which it provided consulting services for tax years 2010-2017.

27.     Financial statements, including footnotes, concerning Barger Group LLC for tax years 2010-2017.

28.     Documents and ESI concerning the billing rates and billable hours per year of Steven B. Barger for Barger Group LLC for tax years 2010-2017.

29.     Documents and ESI concerning retainer fees and how they are determined for contracts between Barger Group LLC and its clients for tax years 2010-2017.

30.     Documents and ESI concerning the process through which consulting fees are earned and billed at Barger Group LLC for tax years 2010-2017.

31.     Documents and ESI concerning consulting services provided by Barger Group LLC for tax years 2010-2017 for which there is no documented consulting agreement.

32.     Documents and ESI concerning and providing support for any and all travel, meals, entertainment, and other expenses incurred by Steven B. Barger in connection with consulting services provided by Barger Group LLC for tax years 2010-2017.

33.     All documents and ESI concerning consulting contracts between Barger Consulting Group and entities or individuals for which it provided consulting services from 2010-2017.

34.     All documents and ESI concerning invoices sent by Barger Consulting Group to entities or individuals for which it provided consulting services for tax years 2010-2017.

35.     Financial statements, including footnotes, concerning Barger Consulting Group for tax years 2010-2017.

36.     Documents and ESI concerning the billing rates and billable hours per year of Steven B. Barger for Barger Consulting Group for tax years 2010-2017.

37.     Documents and ESI concerning retainer fees and how they are determined for contracts between Barger Consulting Group and its clients for tax years 2010-2017.

38.     Documents and ESI concerning the process through which consulting fees are earned and billed at Barger Consulting Group for tax years 2010-2017.

39.     Documents and ESI concerning consulting services provided by Barger Consulting Group for tax years 2010-2017 for which there is no documented consulting agreement.

40.     Documents and ESI concerning and providing support for any and all travel, meals, entertainment, and other expenses incurred by Steven B. Barger in connection with consulting services provided by Barger Consulting Group for tax years 2010-2017.

For purposes of the Subpoena to Phillip Morgan & Company, PC and Attachment A to the Subpoena to Phillip Morgan & Company, PC, the following to instructions and definitions apply:

1.     "Document" means any papers, writings, or records of any type or source of authorship in your possession, custody, or control; or of which you have knowledge, wherever located, however produced or reproduced, or whether a draft, original, or copy.  By way of illustration and not limitation, the term "document" shall include memoranda of telephone conversations, summaries, diaries, or other records of personal conversations or interviews; and minutes, summaries, diaries, or other records of personal conversations or interviews; and minutes, summaries, or other records of any meetings, discussions, or conferences, as well as other notes, reports, records of any meetings, discussions or conferences, as well other notes, reports, records, data, memoranda, correspondence, notebooks, scrapbooks, diaries, minutes summaries, financial statements, ledgers, magnetic tape, or other sound recordings, telegrams, telecopies, facsimiles, telecopy and facsimile logs, electronic mail, letters, photographs, drawings, plans, studies, manuals, instructions, bids, specifications, graphs, sketches, blueprints, charts, curves, motion picture film, microfilm, computer records of any kind, photographs, photographic negatives, photocopies, photostats, descriptions, purchase orders, agreements, contracts, invoices, bills of lading, published or unpublished speeches, manuscripts or articles, transcripts, affidavits, depositions, printed matter, publications and any other retrievable intelligence, however recorded, memorialized or preserved.  Any original, draft or copy containing or having attached thereto any alterations, notes, comments or other material not included in each other original, draft or copy shall be deemed a separate document within the foregoing definitions.  "Document" includes all Electronically Stored Information

2.     "ESI" means electronically stored information and includes, but is not limited to, e-mails and attachments, voice mail, instant messaging, and other electronic communications, word processing documents, text files, hard drives, spreadsheets, graphics, audio and video files, databases, calendars, telephone logs, transaction logs, Internet usage files, offline storage or information stored on removable media (such as external hard drives, hard disks, floppy disks, memory sticks, flash drives, and backup tapes), information contained on laptops or other portable devices, and network access information and backup materials, TIF files, PDF files, Native Files and the corresponding Metadata which is ordinarily maintained.

3.     The term "concerning" means relating to, referring to, describing, evidencing, comprising, setting forth, showing, supporting, disclosing, explaining, summarizing, memorializing or constituting, whether directly or indirectly.

4.      The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.  "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or."  Words in the masculine, feminine or neuter form shall include each of the other genders.

5.      The term "including" means including but not limited to.

6.      "Barger" refers to Steven D. Barger as well as his agents, servants, attorneys, representatives, or any other persons acting or purporting to act on his behalf.

7.      "Law Offices of Shawn Shearer" refers to the Law Offices of Shawn Shearer as well as its agents, employees, directors, investigators, attorneys, representatives or any other persons acting or purporting to act on its behalf.

# Priority+ Legal Services, Inc.

**PO Box 540, Reisterstown, Maryland 21136**
**(443) 277-6180 Fax (410) 558-6565**

### Affidavit - Return of Private Process

**U. S. District Court Eastern District of New York**

**Case #**  1:17-cv-4869

**Case**     Steven B. Barger

        vs.

        **First Data Corporation**

The undersigned certifies to be a competent person over 18 years old and is not a party to the aforesaid action.

That on  8/28/2018 at 2:15:00 PM at 3176 Cahaba Heights Rd, Suite 100 Birmingham, AL 35243

**Phillip D. Morgan was served with:**
**Accepted by:**

| | |
|---|---|
| ☐ Writ of Summons | ☐ Confessed Judgement |
| ☐ Complaint | ☐ Show Cause Order |
| ☐ Injunction | ☐ Replevin |
| ☐ Interrogatories | ☐ Writ of Garnishment on Property |
| ☑ Subpoena | ☐ Writ of Garnishment on Wages |
| ☐ Notice to Take Deposition | ☐ Civil Non-Domestic Case Information Report |
| ☐ Order to Appear for Oral Exam | ☐ Civil Domestic Case Information Report |
| ☑ Supporting Documents | ☐ Request for Production of Documents |

**Other:**

| | | | | | | |
|---|---|---|---|---|---|---|
| **Race:** | White | **Height** | 5'10" | **Hair:** | Brown | **Age:**  47 |
| **Sex** | Male | **Weight:** | 175 | **Other:** | Glasses | |

The undersigned further solemnly declares and affirms under the penalty of perjury that the matter and facts set forth herein are true and correct to the best of my knowledge, information and belief.

Date:  8/29/2018

_____
Private Process Server

*Madelyn Cantu*

# EXHIBIT D



SAUL EWING
ARNSTEIN
& LEHR LLP

Gary B. Eidelman
Phone: (410) 332-8975
Fax: (410) 332-8976
Gary.Eidelman@saul.com
www.saul.com

August 27, 2018

**Via Hand Delivery**

Phillip D. Morgan
Phillip Morgan & Company, P.C.
3176 Cahaba Heights Road, Suite 100
Birmingham, Alabama 35243

> **Re:** **_Steven B. Barger v. First Data Corporation et al._**
> **United States District Court for the Eastern District of New York**
> **Civil Case No. 1:17-cv-4869**
> **Deposition of Phillip Morgan & Company, P.C.**

Dear Mr. Morgan:

We represent First Data Corporation and other defendants in the above-referenced case that has been filed by your client Steven Barger in federal court in New York. At his deposition on August 10, 2018, Mr. Barger repeatedly testified in response to certain questions that we "needed to talk to his accountant." We understand that his accountant is you. Accordingly, we need to schedule your deposition in Birmingham for September.

In accordance with the Federal Rules of Civil Procedure, enclosed you will find a subpoena compelling your deposition with a request for you to produce documents. We have scheduled your deposition for <u>Monday, September 17, 2018, beginning at 10:00 am</u>. If that date and time is not convenient, please contact my office immediately so that we can coordinate schedules to find a mutually agreeable date.

Attached to the subpoena as <u>Exhibit A</u> is a list of documents that we need your office to produce. It would be most efficient if you could produce the documents is advance to us by September 12, 2018. This way, we can be most efficient by reviewing the documents ahead of your deposition so as to limit the inconvenience to you on the date of your deposition.

Centre Square West ♦ 1500 Market Street, 38ᵗʰ Floor ♦ Philadelphia, PA 19102-2186
Phone: (215) 972-7777 ♦ Fax: (215) 972-7725

24829301.2 08/27/2018

DELAWARE  FLORIDA  ILLINOIS  MARYLAND  MASSACHUSETTS  NEW JERSEY  NEW YORK  PENNSYLVANIA  WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

Phillip D. Morgan
Phillip Morgan & Company, P.C.
August 27, 2018
Page 2


      Thank you for your anticipated cooperation in this matter.

                Very truly yours,

                Gary B. Eidelman

Enclosures

cc:    Counsel of Record (via electronic mail)

# EXHIBIT E

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| Steven B. Barger | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:17-cv-04869-FB-LB |
| First Data Corporation, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                           Grant Barger

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Starnes Davis Florie LLC, 100 Brookwood Place 7th Floor, P.O. Box 598512 Birmingham, AL 35259 | Date and Time: 09/17/2018 3:00 pm |
|---|---|

The deposition will be recorded by this method:   stenographer

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/05/2018

|  |  |
|---|---|
| *CLERK OF COURT* | OR |
| _____ | /s/ Gary B. Eidelman |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendants
First Data Corporation, et al.                                                           , who issues or requests this subpoena, are:

Gary Eidelman, Saul Ewing Arnstein & Lehr LLP, 500 E. Pratt St. Ste. 900, Baltimore, MD 21202, 410-332-8975

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  1:17-cv-04869-FB-LB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

_____

STEVEN B. BARGER, an individual,

       Plaintiff,

v.                                    Civil Case No.: 1:17-cv-04869-FB-LB

FIRST DATA CORPORATION, et al.,

       Defendants.

_____

## EXHIBIT A TO SUBPOENA TO GRANT BARGER

1.     Any personnel file for Steven B. Barger.

2.     Any Form W-9 completed by Steven B. Barger.

3.     All IRS Forms 1099, including Form 1099-B, issued to Steven B. Barger for tax years 2010-2017.

4.     Documents and ESI concerning Barger Group LLC's bank accounts between 2010- 2017.

5.     All documents and ESI concerning corporate or partnership tax returns in which Steven B. Barger has an ownership interest.

6.     All documents and ESI concerning consulting contracts between Barger Group LLC and entities or individuals for which it provided consulting services from 2010-2017.

7.     All documents and ESI concerning invoices sent by Barger Group LLC to entities or individuals for which it provided consulting services for tax years 2010-2017.

8.     Financial statements, including footnotes, concerning Barger Group LLC for tax years 2010-2017.

9.     Documents and ESI concerning the billing rates and billable hours per year of Steven B. Barger for Barger Group LLC for tax years 2010-2017.

10.    Documents and ESI concerning retainer fees and how they are determined for contracts between Barger Group LLC and its clients for tax years 2010-2017.

11.    Documents and ESI concerning the process through which consulting fees are earned and billed at Barger Group LLC for tax years 2010-2017.

12.    Documents and ESI concerning consulting services provided by Barger Group LLC for tax years 2010-2017 for which there is no documented consulting agreement.

13.     All federal and state tax returns prepared for Barger Group LLC for the tax years 2010-2017.

14.     All work papers, supporting documents, ESI, and questionnaires in your possession, custody and control concerning the preparation and filing of federal and state tax returns for Barger Group LLC for the tax years 2010-2017.

15.     Documents and ESI that reconcile profits and losses for purposes of Schedule C for the tax years 2010-2017 for Barger Group LLC.

16.     Documents and ESI concerning and providing support for any and all travel, meals, entertainment, and other expenses incurred by Steven B. Barger in connection with consulting services provided by Barger Group LLC for tax years 2010-2017.

17.     All communications and ESI that you have had with Steven B. Barger since August 10, 2018 concerning *Barger v. First Data Corporation et al*, United States District Court for the Eastern District of New York, Civil Action No. EDNY: 1:17-cv-04869-FB-LB.

18.     All communications and ESI that you have had with Shawn Shearer, Brenda Barger, or the Law Offices of Shawn Shearer since August 10, 2018 concerning *Barger v. First Data Corporation et al*, United States District Court for the Eastern District of New York, Civil Action No. EDNY: 1:17-cv-04869-FB-LB.

19.     All communications and ESI that you have had with Phillip D. Morgan since August 10, 2018 concerning *Barger v. First Data Corporation et al*, United States District Court for the Eastern District of New York, Civil Action No. EDNY: 1:17-cv-04869-FB-LB.

For purposes of the Subpoena to Grant Barger and Attachment A to the Subpoena to Grant Barger, the following to instructions and definitions apply:

1.      "Document" means any papers, writings, or records of any type or source of authorship in your possession, custody, or control; or of which you have knowledge, wherever located, however produced or reproduced, or whether a draft, original, or copy.  By way of illustration and not limitation, the term "document" shall include memoranda of telephone conversations, summaries, diaries, or other records of personal conversations or interviews; and minutes, summaries, diaries, or other records of personal conversations or interviews; and minutes, summaries, or other records of any meetings, discussions, or conferences, as well as other notes, reports, records of any meetings, discussions or conferences, as well other notes, reports, records, data, memoranda, correspondence, notebooks, scrapbooks, diaries, minutes summaries, financial statements, ledgers, magnetic tape, or other sound recordings, telegrams, telecopies, facsimiles, telecopy and facsimile logs, electronic mail, letters, photographs, drawings, plans, studies, manuals, instructions, bids, specifications, graphs, sketches, blueprints, charts, curves, motion picture film, microfilm, computer records of any kind, photographs, photographic negatives, photocopies, photostats, descriptions, purchase orders, agreements, contracts, invoices, bills of lading, published or unpublished speeches, manuscripts or articles, transcripts, affidavits, depositions, printed matter, publications and any other retrievable intelligence, however recorded, memorialized or preserved.  Any original, draft or copy containing or having attached thereto any alterations, notes, comments or other material not

included in each other original, draft or copy shall be deemed a separate document within the foregoing definitions.  "Document" includes all Electronically Stored Information

2.      "ESI" means electronically stored information and includes, but is not limited to, e-mails and attachments, voice mail, instant messaging, and other electronic communications, word processing documents, text files, hard drives, spreadsheets, graphics, audio and video files, databases, calendars, telephone logs, transaction logs, Internet usage files, offline storage or information stored on removable media (such as external hard drives, hard disks, floppy disks, memory sticks, flash drives, and backup tapes), information contained on laptops or other portable devices, and network access information and backup materials, TIF files, PDF files, Native Files and the corresponding Metadata which is ordinarily maintained.

3.      The term "concerning" means relating to, referring to, describing, evidencing, comprising, setting forth, showing, supporting, disclosing, explaining, summarizing, memorializing or constituting, whether directly or indirectly.

4.      The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.  "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or."  Words in the masculine, feminine or neuter form shall include each of the other genders.

5.      The term "including" means including but not limited to.

6.      "Barger" refers to Steven D. Barger as well as his agents, servants, attorneys, representatives, or any other persons acting or purporting to act on his behalf.

7.      "Law Offices of Shawn Shearer" refers to the Law Offices of Shawn Shearer as well as its agents, employees, directors, investigators, attorneys, representatives or any other persons acting or purporting to act on its behalf.

8.      "Phillip D. Morgan" refers to Phillip D. Morgan and includes Phillip Morgan & Company, P.C. as well as its agents, servants, attorneys, representatives, or any other persons acting or purporting to act on its behalf.

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### Eastern District of New York

| | |
|---|---|
| Steven B. Barger | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  1:17-cv-04869-FB-LB |
| First Data Corporation, et al. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                             Barger Consulting Group, LLC (or its successor)

_(Name of person to whom this subpoena is directed)_

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Starnes Davis Florie LLC, 100 Brookwood Place<br>7th Floor, P.O. Box 598512<br>Birmingham, AL 35259 | Date and Time:<br>09/17/2018 3:00 pm |
|---|---|

The deposition will be recorded by this method:    stenographer

☑ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/05/2018

| | | |
|---|---|---|
| _CLERK OF COURT_ | | |
| | OR | /s/ Gary B. Eidelman |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_    Defendants
First Data Corporation, et al.                                    , who issues or requests this subpoena, are:

Gary Eidelman, Saul Ewing Arnstein & Lehr LLP, 500 E. Pratt St. Ste. 900, Baltimore, MD 21202, 410-332-8975

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:17-cv-04869-FB-LB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

STEVEN B. BARGER, an individual,

       Plaintiff,

v.                                                                 Civil Case No.: 1:17-cv-04869-FB-LB

FIRST DATA CORPORATION, et al.,

       Defendants.

**EXHIBIT A TO SUBPOENA TO
BARGER CONSULTING GROUP, LLC OR ITS SUCCESSOR**

1. Any personnel file for Steven B. Barger.

2. Any Form W-9 completed by Steven B. Barger.

3. All IRS Forms 1099, including Form 1099-B, issued to Steven B. Barger for tax years 2010-2017.

4. Documents and ESI concerning Barger Group LLC's bank accounts between 2010- 2017.

5. All documents and ESI concerning corporate or partnership tax returns in which Steven B. Barger has an ownership interest.

6. All documents and ESI concerning consulting contracts between Barger Group LLC and entities or individuals for which it provided consulting services from 2010-2017.

7. All documents and ESI concerning invoices sent by Barger Group LLC to entities or individuals for which it provided consulting services for tax years 2010-2017.

8. Financial statements, including footnotes, concerning Barger Group LLC for tax years 2010-2017.

9. Documents and ESI concerning the billing rates and billable hours per year of Steven B. Barger for Barger Group LLC for tax years 2010-2017.

10. Documents and ESI concerning retainer fees and how they are determined for contracts between Barger Group LLC and its clients for tax years 2010-2017.

11. Documents and ESI concerning the process through which consulting fees are earned and billed at Barger Group LLC for tax years 2010-2017.

12. Documents and ESI concerning consulting services provided by Barger Group LLC for tax years 2010-2017 for which there is no documented consulting agreement.

13.     All federal and state tax returns prepared for Barger Group LLC for the tax years 2010-2017.

14.     All work papers, supporting documents, ESI, and questionnaires in your possession, custody and control concerning the preparation and filing of federal and state tax returns for Barger Group LLC for the tax years 2010-2017.

15.     Documents and ESI that reconcile profits and losses for purposes of Schedule C for the tax years 2010-2017 for Barger Group LLC.

16.     Documents and ESI concerning and providing support for any and all travel, meals, entertainment, and other expenses incurred by Steven B. Barger in connection with consulting services provided by Barger Group LLC for tax years 2010-2017.

17.     All communications and ESI that you have had with Steven B. Barger since August 10, 2018 concerning *Barger v. First Data Corporation et al*, United States District Court for the Eastern District of New York, Civil Action No. EDNY: 1:17-cv-04869-FB-LB.

18.     All communications and ESI that you have had with Shawn Shearer, Brenda Barger, or the Law Offices of Shawn Shearer since August 10, 2018 concerning *Barger v. First Data Corporation et al*, United States District Court for the Eastern District of New York, Civil Action No. EDNY: 1:17-cv-04869-FB-LB.

19.     All communications and ESI that you have had with Phillip D. Morgan since August 10, 2018 concerning *Barger v. First Data Corporation et al*, United States District Court for the Eastern District of New York, Civil Action No. EDNY: 1:17-cv-04869-FB-LB.

For purposes of the Subpoena to Barger Group LLC or its successor and Attachment A to the Subpoena to Barger Group LLC or its successor, the following to instructions and definitions apply:

1.     "Document" means any papers, writings, or records of any type or source of authorship in your possession, custody, or control; or of which you have knowledge, wherever located, however produced or reproduced, or whether a draft, original, or copy.  By way of illustration and not limitation, the term "document" shall include memoranda of telephone conversations, summaries, diaries, or other records of personal conversations or interviews; and minutes, summaries, diaries, or other records of personal conversations or interviews; and minutes, summaries, or other records of any meetings, discussions, or conferences, as well as other notes, reports, records of any meetings, discussions or conferences, as well other notes, reports, records, data, memoranda, correspondence, notebooks, scrapbooks, diaries, minutes summaries, financial statements, ledgers, magnetic tape, or other sound recordings, telegrams, telecopies, facsimiles, telecopy and facsimile logs, electronic mail, letters, photographs, drawings, plans, studies, manuals, instructions, bids, specifications, graphs, sketches, blueprints, charts, curves, motion picture film, microfilm, computer records of any kind, photographs, photographic negatives, photocopies, photostats, descriptions, purchase orders, agreements, contracts, invoices, bills of lading, published or unpublished speeches, manuscripts or articles, transcripts, affidavits, depositions, printed matter, publications and any other retrievable intelligence, however recorded, memorialized or preserved.  Any original, draft or copy containing or having attached thereto any alterations, notes, comments or other material not

included in each other original, draft or copy shall be deemed a separate document within the foregoing definitions.  "Document" includes all Electronically Stored Information

2.      "ESI" means electronically stored information and includes, but is not limited to, e-mails and attachments, voice mail, instant messaging, and other electronic communications, word processing documents, text files, hard drives, spreadsheets, graphics, audio and video files, databases, calendars, telephone logs, transaction logs, Internet usage files, offline storage or information stored on removable media (such as external hard drives, hard disks, floppy disks, memory sticks, flash drives, and backup tapes), information contained on laptops or other portable devices, and network access information and backup materials, TIF files, PDF files, Native Files and the corresponding Metadata which is ordinarily maintained.

3.      The term "concerning" means relating to, referring to, describing, evidencing, comprising, setting forth, showing, supporting, disclosing, explaining, summarizing, memorializing or constituting, whether directly or indirectly.

4.      The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.  "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or."  Words in the masculine, feminine or neuter form shall include each of the other genders.

5.      The term "including" means including but not limited to.

6.      "Barger" refers to Steven D. Barger as well as his agents, servants, attorneys, representatives, or any other persons acting or purporting to act on his behalf.

7.      "Law Offices of Shawn Shearer" refers to the Law Offices of Shawn Shearer as well as its agents, employees, directors, investigators, attorneys, representatives or any other persons acting or purporting to act on its behalf.

8.      "Phillip D. Morgan" refers to Phillip D. Morgan and includes Phillip Morgan & Company, P.C. as well as its agents, servants, attorneys, representatives, or any other persons acting or purporting to act on its behalf.

| AO 88 (11/91) Subpoena in a Civil Case | | **PROOF OF SERVICE** | |
|---|---|---|---|

| | DATE: 9/8/18 | PLACE: 6200 FOXWOOD TRAIL   BIRMINGHAM AL 35242 | 20180905111322 |
|---|---|---|---|
| **SERVED** | | | |

| SERVED ON:   **BARGER CONSULTING GROUP LLC.** ACCEPTED BY: _Grant Barger_ RELATIONSHIP/TITLE: _Authorized_ | MANNER OF SERVICE: RULE 45, FEDERAL CIVIL RULE SERVING: **LETTER, SUBPOENA TO TESTIFY, EXHIBIT** |
|---|---|
| SERVED BY   _Roger Graham_ | TITLE **PROCESS SERVER** |

**DECLARATION OF SERVER**

Description of Person Receiving Document(s):

SEX: M  AGE: 50  HEIGHT: 6'5"  WEIGHT: 270  SKIN: WHITE  HAIR: BLACK  OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service.
I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Certification of Service is true and correct.

_Roger Graham_ L.S.

SIGNATURE OF _Roger Graham_
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

EXECUTED ON:

| ATTORNEY: | GARY B. EIDELMAN, ESQ. |
|---|---|
| PLAINTIFF: | STEVEN B. BARGER |
| DEFENDANT: | FIRST DATA CORPORATION, ET AL |
| VENUE: | DISTRICT |
| DOCKET: | 1 17 CV 04869 FB LB |
| FEE: | $55.00 |

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but not limited to, lost earnings and a reasonable attorney's fee.
 (2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
 (B)  Subject to paragraph (d)(2) of this rule,  person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
 (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
 (i) fails to allow reasonable time for compliance;
 (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
 (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
 (iv) subjects a person to undue burden.

(B) If a subpoena
 (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
 (ii) requires disclosure of an unretained expert's opinion or information not describing specific events of occurrences in dispute and resulting from the expert's study made not at the request of any party, or
 (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assure that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
 (2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:17-cv-04869-FB-LB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Barger Consulting Group LLC

on *(date)* 9/5/18 .

☑ I served the subpoena by delivering a copy to the named individual as follows: Grant Barger

at at @200 Foxwood Trail Birmingham, AL 35242

on *(date)* 9/8/18 ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: 9/8/18 _____         _____
                                              *Server's signature*

                                         Roger Graham
                                         _____
                                              *Printed name and title*


                                         _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

| AO 88 (11/91) Subpoena in a Civil Case | **PROOF OF SERVICE** | |
|---|---|---|

20180905111820

| **SERVED** | DATE: 9/5/18 | PLACE:<br>6200 FOXWOOD TRAIL   BIRMINGHAM AL 35205 |
|---|---|---|

| SERVED ON:   **GRANT BARGER**<br>ACCEPTED BY:<br>RELATIONSHIP/TITLE: | MANNER OF SERVICE: RULE 45, FEDERAL CIVIL RULE<br>SERVING: **LETTER, SUBPOENA TO TESTIFY, EXHIBIT** |
|---|---|
| SERVED BY   *Roger Granam* | TITLE<br><br>**PROCESS SERVER** |

### DECLARATION OF SERVER

Description of Person Receiving Document(s):

SEX: M AGE: 50 HEIGHT: 270 WEIGHT: 6' 5" SKIN: White HAIR: Black OTHER: NA

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service.
I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Certification of Service is true and correct.

*Roger Granam* L.S.

SIGNATURE OF *Roger Granam*
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

EXECUTED ON:

ATTORNEY:     GARY B. EIDELMAN, ESQ.
PLAINTIFF:      STEVEN B. BARGER
DEFENDANT:   FIRST DATA CORPORATION, ET AL
VENUE:          DISTRICT
DOCKET:        1 17 CV 04869 FB LB
FEE:             $55.00

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but not limited to, lost earnings and a reasonable attorney's fee.
 (2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
 (B)  Subject to paragraph (d)(2) of this rule,  person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
 (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
 (i) fails to allow reasonable time for compliance;
 (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
 (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
 (iv) subjects a person to undue burden.

(B) If a subpoena
 (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
 (ii) requires disclosure of an unretained expert's opinion or information not describing specific events of occurrences in dispute and resulting from the expert's study made not at the request of any party, or
 (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assure that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
 (2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  1:17-cv-04869-FB-LB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Grant Barger

on *(date)* 9/5/18 .

☒ I served the subpoena by delivering a copy to the named individual as follows: Grant Barger
at 0200 Foxwood Trail, Birmingham, AL 35242

on *(date)* 9/8/18 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 9/8/18

_____
*Server's signature*

Roger Graham
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.: