FILED
2018 Sep-25  AM 09:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT F



Gary B. Eidelman
Phone: (410) 332-8975
Fax: (410) 332-8976
Gary.Eidelman@saul.com
www.saul.com

September 5, 2018

**Via Hand Delivery**
Grant Barger
6200 Foxwood Trail
Birmingham, Alabama 35242

Re:     ***Steven B. Barger v. First Data Corporation et al.***
        **United States District Court for the Eastern District of New York**
        **Civil Case No. 1:17-cv-4869**

Dear Mr. Barger:

        We represent First Data Corporation and other defendants in the above-referenced case that has been filed by Steven Barger in federal court in New York. In accordance with the Federal Rules of Civil Procedure, enclosed you will find a subpoena compelling your deposition with a request for you to produce documents. We have scheduled your deposition for <u>Monday, September 17, 2018, beginning at 3:00 pm</u>. If that date and time is not convenient, please contact my office immediately so that we can coordinate schedules to find a mutually agreeable date.

        Attached to the subpoena as <u>Exhibit A</u> is a list of documents that we need you to produce. It would be most efficient if you could produce the documents is advance to us by September 12, 2018. This way, we can be most efficient by reviewing the documents ahead of your deposition so as to limit the inconvenience to you on the date of your deposition.

        Thank you for your anticipated cooperation in this matter.

                                Very truly yours,

                                *Gary B. Eidelman*

                                Gary B. Eidelman

Enclosures

cc:     Counsel of Record (via electronic mail)

Centre Square West ◆ 1500 Market Street, 38th Floor ◆ Philadelphia, PA 19102-2186
Phone: (215) 972-7777 ◆ Fax: (215) 972-7725

DELAWARE  FLORIDA  ILLINOIS  MARYLAND  MASSACHUSETTS  NEW JERSEY  NEW YORK  PENNSYLVANIA  WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP



Gary B. Eidelman
Phone:  (410) 332-8975
Fax:  (410) 332-8976
Gary.Eidelman@saul.com
www.saul.com

September 5, 2018

**Via Hand Delivery**
Barger Consulting Group, LLC
6200 Foxwood Trail
Birmingham, Alabama 35242

Re:    *Steven B. Barger v. First Data Corporation et al.*
       **United States District Court for the Eastern District of New York**
       **Civil Case No. 1:17-cv-4869**

Dear Mr. Barger:

We represent First Data Corporation and other defendants in the above-referenced case that has been filed by Steven Barger in federal court in New York. In accordance with the Federal Rules of Civil Procedure, enclosed you will find a subpoena compelling the deposition of Barger Consulting Group, LLC (or its successor) with a request for the company to produce documents. We have scheduled your deposition for <u>Monday, September 17, 2018, beginning at 3:00 pm</u>. If that date and time is not convenient, please contact my office immediately so that we can coordinate schedules to find a mutually agreeable date.

Attached to the subpoena as <u>Exhibit A</u> is a list of documents that we need you to produce. It would be most efficient if you could produce the documents is advance to us by September 12, 2018. This way, we can be most efficient by reviewing the documents ahead of your deposition so as to limit the inconvenience to you on the date of your deposition.

Thank you for your anticipated cooperation in this matter.

Very truly yours,

*Gary B. Eidelman*

Gary B. Eidelman

Enclosures

cc:    Counsel of Record (via electronic mail)

Centre Square West ◆ 1500 Market Street, 38ᵗʰ Floor ◆ Philadelphia, PA 19102-2186
Phone: (215) 972-7777 ◆ Fax: (215) 972-7725

DELAWARE  FLORIDA  ILLINOIS  MARYLAND  MASSACHUSETTS  NEW JERSEY  NEW YORK  PENNSYLVANIA  WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

# EXHIBIT G

| From: | Phillip D. Morgan <pmorgan@morgancpas.com> |
|---|---|
| Sent: | Sunday, September 09, 2018 3:36 PM |
| To: | Eidelman, Gary B. |
| Cc: | Kennedy, Lindsey C.; Cooper, Gillian A.; Cianfichi, Michael P. |
| Subject: | RE: Steven Barger v. First Data Corporation et al |

**\*\*EXTERNAL EMAIL\*\* - This message originates from outside our Firm. Please consider carefully before responding or clicking links/attachments.**

Thanks Mr. Eidelman!

I'm sorry I missed you, I was out of the office the last few days.  I'll call your office tomorrow (Monday).

Thanks again,


Phillip D. Morgan, CPA
P.O. Box 430204
Birmingham, AL 35243

Phone:  205-969-3443
Fax:     205-969-3445



*Pursuant to requirements imposed by the Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of avoiding penalties imposed under the United States Internal Revenue Code or promoting, marketing or recommending to another person any tax-related matter. Please contact us if you wish to have formal written advice on this matter.*

*The information contained in this message may be privileged and confidential, and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer.*

**From:** Eidelman, Gary B. [mailto:Gary.Eidelman@saul.com]
**Sent:** Sunday, September 09, 2018 1:56 PM
**To:** 'pmorgan@morgancpas.com'
**Cc:** Kennedy, Lindsey C.; Cooper, Gillian A.; Cianfichi, Michael P.
**Subject:** Steven Barger v. First Data Corporation et al

Dear Mr. Morgan:

This will follow up on the voicemail message I left you on Thursday. The purpose of my call was to discuss the subpoena and deposition notice for September 17, 2018 that was served on you in connection with the lawsuit that Steven Barger filed in federal court in New York against First Data Corporation and a number of its executives. Specifically, I wanted to discuss the production of documents and see if there was anything we can do to minimize the disruption to you. I will be out of the office on Monday or Tuesday so if you would like to discuss this matter with us, please contact my colleagues Lindsey Kennedy and/or Gillian Cooper who are copied here.  Thank you.



**Gary B. Eidelman**
**SAUL EWING ARNSTEIN & LEHR LLP**
500 E. Pratt Street
Suite 900 | Baltimore, MD 21202-3133
Tel: 410.332.8975 | Fax: 410.332.8976 | Mobile: 410.303.8832
Gary.Eidelman@saul.com | www.saul.com



*Follow our blog, WISE: Workplace Initiatives and Strategies for Employers, here*

"Saul Ewing Arnstein & Lehr LLP (saul.com)" has made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~~+

# EXHIBIT H



Gary B. Eidelman

Phone:  (410) 332-8975

Fax:  (410) 332-8976

Gary.Eidelman@saul.com

www.saul.com

September 12, 2018

**<u>VIA ELECTRONIC AND OVERNIGHT MAIL</u>**

Phillip D. Morgan
Phillip Morgan & Company, P.C.
3176 Cahaba Heights Road, Suite 100
Birmingham, Alabama 35243

   Re: ***Steven B. Barger v. First Data Corporation et al.***
     **United States District Court for the Eastern District of New York**
     **Civil Case No. 1:17-cv-4869**
     **Deposition of Phillip Morgan & Company, P.C.**

Dear Mr. Morgan:

   As you know, we represent the Defendants in the above-referenced action. Unfortunately, we have missed one another and we have been unable to discuss the notice of deposition and accompanying subpoena scheduling your deposition for this coming Monday, September 17, 2018 at 10:00 a.m. in Birmingham, Alabama. Is that date available for you? If so, do you intend to appear with the documents that have been subpoenaed? Can you advise me immediately whether you intend to appear for the deposition as scheduled, appear on a different date or move for a protective order? I would hate to make a trip to Birmingham for the deposition only to have you not appear.

   If you are represented by legal counsel, please let me know.

   Thank you for your consideration.

       Very truly yours,

       Gary B. Eidelman

cc:  Counsel of Record (via electronic mail)

Centre Square West ◆ 1500 Market Street, 38th Floor ◆ Philadelphia, PA 19102-2186
Phone: (215) 972-7777 ◆ Fax: (215) 972-7725

24869209.1 09/12/2018

DELAWARE  FLORIDA  ILLINOIS  MARYLAND  MASSACHUSETTS  NEW JERSEY  NEW YORK  PENNSYLVANIA  WASHINGTON, DC

A DELAWARE LIMITED LIABILITY PARTNERSHIP

# EXHIBIT I

**From:** Eidelman, Gary B.
**Sent:** Tuesday, September 11, 2018 10:44 PM
**Subject:** RE: Joe

**To:** Grant Barger
**Cc:** shawn@shearerlaw.pro; Kennedy, Lindsey C.; Cooper, Gillian A.

Mr. Barger:

This will acknowledge receipt of your email.

My Firm represents Defendants First Data Corporation, Frank Bisignano, Dan Charron, Tony Marino, Karen Whalen and Rhonda Johnson  who your father sued in the United States District Court for the Eastern District of New York as indicated on the deposition notice and subpoena. I don't know who has given you the idea that I am Joe Plumeri's lawyer.  Mr. Plumeri is not a party in this case.

Your father testified at his deposition about work he apparently did on behalf of Barger Consulting prior to joining First Data. Judge Bloom, the Magistrate Judge assigned to this case, has extended the discovery period in your father's case to allow us to take additional depositions as a result of his testimony, including your deposition and that of your company Barger Consulting LLC. You and your company have been served with a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure compelling you to attend a deposition on September 17, 2018 in Birmingham. I understand that you and Barger Consulting were served on September 8, 2018. We scheduled the depositions for the same time to minimize the inconvenience. I do not expect the depositions to take that long. If September 17 is not convenient, I am willing to discuss alternative dates but that needs to happen ASAP given that discovery closes on September 28, 2018.

Please contact me tomorrow to discuss. If you have legal counsel and would like me to speak with them instead, please advise.  Thank you for your time and cooperation.



**Gary B. Eidelman**
**SAUL EWING ARNSTEIN & LEHR LLP**
500 E. Pratt Street
Suite 900 | Baltimore, MD 21202-3133
Tel: 410.332.8975 | Fax: 410.332.8976 | Mobile: 410.303.8832
Gary.Eidelman@saul.com | www.saul.com

WISE:
Workplace Initiatives and Strategies for Employers

*Follow our blog, WISE: Workplace Initiatives and Strategies for Employers, **here***

**From:** Grant Barger [mailto:barger.grant@gmail.com]
**Sent:** Tuesday, September 11, 2018 10:10 PM

**To:** Eidelman, Gary B.
**Cc:** shawn@shearerlaw.pro
**Subject:** Joe

**\*\*EXTERNAL EMAIL\*\* - This message originates from outside our Firm. Please consider carefully before responding or clicking links/attachments.**


Mr. Eidelman,
I contacted you by email on August 14th after I found out that you wanted to speak to me about a former contractor of mine, Steve Barger. I understand that you are Joe Plumeri's lawyer.
I think you must have misunderstood my email because I received court papers that say you want to talk to me on September 17th. I never said I was available on September 17th. I said I was available on August 17th. You never confirmed any date or contacted me using the email I provided you. Instead, at 7:30 at night on Saturday September 8th (23 days later), you sent me these court papers full of demands that I have no Idea why you want or what they have to do with Steve Barger and Joe Plumeri.

I've known Joe for over thirty years. If you wanted to ask me questions about Joe, why not just use my email and ask? Why the cloak and dagger drama of demanding a bunch of papers that I never agreed to give? I don't get it.

I am sorry if you thought I meant September 17th, I thought I made myself pretty clear in the email that it was August 17th. Why let three weeks go by and not bother to email me and ask if I'm available? That makes no sense. I gave you my email for a reason.

Obviously, I am not going to give you any papers, again, why the high drama?
You have my email. You chose instead to send me court papers and give me three days to get you my private papers? Why?

I need a few days to get my head around this. You clearly misunderstood what I told you. I said August 17th. I have no idea why you decided to burden me at the last minute, why not  just communicate like a normal business person. I gave you my email so you would use it.

Even though you didn't give me the respect of a fast reply or ever tell me you were coming, I am giving you the courtesy of a fast reply. September 17th is less than a week away. You have had my email for nearly four weeks. I am not available to you on that day and will let you know what I decide about my legal options by the end of this week.

Grant Barger

# EXHIBIT J



Gary B. Eidelman
Phone:  (410) 332-8975
Fax:  (410) 332-8976
Gary.Eidelman@saul.com
www.saul.com

September 12, 2018

**VIA ELECTRONIC AND OVERNIGHT MAIL**
Grant Barger
6200 Foxwood Trail
Birmingham, Alabama 35242

> Re:   ***Steven B. Barger v. First Data Corporation et al.***
> **United States District Court for the Eastern District of New York**
> **Civil Case No. 1:17-cv-4869**

Dear Mr. Barger:

As a follow up to my email from last evening, we represent the Defendants in the above-referenced action. Unfortunately, we have been unable to discuss the notice of deposition and accompanying subpoena scheduling your deposition for this coming Monday, September 17, 2018 at 2:00 p.m. in Birmingham, Alabama. Is that date available for you? If so, do you intend to appear with the documents that have been subpoenaed? Can you advise me immediately whether you intend to appear for the deposition as scheduled, appear on a different date or move for a protective order? I would hate to make a trip to Birmingham for the deposition only to have you not appear.

If you are represented by legal counsel, please let me know.

Thank you for your consideration.

Very truly yours,

*Gary B. Eidel*

Gary B. Eidelman

Enclosures

cc:     Counsel of Record (via electronic mail)

Centre Square West ◆ 1500 Market Street, 38th Floor ◆ Philadelphia, PA 19102-2186
Phone: (215) 972-7777 ◆ Fax: (215) 972-7725

DELAWARE  FLORIDA  ILLINOIS  MARYLAND  MASSACHUSETTS  NEW JERSEY  NEW YORK  PENNSYLVANIA  WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

# EXHIBIT K

# United States District Court
## for the
## NORTHERN DISTRICT OF ALABAMA

Plaintiff. GRANT BARGER

V.

Saul Ewing
Arnstein and LEHR LLP
(Gary B. Eidelman)

:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. **EDNY: 1:17-cv-04869-FB-LB**

**2:18-mc-01491-KOB**

## MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER

I am Grant S. Barger and I am appearing "pro se" in front of this Court to request both a "Motion to Quash" and a "Motion for Protective Order" for two subpoenas I received on September 8, 2018 at 7:30pm at my home, 6200 Foxwood Trail in Birmingham Alabama, as well as for a subpoena directed to my former tax preparer Mr. Phillip Morgan. I have been a resident of Birmingham for over 20 years and do business in Birmingham.

It is my understanding that the Court that sent these subpoenas to my home is in the "E.D.N.Y." of New York and is ordering me to appear on September 17, 2018 for a deposition. I am not a party to the case in "E.D.N.Y", "Barger v. First Data." The "Barger" in that case is "Steven Barger". I am "Grant Steven Barger."

Steven Barger was formerly a contractor for my business. On August 14, 2018, Steven Barger's lawyer informed me that Mr. Gary Eidelman wanted to take my deposition in the

1

"Barger v. First Data" case. Steven Barger's lawyer told me that the time for "discovering" information in the New York case was ending on August 31, 2018. I immediately contacted Mr. Eidelman by email, and told Eidelman that I was available to talk in Birmingham on August 17, 2018. I told Mr. Eidelman I would arrange for a location and for Eidelman to contact me directly using the email I provided him, so that the deadline I was told about would be met.

Mr. Eidelman never confirmed the August 17 date. Mr. Eidelman never contacted me to try to arrange any other date in August. *Mr. Eidelman never even confirmed whether or not he wanted to depose me.*

The August 31 date came and went, and I heard nothing from Mr. Eidelman. Then on September 8, 2018, a man came to my house at about 7:30pm and banged on my door, terrifying my family. I calmed my children down and opened the door, only to be handed two subpoenas. I have attached these subpoenas to this Motion (Exhibit "A").

I was understandably shocked and confused by this. First, I already informed Mr. Eidelman that I was available to talk almost a month before this disruption, and told him to contact me directly through email. Second, I was under the impression that Mr. Eidelman had a court deadline of August 31, 2018. When Mr. Eidelman neglected to confirm August 17 and never followed up, I had no reason to believe he still wanted to speak with me. Third, I have no idea why Mr. Eidelman felt the need to try to scare my family at night. I am not a party to this New York case, I am not a New York resident and I had already given Eidelman an uncomplicated way to get in touch with me. All Eidelman had to do, was email me and tell me what his intentions are. I am not hiding from Mr. Eidelman. Although, given his thug behavior of sending a man to my home at night to practically knock my door down, maybe I *should* fear him. Why be intentionally abusive and menacing when I had already voluntarily contacted Eidelman

2

and cleared time in August to speak with him?

The papers I received four days ago say that Eidelman now wants to meet me on September 17, not August 17. I have a full day already set for September 17 and am not available and have never said I was available. Mr. Eidelman has had a month to email me and tell me he wants to depose me, then confirm a date. Instead, he used intimidation tactics with a poorly serviced subpoena.

My children are afraid to go near the door and are asking me things like. "Daddy why was that man trying to break in to our home?", "Daddy, why is that judge in New York mad at us?" and " Daddy, are we in trouble?".

My children recently returned to school, they are also suffering the recent loss of their Papa on their mama's side, and the 10th anniversary of their cousin's death from cancer, which happened when the little girl was not even grown. These pressures are traumatic enough for my children, without Mr. Eidelman intentionally creating fears for them. I see no reason for Mr. Eidelman to have scared my children when I went out of my way to provide him a way to contact me.

After I skimmed the subpoenas, I went online to the PACER system and read what Mr. Eidelman told the New York Judge who sent these papers to me. I don't understand all the legal terms, but from what I can see, Mr. Eidelman never told the New York Judge that I was available to speak with Eidelman in August. Instead, Mr. Eidelman created a slew of reasons why he needed "more time" to speak to me. How can the New York Judge make the right decision without knowing the truth? I contacted Mr. Eidelman on August 14, and he had over two weeks in August to talk with me. Maybe I am missing something, so I have attached what Mr. Eidelman told the Court in New York on August 15 while I was attempting to talk to him before the

3

Court's August 31 deadline. (Exhibit "B").

I also want to bring forward that I read in this document that Mr. Eidelman appears to represent Mr. Joe Plumeri. I know Joe and have known Joe for more than 30 years. From what I can see, Mr. Eidelman is asking the New York Judge for extra time to talk to me because of something involving Joe.

Again, I have no idea why Mr. Eidelman didn't just contact me using my email sometime over the past month to ask me whatever it is he thinks he wants to know about Joe. I might not even be the right person to ask, my opinion may be irrelevant. I have no way of knowing, because Mr. Eidelman won't just be upfront about what he wants. My thought was - if whatever is going on with Joe has "Joe's lawyer" looking to ask me questions, there is no need for this heavy-handed scary behavior. Just ask me.

I wrote Mr. Eidelman on September 11, 2018 after I received the subpoenas, to tell Eidelman that I am unavailable on September 17, and I also asked Eidelman why he handled things in such a rude, unprofessional and intentionally abusive manner. I received an email notice that Mr. Eidelman was "out of the office" on September 10 and 11, as a response, so I know he received my email.

On September 12, 2018, I had an email from Mr. Eidelman stating that *he is not Joe Plumeri's lawyer*. Given what I read in Eidelman's writing to the New York Judge, I now don't know what to believe. Mr. Eidelman clearly tells the Court he needs "more time" to talk with me, and he uses Joe as the reason he needs more time. If he isn't Joe's lawyer, how is he using Joe to get extra time? Especially after I made myself available on August 17, which was well within the deadline I had been told about? Why did Mr. Eidelman even need "more time"?

According to the Federal Rules of Civil Procedure, the District Court in Alabama can

4

under rule number 45 section (d) subsection (3) part (A) subsection (i) "Quash" the subpoenas I got on Saturday because the subpoenas don't give me enough time to comply. Eidelman got himself a month and turned around and tried to give me three days. If he thinks a month is reasonable for his extra time, why don't I get at least that same amount of time? He could have emailed me any time to prepare me for this onslaught. He chose instead to lie to the Court, then try to overburden and scare me by running the clock out on me, then threatening me. Obviously, I cannot be expected to show up with barely over a weeks' notice, after I already rearranged my schedule in August because of the August 31 "deadline." This is my busiest time of year. That's part of the reason I tried to make time for Mr. Eidelman in August. I can't change the fact that Mr. Eidelman just ignored me for two weeks in August. It seems as if I cared more about the deadline the Court set then Mr. Eidelman did. I can't understand that. Please "Quash" the subpoenas I got because I was robbed of a fair amount of time to prepare, especially since Eidelman got himself extra time to prepare by omitting the truth to the Judge in New York.

Now that I have written my concerns about the fact that Mr. Eidelman chose to try to intimidate me for absolutely no reason and misrepresented his relationship with Joe Plumeri, I will address the "substance" of the subpoenas I received and explain why I believe they should be "quashed" and why I am filing a "protective order" and asking my home state of Alabama to help me stop Mr. Eidelman's abuse.

As you can see from the subpoenas attached, the demands are outrageous. Mr. Eidelman told the New York Judge that he needed "more time" because of issues involving Joe Plumeri. Yet none of the items in the subpoena asks for anything involving Joe. I am assuming that the reason Mr. Eidelman decided to burden me, is because I have worked with Joe in the past. Yet I read in Eidelman's email on September 12 that Eidelman is not Joe's lawyer. This contradiction

is confusing. Is Joe being sued by First Data and is Mr. Eidelman trying to use me to get bad information about Joe to use against Joe? Why name Joe as the reason Mr. Eidelman needs "more time" if Mr. Eidelman is not representing Joe? If Mr. Eidelman isn't representing Joe, who is? Does Joe even have a lawyer in this?

There is no way I can decide what is relevant, non-abusive, non-harassing unless I can be made to understand how Joe is central to MY involvement, yet Mr. Eidelman is NOT Joe's lawyer.

The other major problem I have here which requires me being protected, is that I am a competitor of both Joe and First Data. While I am a small business, there is overlap in customer base. In fact, in 2014, First Data poached my largest contractor, Mr. Steven Barger after conning me into loaning Barger for a paid "consulting" gig, and then offering Mr. Barger a 33% per month raise over what I was receiving from them as a contractor, to come in house at First Data and help launch First Data's emerging version of Palantir known as "Clover."

It is my understanding that First Data wanted an exclusive on Steve Barger's time and ideas and needed rock solid confidentiality due to the sensitive nature of its "Clover" program. To buy Steven Barger's exclusivity and *ensure* privacy (which seemed ironic to me at the time, since "Clover" is basically designed to *remove* privacy from the client), First Data cancelled their consulting agreement and brought Steven Barger in house at a higher price.

With that, First Data stole my largest revenue generator. Now, it seems, they wish to also destroy me and what remains of my business relationships in the wake of Steven Barger's departure.

I am obviously not a lawyer, but I did a little online research. From what I found, one of the most important reasons the Alabama Federal Court should protect me, as a resident of

6

Alabama, is "trade secrets." According to the Federal Rules Of Civil Procedure Number 45 section (d) subsection (3) part (B) subsection (i) an Alabama District Court Judge can protect me and my family from First Data stealing my trade secrets. One look at their subpoena, and it is obvious that they are gunning for client information that has nothing to do with the FMLA claim my former contractor made against First Data in New York. Why would First Data be able to see my client list when Steven Barger was just a former contractor my business paid? Shouldn't Eidelman and his buddies be punished for trying to come into my home state and cast this obscenely wide net under the guise of "discovering" employment information about their own former employee? Steven Barger was just a contractor for my business. In August, I honestly thought that this case was about employment and FMLA. Once I got this cloak and dagger subpoena, I realized it's a run on my business. I need the Court's help.

My personal bank accounts, the bank account of any entity in my control or any other bank accounts in which I am involved are absolutely not relevant in this New York employment case. Neither is my tax information. Mr. Steven Barger is a former contractor who worked for me. I AM NOT A PARTY TO THIS FMLA CASE IN NEW YORK. It is my understanding from reading the documents on PACER, that Mr. Steven Barger provided Mr. Eidelman with Steven Barger's tax returns as well as testimony about Barger's income. As I understand it, Mr. Eidelman never asked Mr. Barger during Steven Barger's own deposition how much monthly revenue Barger had generated prior to Barger taking First Data's 33% pay increase to buy his confidentially about "Clover." Yet for some reason, that information is supposed to be vital here in the eleventh hour.

Eidelman questioned Steven Barger for seven hours. Eidelman told the New York Court that he needs to know Steven Barger's total revenue generated in the past and Mr. Eidelman

7

claims to need both "more time" AND to invade my privacy (when Steven Barger was merely a contractor for my business) when all Eidelman had to do was ask Steven Barger the simple question – "What was the amount of billable revenue you generated?".

Now Mr. Eidelman wants to embarrass and harass me about my income and gloat over the fact that Frank Bisignano and First Data's poaching of Steven Barger nearly destroyed my business. They are apparently not done with me. They want to know my clients, so they can steal those clients, too. How about asking Steven Barger what Steven Barger's revenue was before you scare my children, try to wreck my relationship with my former tax preparer, and try to invade my privacy and humiliate me? That seems like the MINIMUM that Eidelman should have to do before he crosses state lines to harass me.

Now we get to the part where Mr. Eidelman has had my email address, along with my request that Eidelman contact me via that email address, for the last month. Your Honor, please remember that I contacted Mr. Eidelman as soon as I learned that:

1. Mr. Eidelman wanted to talk with me

    and

2. There was an August 31, 2018 deadline before which he needed to talk with me.

Mr. Eidelman made a conscious choice to both ignore my offer to be available to him on August 17, 2018 in Birmingham, and to not communicate with me to tell me what he wants. From what I can see on PACER, Mr. Eidelman wrote to the Court on August 15, 2018 and got more time on August 17, 2018 - the very same day I had told Eidelman I was available to speak with him. Why would Eidelman even go to the Court to ask for "more time" two days before the day I said I could show up and meet with him? Then, when he got the extra time, why didn't he didn't tell me? Mr. Eidelman got the go ahead from the New York Court on August 17, and he

had my email from August 14 saying I was working out a way to meet him. Eidelman didn't need more time. I told him that. He knew he didn't need more time. Isn't that a lie?

Furthermore, I understand that Mr. Eidelman wants to talk to my former tax preparer, Mr. Phillip Morgan. I'm not sure why Mr. Eidelman needs to talk to my tax preparer when Steven Barger already provided Eidelman with Barger's tax returns. "Barger v. First Data" is an "FMLA/ADA" case. The tax returns of the company that contracted with Steven Barger before he was hired by First Data are irrelevant when the charges against First Data in New York are that they didn't reinstate Steven Barger. My tax information and financial records are not at issue, and the idea that I should provide information about any contractors, let alone Steven Barger, is abusive, harassing obviously designed to embarrass me with other employees and contractors. I will not provide such needless information voluntarily, and I shouldn't have to. Regardless, had Mr. Eidelman merely communicated with me directly, as I instructed, I possibly could have arranged for Phil (my former tax preparer) to be there while we all spoke on August 17 or at least at some point in August, to see what information, if any, is relevant.

I don't know what Mr. Eidelman is used to, but my two decades in Birmingham have taught me the art of both compromise and diplomacy. There is absolutely no need to bash my door in, try to scare my children at night, gloat over First Data's deliberate destruction of my consulting revenue or try to pit me against my tax preparer. Mr. Eidelman could easily have accepted my idea for some southern hospitality, and if the things Mr. Eidelman seek are clearly outlined and understandable, not too broad and relevant to the FMLA/ADA case in NY, and also not harassing, don't embarrass me and my family and aren't burdening, neither I nor Mr. Morgan have a problem providing those things.

Of course, the problem now is that August 31, 2018 has passed. Mr. Eidelman chose to

9

ask for extra time that was unnecessary, after I told him I could arrange to make things happen in August. He lied to the New York Judge. I have no idea why, but it had nothing to do with my availability or the willingness of me and my tax preparer to cooperate in August during the time I knew as the Court ordered "discovery" period.

Even though I am just a third party to the New York "Steven Barger v. First Data" case, what I am left with, Your Honor, are subpoenas asking for irrelevant information that is trying to humiliate me due to my revenue loss that happened after First Data stole Steven Barger from me. I am dealing with:

1. A scared family who now thinks a New York Federal Judge is "mad" at us.

2. A clear attempt by Mr. Eidelman to violate "trade secrets" by coming in from New York to Alabama to try to steal even more from me than what First Data already took.

3. An attempt to drive an unneeded wedge between me and Phil Morgan by giving us both court orders instead of just asking for what Mr. Eidelman wants.

4. Lies to a Judge in New York claiming that Mr. Eidelman needed "more time" when I was available and could have worked with Mr. Morgan to find a time in August when we were both available.

5. The nerve of Mr. Eidelman to lie to the Judge in New York by omitting the fact that I was not only available in August, but that as of August 14 I was in contact with Eidelman trying to arrange a meeting. On August 15, Mr. Eidelman didn't have the time to tell me what documents he wanted, or to set up a time to meet, but he DID have the time to file the papers that are (Exhibit "B"). Then, after he got what he wanted from the New York Judge (probably because the Judge didn't

10

have the true story) Eidelman NEVER CONTACTED ME TO EVEN CONFIRM
THAT HE WANTED TO DEPOSE ME. Mr. Eidelman took full advantage of the
extra time (that he didn't need) but gave NONE of the benefit to me – even
though I contacted him in good faith on August 14. Instead, he tried to intimidate
me at my home at night and gave me THREE DAYS to get papers to him.

6. Why should Mr. Eidelman be allowed to come to my home state, intimidate me,
intimidate my family, try to drive a wedge between me and my former tax
preparer, all based on lies? The first - that he told the New York Judge that Joe
Plumeri is central to why Eidelman needs "more time". The second - that
Eidelman is (and then is NOT) Joe's lawyer. The third - asking for "more time"
on the same days I was trying to arrange to make the meeting happen on time, in
August. Then Mr. Eidelman alone enjoys the benefit of "more time", and tries to
jack me up at the last minute when I'm busy and he had my email and request to
use the email for a solid month before this debacle.

I have no idea how Mr. Eidelman benefits from dragging this out. I can only speculate
based on the estimates I received from lawyers for even defending a deposition: legal fees and
money.

What I have to tell the Court is that I simply do not have the money to engage a lawyer to
help me. I have some friends who are lawyers who would likely help me by providing office
space or give me a little unofficial advice. But when I received these subpoenas I was shocked.
They are both way too broad, (a fishing expedition actually), and confusingly vague. Federal
Rules of Civil Procedure Number 45 section (d) subsection (3) part (A) subsection (iv) says that
the Federal District Court in Alabama can quash these subpoenas because they are "unduly

11

burdensome." I cannot afford an attorney for this. First Data already poached my biggest revenue generator. Now they want to take my clients, my self-respect and any money I may have by forcing me to hire a lawyer when Mr. Eidelman knows this is all irrelevant and Eidelman already has Steven Barger's tax returns. **Only Steven Barger knows what revenue Steven Barger generated.** Why would Mr. Eidelman even try to infiltrate my private records and business for answers I don't have, unless he's looking to steal from me? Eidelman has no problem lying to a New York Federal Judge, he clearly has no more respect for any other person than he does for the judge. There is no reason to believe that he has any legitimate cause to snoop around in my business. Please help me and my family by stopping this bleeding and rule for a protective order and or quashing of the subpoenas I got on Saturday.

In August, I thought this was going to be just a few questions for me as an employer, about employment in an employment (FMLA/ADA) case. Now, I see that it's a lie filled scavenger hunt. I respectfully ask the Court to protect me from this vulture and quash the subpoenas. I likely may have been able to bring Phil to talk to Eidelman in August, and perhaps we could have determined what, if anything, Mr. Morgan has that may be relevant (although I doubt anything Phil has is relevant.) Now that I know that Mr. Eidelman lies to the Court, I am requesting that Mr. Morgan's subpoena ("Exhibit C") be both protected by an order of the Alabama Court and/or quashed because it is way too broad, has nothing to do with an FMLA case against a New York corporation, is intended to humiliate me and rub in the fact that First Data stole a contractor from me, and that Steven Barger already gave Eidelman Barger's relevant tax returns. I also ask that the subpoena for Mr. Morgan be protected and/or quashed for the same reasons I gave above as part of Rule #45.

As a result of last Saturday's events, my realization of the true intention behind

12

Eidelman's request to talk with me, and upon seeing how many personal, business and irrelevant things Eidelman is trying to get from me, I am now asking Your Honor to do two things. (1) Quash or issue protective orders to prevent Mr. Eidelman from deposing me and collecting documents from me. (2) Quash or issue a protective order to prevent Mr. Eidelman from deposing Phillip Morgan and collecting documents from Phillip Morgan. I still cannot believe that Mr. Eidelman lied to the Court when he knew I was trying to set-up a meeting.

Please let me know what more specific things I need to provide to aid in a decision that will protect me and my family and I will do so immediately. Thank you for your consideration.

_____
(Signature and date)
Grant Barger, pro se

6200 Foxwood Trail
_____
(Address)
Birmingham, AL.
35242
(205) 266-8129

13

# EXHIBIT L

FILED
2018 Sep-13 PM 04:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

9.13.18

## Motion to Amend Case Caption

I am requesting that the Court Amend the case Caption in the top left hand corner of page 1 of the initial filing in [2:18-mc-01491-KOB]

Gary Eidelman and Saul Ewing Arnstein and Lehr are not parties to the motion I filed and should not be listed as defendants in my Case. They are Counsel for the defendants in the case of Steven B Barger v. First Data Corporation ET AL. Pending in the Eastern District of New York. They served Subpoenas on Me.

I am not party to the Steven B Barger v. First Data case. I am a third-party witness being Subpoenaed by the defendants in that case.

I am Pro SE, and I apologize for the confusion. I live in Birmingham. I am Seeking that this Court quash the Subpoenas issued to me by the Defendants out of the EDNY case or grant a protective order preventing discovery from me and my documents

THE CASE CAPTION SHOULD BE CHANGED TO:

IN RE:
   STEVEN B. BARGER
         v.
   First Data Corporation, et al.

That is the only change.

Grant Barger, Pro SE
6200 Foxwood Trl.

(205) 266- 8129

# EXHIBIT M

**From:** Grant Barger <barger.grant@gmail.com>
**Date:** September 14, 2018 at 1:33:04 PM EDT
**To:** <shawn@shearerlaw.pro>, <davidzeitlin@gmail.com>, <gary.eidelman@saul.com>, <gcooper@saul.com>, <lindsey.kennedy@saul.com>
**Subject: Grant Barger Serving Motion to Quash Subpoena**

**\*\*EXTERNAL EMAIL\*\* - This message originates from outside our Firm. Please consider carefully before responding or clicking links/attachments.**

I am serving to you my motion to quash documents filed yesterday. I am sending them to your email addresses I found on PACER. I will be over-night mailing hard-copies to Eidelman and Shearer today.

Grant Barger

# EXHIBIT N

**From:** Grant Barger [mailto:barger.grant@gmail.com]
**Sent:** Friday, September 14, 2018 6:34 PM
**To:** Eidelman, Gary B.; Shawn Shearer
**Subject:** Alabama Protective Order

**\*\*EXTERNAL EMAIL\*\* - This message originates from outside our Firm. Please consider carefully before responding or clicking links/attachments.**

As I promised I am contacting you by weeks end to inform you of my decisions regarding my legal options. As you know, I filed a request for a protective order and a motion to quash here in Alabama in front of Judge Bowdre. I do not have the extra resources for a lawyer at present. So I am going to continue to communicate with you directly.

Please use this email to contact me. Please do not send any more strangers to my home. If you want something from me, a direct approach is best. While we are adversaries in this matter, it is not my style to intentionally humiliate or embarrass another person. For any reason. When I filed my motion on Thursday I did not know exactly what to write in the upper left-hand box because there was no case number in Alabama at the time. I filled the box out to the best of my ability. Because you sent me the subpoena, I assumed I should direct the motion to you. As soon as I left I realized that what I wrote made it look like I was suing you and your firm. I immediately did some extra work and then gave the court a replacement for that page later on Thursday. The clerk accepted my replacement page.

I just wanted to apologize for giving the public impression that you are being sued. I know I wouldn't like it if someone did that to me. It was never my intention to embarrass you or give the wrong impression. I fixed it as soon as I realized that it looked wrong. And the clerk accepted my correction.

I am very confused about why I received these demands from New York in such a hostile manner. I prefer a calm diplomatic approach to life. I will treat you with respect and ask you do the same for me.

Please help me understand exactly what you're looking for here. I'd also like to know why Joe was mentioned in your court filing but not part of the papers I got on Saturday.

Thank You

Grant Barger

# EXHIBIT O

| | |
|---|---|
| **From:** | Eidelman, Gary B. <Gary.Eidelman@saul.com> |
| **Sent:** | Friday, September 14, 2018 3:29 PM |
| **Subject:** | FW: Grant Barger Serving Motion to Quash Subpoena |
| **Attachments:** | Ex b.pdf; Ex c.pdf; Mo 2 .pdf; Mo 1 .pdf; Ex a.pdf; 24869218-v1-Letter to Grant Barger dated 9 12 2018.pdf |

**To:** pmorgan@morgancpas.com
**Cc:** barger.grant@gmail.com; shawn@shearerlaw.pro; David@zeitlinlawfirm.com; Kennedy, Lindsey C.;
Cooper, Gillian A.; cvaughn@morgancpas.com

Dear Mr. Morgan:

I have emailed you and left 2 messages with Cindy of your office (copied here) asking you to call me to confirm your deposition for Monday, September 17, 2018 in the *Steven Barger v. First Data Corporation et al*, case pending in the United States District Court for the Eastern District of New York.  I have also sent you a letter by email and overnight mail regarding the same, another copy of which is attached.  You have not responded to me, nor have I heard from your legal counsel.

Today, Grant Barger filed a motion for protective order with exhibits, copies of which are attached in the event you were not served with these papers. In his motion, Mr. Barger asks the court to quash the subpoena that was served on you and prevent Defendants from taking your deposition. We presume that you granted Mr. Barger permission to seek such relief on your behalf.

In light of Mr. Barger's filing in the United States District Court for the Northern District of Alabama and your refusal to confirm your attendance on September 17, 2018, **we are notifying you that we are continuing (postponing) your deposition until such time as the Court rules on Mr. Barger's motion and our likely motion to compel.  Accordingly, please do not appear at the offices of Starnes Davis Florie LLP on Monday.**

If you would like to discuss this matter, please contact me. My email and phone numbers are set forth below.



**Gary B. Eidelman**
**SAUL EWING ARNSTEIN & LEHR LLP**
500 E. Pratt Street
Suite 900 | Baltimore, MD 21202-3133
Tel: 410.332.8975 | Fax: 410.332.8976 | Mobile: 410.303.8832
Gary.Eidelman@saul.com | www.saul.com

*Follow our blog, WISE: Workplace Initiatives and Strategies for Employers, **here***

**From:** Grant Barger [mailto:barger.grant@gmail.com]
**Sent:** Friday, September 14, 2018 1:33 PM

**To:** shawn@shearerlaw.pro; davidzeitlin@gmail.com; Eidelman, Gary B.; Cooper, Gillian A.; Kennedy, Lindsey C.
**Subject:** Grant Barger Serving Motion to Quash Subpoena

**\*\*EXTERNAL EMAIL\*\* - This message originates from outside our Firm. Please consider carefully before responding or clicking links/attachments.**


I am serving to you my motion to quash documents filed yesterday. I am sending them to your email addresses I found on PACER. I will be over-night mailing hard-copies to Eidelman and Shearer today.

Grant Barger

# EXHIBIT P

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **GRANT S. BARGER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:18-MC-01491-KOB** |
| | ) | |
| **SAMUEL EWING ARNSTEIN &** | ) | |
| **LEHR LLP and GARY B. EIDELMAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# ORDER

This matter comes before the court on Mr. Grant Barger's "Motion to Quash and Motion for Protective Order." (Doc. 1). This action arises from an Eastern District of New York case, *Barger v. First Data, et al.* (1:17-cv-04869-FB-LB). On September 13, 2018, Mr. Barger, who is not a party to the New York case, filed in this court this motion to quash two subpoenas requiring his presence at depositions on Monday, September 17, 2018. Mr. Barger seeks to quash the subpoenas as he has already scheduled "a full day" for September 17, and he previously made himself available to the party seeking the deposition in August 2018. (Doc. 1 at 1–3). But Mr. Barger never served this motion on the defendants in this case.

Under Rule 5(a)(1)(D) of the Federal Rules of Civil Procedure, a written motion must be served on every party, unless that motion may be heard ex parte. A motion to quash a subpoena or motion for protective order may not be heard ex parte. Further, if a party is represented by an attorney, the moving party must serve the attorney, unless otherwise ordered by the court. Fed. R. Civ. P. 5(b)(1). Mr. Barger did not serve the party seeking the deposition's attorney, Mr. Gary

Eidelman. Because the party seeking the deposition lacked notice of this motion, the court must deny the motion.

Additionally, Mr. Barger has already indicated his willingness to speak with Mr. Eidelman in August 2018. (Doc. 1 at 2). While the prior meeting suggested—but never confirmed—for August 17, 2018 did not occur, the failed meeting does not excuse Mr. Barger from complying with the current subpoena for a deposition on September 17.

Therefore, this court DENIES Mr. Barger's motion to quash the subpoenas and motion for protective order.

**DONE** and **ORDERED** this 17th day of September, 2018.

_Karon O. Bowdre_
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE

# EXHIBIT Q

FILED

2018 Sep-18 AM 10:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# United States District Court
## for the
# NORTHERN DISTRICT OF ALABAMA

FILED

2018 SEP 18  A  9: 34

U.S. DISTRICT COURT
N.D. OF ALABAMA

|  |  |
|---|---|
| Grant S. Barger, | : |
| | : |
| Plaintiff | : |
| | : |
| | : |
| v. | : |
| | : |
| SAMUEL EWING ARNSTEIN & | : |
| LEHR LLP and GARY B. EIDELMAN, | : |
| | : |
| Defendants. | : |
| | : |

**Civil Action No. EDNY: 1:17-cv-04869-FB-LB**

**Civil Action No. 2:18-mc-01491-KOB**

## SUPPLEMENT TO MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER

## MOTION TO RECONSIDER

By way of further information regarding my communication with Mr. Eidelman I have included

exhibit A. It is an email I sent Mr. Eidelman on August 14th.

I would also like to inform the Court that on September 14th Mr. Eidelman voluntarily cancelled

the September 17th depositions in Birmingham following his receipt of notice I provided him about

my motion for a protective order from this Court. Also on September 14th I notified the Court that

I had provided Mr. Eidelman service. I am attaching a copy (time stamped) from your clerk's office

as exhibit B.

1

Attached as exhibit C is an Email I sent to Mr. Eidelman on September 14th.

If there is anything else I need to provide the Court to demonstrate my effort, please let me know immediately.

Grant Barger

9/18/18

(Signature and date), pro se

6200 foxcreek D IRAIL

(Address) Birmingham, AL
35242

(205) 266 8124

2

# Exhibit A

 Gmail

**Grant Barger <barger.grant@gmail.com>**

## Barger v. First Data

**Grant Barger** <barger.grant@gmail.com>
To: gary.eidelman@saul.com
Cc: shawn@shearerlaw.pro

Tue, Aug 14, 2018 at 8:55 PM

Mr. Eidelman,

Steve Barger's attorney has notified me that you may wish to depose me in the case Barger v. First Data. I understand that the window for depositions for this case ends on August 31st. While this seems like very short notice I am attempting to rearrange my schedule to free up time to speak to you beginning at 11 am on August 17th in Birmingham. I have a lawyer here in Birmingham. If this happens I would expect to be able to to meet you at his office for the event. I am in the process of confirming his availability. Given the short time frame I cannot promise anything. I can tell, you I am only going to be available to you in Birmingham.

In the mean time, please contact me using this email address. If August 17th works for you, I will then do my best to firm up the date and location.

Grant Barger+

# Exhibit B

## CERTIFICATE OF SERVICE

Today I sent my Motion to Quash and Motion for Protective Order and my Motion to Amend Case Caption that I filed on September 13, 2018 in 2:18-mc-01491-KOB via e-mail to the attorneys listed below to their e-mail addresses that I found on the Pacer docket for the case of Steven B. Barger v. First Data Corporation et al. pending in the Eastern District of New York (1:17-cv-04869-FB-LB) and I also sent an overnight package with those same documents to Shawn Shearer, counsel for the Plaintiff, and Gary Eidelman, counsel for the Defendants.

*Plaintiff*
David A. Zeitlin
Zeitlin & Zeitlin, P.C.
50 Court Street, Suite 506
Brooklyn, NY 11201
davidzeitlin@gmail.com

Shawn Shearer
The Law Office of Shawn Shearer, P.C.
3839 Mckinney Avenue
#155-254
Dallas, TX 75204
shawn@shearerlaw.pro

*Defendants*
Gary B. Eidelman
Saul Ewing LLP
550 E Pratt Street
Baltimore, MD 21202
gary.eidelman@saul.com

Gillian Ashley Cooper
Saul Ewing LLP
650 College Road East
Suite 4000
Princeton, NJ 08540
gcooper@saul.com

Lindsey Conrad Kennedy
Saul Ewing Arnstein & Lehr
One PG Place, Suite 3010
Pittsburgh, PA 15222
Lindsey.kennedy@saul.com

Date: 9/14/18

Name: GRANT BARGER

Address: 6200 Foxwood TRAIL Birmingham, Al 35242

Phone: (205) 266-8129

E:mail: Barger.Grant@gmail.com

Case # [2:18-mc-01491-KOB]

```
Court Name: U.S. DISTRICT COURT
Division: 2
Receipt Number: B461092041
Cashier ID: bcook
Transaction Date: 09/14/2018
Payer Name: COPIES
----------------------------------
ELECTRONIC PRINTING FEE
 For: COPIES
   Amount:       $0.10
----------------------------------
CASH
 Amt Tendered: $0.10
----------------------------------
Total Due:     $0.10
Total Tendered: $0.10
Change Amt:    $0.00

COPY
CPSH


Receipts subject to collection.

$53 collection fee for all returned
items.
```

# Exhibit C

 Gmail

**Grant Barger <barger.grant@gmail.com>**

## Alabama Protective Order

**Grant Barger** <barger.grant@gmail.com>                                     Fri, Sep 14, 2018 at 5:33 PM
To: "Gary B. Eidelman" <gary.eidelman@saul.com>, Shawn Shearer <shawn@shearerlaw.pro>

As I promised I am contacting you by weeks end to inform you of my decisions regarding my legal options. As you know, I filed a request for a protective order and a motion to quash here in Alabama in front of Judge Bowdre. I do not have the extra resources for a lawyer at present. So I am going to continue to communicate with you directly.
Please use this email to contact me. Please do not send any more strangers to my home. If you want something from me, a direct approach is best. While we are adversaries in this matter, it is not my style to intentionally humiliate or embarrass another person. For any reason. When I filed my motion on Thursday I did not know exactly what to write in the upper left-hand box because there was no case number in Alabama at the time. I filled the box out to the best of my ability. Because you sent me the subpoena, I assumed I should direct the motion to you. As soon as I left I realized that what I wrote made it look like I was suing you and your firm. I immediately did some extra work and then gave the court a replacement for that page later on Thursday. The clerk accepted my replacement page.
I just wanted to apologize for giving the public impression that you are being sued. I know I wouldn't like it if someone did that to me. It was never my intention to embarrass you or give the wrong impression. I fixed it as soon as I realized that it looked wrong. And the clerk accepted my correction.
I am very confused about why I received these demands from New York in such a hostile manner. I prefer a calm diplomatic approach to life. I will treat you with respect and ask you do the same for me.
Please help me understand exactly what you're looking for here. I'd also like to know why Joe was mentioned in your court filing but not part of the papers I got on Saturday.

Thank You

Grant Barger

# EXHIBIT R

Case 2:18-mc-01491-KOB Document 1-7 Filed 09/24/18 Page 51 of 52

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **GRANT S. BARGER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:18-MC-01491-KOB** |
| | ) | |
| **SAUL EWING ARNSTEIN & LEHR** | ) | |
| **LLP and GARY B. EIDELMAN** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>ORDER</u>**

This matter comes before the court on Plaintiff Grant S. Barger's "Supplement to Motion to Quash and Motion for Protective Order Motion to Reconsider." (Doc. 6). On September 17, 2018, this court entered an order denying Mr. Barger's motion to quash and motion for protective order. (Doc. 4). The court primarily based its reasoning on Mr. Barger's failure to serve the motion on the party seeking the deposition under Rule 5(a)(1)(D) of the Federal Rules of Civil Procedure.

Mr. Barger's supplement provides clarification. Mr. Barger attached to the supplement a copy of his Certificate of Service filed with the Clerk's office, certifying that he had served the attorneys of both parties to the Eastern District of New York case electronically and by mail on September 14. (Doc. 6 Exh. B). Upon further investigation, the court found that the Certificate of Service was timely filed with the Clerk's office; the Clerk's office stamped the document as received and placed it to the side, but did not docket the certificate until September 18. Therefore, the court was unaware of the service until September 18, after it entered its prior order denying the motion to quash and motion for protective order. In light of this new information, the

court must vacate its September 17 order as Mr. Barger did appropriately serve the party seeking the deposition.

Additionally, Mr. Barger's supplement notes that Gary Eidelman, the attorney for the party seeking the deposition, voluntarily canceled the deposition following notice of Mr. Barger's motion to quash and motion for protective order. (Doc. 6 at 1, Exh. A). Because the deposition at issue was canceled, the court need not consider whether Mr. Barger's motion to quash and motion for protective order should be granted.

Therefore, the court VACATES its September 17 Order (doc. 4) and finds Mr. Barger's Motion to Quash (doc. 1) and Motion to Reconsider (doc. 6) MOOT in light of the deposition's voluntary cancelation.

**DONE** and **ORDERED** this 19th day of September, 2018.

**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE