# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| STEVEN B. BARGER, an individual, | Civil Case No. <br> EDNY: 1:17-cv-04869-FB-LB |
| Plaintiff, | |
| v. | Civil Case No. 2:18-mc-01569-KOB |
| FIRST DATA CORPORATION, *et al.*, | |
| Defendants. | |

## MOVANTS' REPLY TO OPPOSITION TO MOTION TO COMPEL AND OPPOSITION TO MOTION TO QUASH AND FOR PROTECTIVE ORDER

Movants/Defendants First Data Corporation, Frank Bisignano, Dan Charron, Anthony Marino, Karen Whalen and Rhonda Johnson filed a Motion to Compel the depositions of third parties Phillip Morgan, Grant Barger and The Barger Group, pursuant to validly served subpoenas in connection with an action pending in the United States District Court for the Eastern District of New York styled as *Steven Barger v. First Data Corporation, et al.*

{B2980223}

1

G. Barger, appearing *pro* se, has opposed the Motion to Compel, seemingly on behalf of himself, his company and Phillip Morgan. He has also filed a Motion to Quash and for Protective Order.[1]

Defendants deny that there have been any misrepresentations to the Court (either here or in the EDNY) or that the subpoenas were issued for an improper purpose.[2] Under the law of the Second Circuit and the EDNY, after-acquired evidence may be used to limit front pay and bar back pay in discrimination cases. The instant subpoenas were issued only after Plaintiff Steven Barger testified at his deposition in New York that he could not answer questions about his tax returns that related, among other things, to the income he earned for his "lucrative consulting business" that existed before he began working for First Data at the rate of $30,000 per month. In response to questions, Plaintiff Barger testified that Defendants "needed to ask his accountant," so the Defendants subpoenaed his accountant (Morgan) and requested documents related to Plaintiff Barger.

---

[1] G. Barger expresses surprise that the Defendants have pointed out to the Court that he appears to be representing not only himself *pro* se, but Phillip Morgan as well. G. Barger is not a lawyer and it would be unlawful for him to be representing anyone but himself. The Defendants belief that G. Barger was also representing Morgan started from the outset when in the Motion to Quash and for a Protective Order he filed in Case No. 2:18-mc-01491 – KOB (Dkt. 1), G. Barger represented that he was also seeking to quash the subpoenas directed to Morgan. The relief he requested was to have the Court issue a protective order that Morgan need not be required to testify or produce documents. Morgan has not been signatory to any of the pleadings filed in Case No. 2:18-mc-01491 – KOB or in this case. There have only been representations that G. Barger is acting on his behalf in numerous filings. It now appears that G. Barger is only filing the Motion to Quash and for Protective Order on behalf of himself *pro se*. That would mean that Morgan has not opposed Defendants' Motion to Compel.

[2] G. Barger's repeated statements that Defendants have been lying to the Court or his threats to seek Rule 11 sanctions against counsel for issuing subpoenas do not merit a response.

{B2980223}                                    2

Plaintiff Barger also testified that during the years prior to joining First Data, he was providing these lucrative consulting services through his son's company, valued at hundreds of thousands of dollars per year, yet the income from consulting reported on his tax returns does not support this testimony. Plaintiff also testified that all revenues from his consulting business went to his son's consulting company and that it was G. Barger's company that billed First Data for Plaintiff's services. At Plaintiff's deposition, he was questioned about the invoices that were sent to First Data and his response to those questions raise issues as to the veracity of that testimony. It was for this reason that G. Barger and his company were subpoenaed and documents requested.

Defendants contend that the Motion to Compel should be granted. By way of this pleading, Defendants also oppose the motion to quash and for protective order. The grounds in support of this filing are as follows:

A. **Procedural History**

After receiving leave from Judge Bloom, U.S. Magistrate for the Eastern District of New York, Defendants served deposition subpoenas and requests for documents to Morgan and G. Barger, and his company, directing them to appear for depositions on Monday, September 17, 2018 in Birmingham, Alabama. The subpoenas were lawfully issued out of the United States District Court for the Eastern District of New York in the case styled *Steven Barger v. First Data*

*Corporation et al,* 1:17-cv-04869-FB-LB (Barger Case). A subpoena was necessary because Birmingham is more than 100 miles from the Courthouse in Brooklyn, New York where the underlying case is pending. Fed.R.Civ.P. 45(c)(1).[3] Plaintiff Barger is suing his former employer and five executives of the company for violations of the Family and Medical Leave Act and the Americans with Disabilities Act. Morgan and G. Barger are the Plaintiff's accountant and son respectively.[4] Accompanying the subpoenas was correspondence offering to discuss scheduling if the date was a problem.

As set forth in the Motion to Compel, Defendants tried in good faith to communicate with G. Barger and Morgan on several occasions prior to the depositions through telephone and email communications on September 9, 2018, September 11, 2018 and September 12, 2018. G. Barger and Morgan refused to cooperate or engage in a discussion about either the depositions or the scope of information being sought.

On Thursday, September 13, 2018, G. Barger filed a motion to quash and for protective order in Case 2:18-mc-01491-KOB.[5] Upon receipt of the filings on

---

[3] G. Barger repeatedly claims that he offered to meet with Defendants' counsel and even see if he could bring Morgan to a meeting to have a conversation and answer questions. Anything said during such a meeting would be inadmissible in the underlying case, hence the need for a deposition. If G. Barger is willing to meet, then there should be nothing preventing him from appearing at a deposition to testify under oath.

[4] Barger's lawyer in the New York action is Shawn Shearer, Esq., who happens to be his son-in-law and G. Barger's brother-in-law. Shearer is not representing G. Barger or Morgan regarding the subpoenas. Any communications that Shearer has had with G. Barger or Morgan regarding the *Barger v. First Data* matter are not privileged.

[5] That particular civil action, in which G. Barger named Defendants' law firm and one of its attorneys, was closed after the Court issued a ruling based on G. Barger's representation that depositions had be "canceled."

{B2980223} 4

Friday, September 14, 2018, Defendants emailed G. Barger and Morgan the next day, writing **"we are notifying you that we are continuing (postponing) your deposition until such time as the Court rules on Mr. Barger's motion and our likely motion to compel. <u>Accordingly, please do not appear at the offices of Starnes Davis Florie LLP on Monday</u>."** Nowhere does the word "cancel" appear in the email. *See* Exhibit O attached to Dkt. [1]. Defendants subsequently learned by checking the docket that the Court had deemed G. Barger/Morgan's motion as moot and closed the case.

On September 24, 2018, Defendants filed a Motion to Compel Third Parties Grant Barger, Barger Group, and Philip Morgan to Comply with Deposition Subpoenas in Case 2:18-mc-01569-KOB. *See* Dkt. [1]. On October 8, 2018, Grant Barger filed an opposition to Defendants' motion to compel and additionally filed motions to quash and for protective orders. *See* Dkt. [5].

B.   **Argument**

The Court should grant Defendants' Motion to Compel and deny the motion to quash and for protective order. Morgan and G. Barger possess information and documents relevant and material to Defendants' defenses to Plaintiff Barger's claims for damages.

1.   Plaintiff Barger has alleged throughout his case that he left a "lucrative consulting" business at The Barger Group LLC working for his son G.

{B2980223}                                5

Barger to consult for First Data as an independent contractor in March of 2014, earning a monthly consulting fee $30,000. First Data witnesses will testify that the monthly consulting fee that it agreed to pay Plaintiff was derived from his representations as to how much he was earning.

Discovery in the *Barger* case has painted a different picture of Barger's consulting business during the period he was consulting for G. Barger's company. When asked to explain the disparity between his representations to First Data and the figures on his tax returns, Plaintiff could not answer these questions and deflected and blamed his accountant and his son, claiming that his deposition was the first time he paid any attention to what was on his returns. Plaintiff further testified that his accountant and son had answers to these questions and he never objected to either of them being deposed. Plaintiff was also unable to answer important questions concerning suspect invoices that he and G. Barger's company submitted to First Data.[6]

Because Plaintiff Barger was unable to answer questions regarding conflicts between his oral representations and tax returns, and regarding conflicts between the consulting agreement between The Barger Group and First Data and invoices submitted pursuant to that consulting agreement, Defendants seek the necessary

---

[6] So as not to burden the Court with more documents, Defendants have not included Plaintiff's deposition testimony but certainly can should the Court request.

{B2980223}                                    6

information and documents from his accountant Morgan and son G. Barger, who Defendants understand was the sole member of The Barger Group.

Magistrate Judge Bloom, who presides over discovery in the underlying *Barger* action and who has the most knowledge of the discovery needs and disputes in the case, has twice extended the deadline for Defendants to complete these depositions.

2.   G. Barger's delay tactics and litigation strategy in this matter are remarkably similar to the actions of another non-party named Julie Kelly, who is likewise resisting a subpoena to testify in this case. See Docket for Case No. 1:18-mc-00010-SJD-SKB, in the United States District Court for the Southern District of Ohio, attached as <u>Exhibit A</u>. Like G. Barger, Kelly also purports to be proceeding *pro se*. Like G. Barger, Kelly made outrageous accusations against the process server, filed remarkably similar boilerplate discovery objections, filed motions to quash and for protective orders, and has likewise stubbornly resisted any efforts to cooperate with Defendants.[7] On October 9, 2018, U.S. District Judge Susan Dlott denied all of Kelly's motions and ordered that her deposition proceed

---

[7] Shearer does not represent Kelly in connection with her subpoena in the *Barger v. First Data* case, but he is representing her in connection with a Charge of Discrimination she filed long after the Barger case commenced.

{B2980223}                                           7

on October 15, 2018 at the Federal Courthouse in Cincinnati, Ohio where Kelly lives.[8]

3.      Rule 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure states: "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." *See also* Fed. R. Civ. P. 34(c) (stating "[a]s provided in Rule 45, a nonparty may be compelled to produce documents . . ."). The documents sought from Plaintiff's accountant and his son (for whom he provided consulting services) are consistent with Rule 26(b) of the Federal Rules of Civil Procedure which provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Plaintiff Barger is seeking millions of dollars in damages in this case. By way of the subpoenas to Morgan and G. Barger, Defendants seek discovery about matters on which Plaintiff was unable to provide testimony and that goes directly

---

[8] With Kelly's deposition set for October 15, 2018, on October 12, 2018, Plaintiff Barger filed for a Protective Order in the EDNY seeking to prevent Kelly's deposition from moving forward. The Court has not ruled on that Motion.

{B2980223}                                  8

to Defendants' defenses to his claims for damages under an after-acquired evidence defense. *See McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 361-62 (1995). G. Barger's repeated assertions that he has nothing to offer or the evidence is not relevant are not persuasive and should be rejected by the Court. By offering to discuss the depositions at the outset and later contacting Morgan and G. Barger before the depositions were to take place, Defendants attempted to take reasonable steps to avoid imposing an undue burden or expense upon the deponents. Instead of responding to those efforts, a motion to quash and for protective order was filed days before the September 17, 2018 deposition date. If G. Barger is concerned about trade secrets, he can be assured that there already is a Protective Order signed by Judge Bloom that is applicable to this case. Defendants are also prepared to discuss the scope of the document requests.[9]

D.   **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant the Defendants' Motion to Compel and deny the Motion to Quash and for Protective Order. Defendants further request that the Court enter an Order directing Morgan and Grant Barger to appear for depositions in this jurisdiction at a date and time to be agreed upon by Morgan and Grant Barger and produce the subpoenaed documents.

---

[9] If the Court sets this matter for hearing, Counsel for Defendants Gary Eidelman (admitted *pro hac vice*) would welcome the opportunity to address any questions the Court may have about the underlying case by phone with local counsel Trip Umbach present in person.

{B2980223}                                                9

Respectfully submitted,

*/s/ Arnold W. Umbach III*
Arnold W. Umbach III
(ASB-1932-M66A)
**Starnes Davis Florie LLP**
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
T: (205) 868-6072
F: (205) 868-6099
tumbach@starneslaw.com


*/s/ Gary B. Eidelman*
Gary B. Eidelman
(Admitted *Pro Hac Vice*)
**Saul Ewing Arnstein & Lehr LLP**
500 East Pratt Street, Suite 900
Baltimore, Maryland 21202
Phone: (410) 332-8975
Fax: (410) 332-8976
gary.eidelman@saul.com


*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM-ECF system, which will send electronic notification of such filing to the following:

David A. Zeitlin, Esq.
Zeitlin & Zeitlin, P.C.
50 Court Street, Suite 506
Brooklyn, New York  11201
david@zeitlinlawfirm.com

Shawn E. Shearer, Esq.
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue, Suite 155-254
Dallas, Texas  75204
shawn@shearerlaw.pro

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM-ECF participants:

Phillip D. Morgan
Phillip Morgan & Company, P.C.
3176 Cahaba Heights Road, Suite 100
Birmingham, Alabama 35243

Grant Barger &
Barger Consulting Group, LLC
6200 Foxwood Trail
Birmingham, Alabama 35242

/s/ *Arnold W. Umbach III*
Arnold W. Umbach III

# EXHIBIT A

CASREF

# U.S. District Court
## Southern District of Ohio (Cincinnati)
### CIVIL DOCKET FOR CASE #: 1:18-mc-00010-SJD-SKB

Barger v. First Data Corporation, et al.  
Assigned to: Judge Susan J. Dlott  
Referred to: Magistrate Judge Stephanie K. Bowman  
Case in other court: Eastern District of New York, 1:17cv04869  
Cause: No cause code entered

Date Filed: 07/23/2018

**Interested Party**

Julie K. Kelly     represented by     Julie K. Kelly  
823 Dorgene Lane  
Cincinnati, OH 45244  
5138064893  
*PRO SE*

**Plaintiff**

Steven B. Barger

V.

**Defendant**

First Data Corporation     represented by     Matthew Richard Byrne  
Jackson Lewis, LLP  
PNC Center  
26th Floor  
201 E. Fifth Street  
Cincinnati, OH 45202  
513-322-5030  
Fax: 513-898-0051  
Email: matthew.byrne@jacksonlewis.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

Gillian A. Cooper  
Saul Ewing Arnstein & Lehr LLP  
650 College Road East  
Suite 4000  
Princeton, NJ 08540  
609-452-5021  
Fax: 609-452-6103

                                                 Email: Gillian.Cooper@saul.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Frank Bisignano**                          represented by **Matthew Richard Byrne**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

                                                 **Gillian A. Cooper**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dan Charron**                              represented by **Matthew Richard Byrne**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

                                                 **Gillian A. Cooper**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Anthony Marino**                           represented by **Matthew Richard Byrne**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

                                                 **Gillian A. Cooper**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Karen Whalen**                             represented by **Matthew Richard Byrne**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

                                                 **Gillian A. Cooper**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rhonda Johnson**        represented by   **Matthew Richard Byrne**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gillian A. Cooper**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/23/2018 | 1 | MOTION to Compel *Third Party Witness to Comply with Deposition Subpoena* by Defendants Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Declaration of Gillian A. Cooper, Esq. with Exhibits A-I, # 2 Text of Proposed Order) (Byrne, Matthew) (Entered: 07/23/2018) |
| 07/23/2018 | 2 | Filing fee: $ 47.00, receipt number 100CIN034648 (bjc) (Entered: 07/23/2018) |
| 07/27/2018 | 3 | RESPONSE in Opposition re 1 MOTION to Compel *Third Party Witness to Comply with Deposition Subpoena* filed by Interested Party Julie K. Kelly. (Attachments: # 1 Exhibits) (bjc) (Entered: 07/27/2018) |
| 07/27/2018 | 4 | MOTION to Quash by Interested Party Julie K. Kelly. (Attachments: # 1 Exhibits) (bjc) Modified docket text on 9/5/2018 (sct). (Entered: 07/27/2018) |
| 08/03/2018 | 5 | Response in Opposition to Motion re 4 MOTION to Quash and REPLY to Response to Motion re 1 MOTION to Compel *Third Party Witness to Comply with Deposition Subpoena* filed by Defendants Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Exhibit Declaration of Gillian A. Cooper, Esq.) (Byrne, Matthew) Modified docket text on 9/5/2018 (sct). (Entered: 08/03/2018) |
| 08/14/2018 | 7 | MOTION for Sanctions by Interested Party Julie K. Kelly. (Attachments: # 1 Exhibits) (bjc) Modified Docket Text on 8/15/2018 (bjc). (Entered: 08/14/2018) |
| 08/14/2018 |   | Minute Entry for proceedings held before Magistrate Judge Stephanie K. Bowman: Telephone Conference re: pending motion to compel and motion to quash held on 8/14/2018. Third Party Witness Julie Kelly appeared pro se. Attorneys Matthew Byrne and Gillian Cooper appeared on behalf of Defendants. The parties agree that Julie Kelly will appear for a deposition on 8/31/2018 at 12:00 PM at the law firm of Jackson Lewis, 201 E. Fifth Street, Cincinnati, OH. The deposition will conclude by 4:00 PM. Defendant First Data Corporation will reimburse Ms. Kelly for child care costs associated with the deposition. Ms. Kelly agrees to accept service of the subpoena for the 8/31/2018 deposition via regular mail. Ms. Kelly's motion for sanctions will be briefed and all motions will be formally ruled upon once briefing is complete. (km) (Entered: 08/14/2018) |
| 08/29/2018 | 8 | MOTION for Order to Grant 7 Motion for Sanctions by Interested Party Julie K. Kelly. (bjc) (Entered: 08/29/2018) |

| | | |
|---|---|---|
| 08/29/2018 | 9 | NOTICE by Defendants Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen re 8 MOTION for Order to *Grant Motion for Sanctions* (Byrne, Matthew) (Entered: 08/29/2018) |
| 08/31/2018 | 10 | MOTION for Protective Order by Interested Party Julie K. Kelly. (Attachments: # 1 Exhibits) (bjc) (Entered: 08/31/2018) |
| 09/04/2018 | 11 | RESPONSE in Opposition re 7 MOTION for Sanctions, 8 MOTION for Order to, 10 MOTION for Protective Order *and in further support of Defendants' Motion to Compel Third Party Witness (ECF No. 1)* filed by Defendants Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Declaration of Gillian A. Cooper, Esq. with Exhibits A - E, # 2 Text of Proposed Order) (Byrne, Matthew) (Entered: 09/04/2018) |
| 09/04/2018 | 12 | MOTION to Expedite *Time for Kelly to Reply to ECF Nos. 7, 8, and 10* by Defendants Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Text of Proposed Order) (Byrne, Matthew) (Entered: 09/04/2018) |
| 09/04/2018 | 13 | Supplement to 10 MOTION for Protective Order and REPLY to Response to Motion re 4 MOTION to Quash filed by Interested Party Julie K. Kelly. (Attachments: # 1 Exhibits A-C) (sct) (Entered: 09/05/2018) |
| 09/05/2018 | 14 | REPLY to Response to Motion re 1 MOTION to Compel *Third Party Witness to Comply with Deposition Subpoena* filed by Defendants Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Declaration of Gillian A. Cooper with Exhibits A - E, # 2 Text of Proposed Order) (Byrne, Matthew) (Entered: 09/05/2018) |
| 09/06/2018 | | NOTATION ORDER granting in part 12 Defendants' Motion to Expedite Briefing Time for Julie Kelly to Reply to ECF Nos. 7, 8, and 10. Because Ms. Kelly is proceeding pro se, she shall have until **9/14/2018** to file her reply memoranda in support of her motions 7 8 10 . The Court further SETS this matter for a telephone conference on all remaining issues on 9/18/2018 at 10:00 AM. Signed by Magistrate Judge Stephanie K. Bowman on 9/6/2018. (km) (Entered: 09/06/2018) |
| 09/13/2018 | 17 | REPLY to Response to Motion re 7 MOTION for Sanctions filed by Interested Party Julie K. Kelly. (eh) (Entered: 09/13/2018) |
| 09/13/2018 | 18 | MOTION by Pro Se Litigant to Obtain Electronic Case Filing Rights by Interested Party Julie K. Kelly. (eh) Modified Filer on 9/14/2018 (bjc). (Entered: 09/13/2018) |
| 09/14/2018 | 19 | MOTION for Extension of Time New date requested 9/17/2018. by Interested Party Julie K. Kelly. (bjc) (Entered: 09/14/2018) |
| 09/17/2018 | 20 | REPLY to Response to Motion re 10 MOTION for Protective Order filed by Interested Party Julie K. Kelly. (bjc) (Entered: 09/17/2018) |
| 09/18/2018 | | Minute Entry for proceedings held before Magistrate Judge Stephanie K. Bowman: Telephone Conference held on 9/18/2018. Attorneys Matthew Byrne and Gillian Cooper appeared on behalf of Plaintiff. Third Party Julie Kelly appeared pro se. Written Order to follow. (km) (Entered: 09/19/2018) |

| | | |
|---|---|---|
| 09/19/2018 | 21 | ORDER granting 1 Defendants' Motion to Compel Third Party Witness to Comply with Deposition Subpoena. Ms. Julie Kelly must appear for a deposition on 10/15/2018 at 12:00pm to be held at the U.S. Potter Stewart Courthouse, Room 203, 100 East Fifth Street, Cincinnati, Ohio 45202. Ms. Kelly must bring any and all documents in her possession as requested in the Subpoena previously issued for the 8/31/2018 deposition. The deposition will conclude at 5:00pm unless Defendants choose to conclude prior to 5:00pm. Unless otherwise agreed, Ms. Kelly shall be allowed two five minute breaks and one fifteen minute break during the five hour deposition. Defendants shall reimburse Ms. Kelly for reasonable child care expenses; denying 4 Julie Kelly's Motion to Quash; denying 8 Julie Kelly's Motion for an Order on Her Motion for Sanctions; denying 10 Julie Kelly's Motion for Protective Order; denying 18 Julie Kelly's Motion to Obtain Electronic Case Filing Rights, without prejudice to refiling; granting 19 Julie Kelly's Motion for Extension of Time to File Reply Brief in Support of Motion for Protective Order. Signed by Magistrate Judge Stephanie K. Bowman on 9/19/2018. (km) (Entered: 09/19/2018) |
| 09/21/2018 | 22 | MOTION for Leave to Appear Pro Hac Vice (Filing fee of $200 paid, receipt number 0648-6609816) of Gillian A. Cooper by Defendants Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Certificates of Good Standing, # 2 Text of Proposed Order) (Byrne, Matthew) (Entered: 09/21/2018) |
| 09/24/2018 | 23 | ORDER granting 22 Motion for Leave to Appear Pro Hac Vice of Gillian A. Cooper. Signed by Judge Susan J. Dlott. (wam) (Entered: 09/24/2018) |
| 10/02/2018 | 24 | OBJECTIONS TO MAGISTRATE JUDGE ORDER 21 (Styled as a Motion for 72a) by Interested Party Julie K. Kelly. (Attachments: # 1 Exhibits) (bjc) Modified to Clarify Docket Text on 10/3/2018 (km). (Entered: 10/03/2018) |
| 10/03/2018 | | Notice of Correction re: 24 Objection to Magistrate Judge Order 21 . The docket text has been corrected to correctly reflect that the filing is objections to the Magistrate Judge Order under FRCP 72(a). (km) (Entered: 10/03/2018) |
| 10/05/2018 | 25 | RESPONSE in Opposition re 24 Objection to Magistrate Judge Orderre 21 Order on Motion to Compel,,,,, Order on Motion to Quash,,,,, Order on Motion for Order to,,,,, Order on Motion for Protective Order,,,,, Order on Motion for Miscellaneous Relief,,,,, Order on Motion for Extens filed by Defendants Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) (Byrne, Matthew) (Entered: 10/05/2018) |
| 10/05/2018 | 26 | MOTION Shorten Time for Reply re 25 Response in Opposition to Motion, by Defendants Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Text of Proposed Order) (Byrne, Matthew) (Entered: 10/05/2018) |
| 10/05/2018 | 27 | MOTION for Protective Order by Interested Party Julie K. Kelly. (Attachments: # 1 Exhibits) (mr) (Entered: 10/05/2018) |
| 10/05/2018 | 28 | MOTION To Reconsider by Pro Se Litigant to Obtain Electronic Case Filing Rights by Interested Party Julie K. Kelly. (mr) (Entered: 10/05/2018) |

| | | |
|---|---|---|
| 10/09/2018 | 29 | ORDER ORDER DENYING INTERESTED PARTYS MOTION FOR 72(A) AND AFFIRMING MAGISTRATE JUDGES ORDER TO COMPEL DEPOSITION. Ms. Kelly must appear for a deposition on October 15, 2018 at noon to be held at the United States Potter Stewart Courthouse, Room 203, 100 East Fifth Street, Cincinnati, Ohio 45202. Ms. Kelly must bring any and all documents in her possession as requested in the Subpoena previously issued for the August 31, 2018 deposition. The deposition will conclude no later than 5:00 p.m. Unless otherwise agreed, Ms. Kelly shall be allowed two five minute breaks and one fifteen minute break during the five hour deposition. Defendants must reimburse Ms. Kelly for reasonable child care expenses. Ms. Kellys Motion for Sanctions (Doc. 7), Motion for 72a (Doc. 24), Motion for Protective Order (Doc. 27), and Motion to Reconsider Obtaining Electronic Case Filing Rights (Doc. 28) are denied. Defendants Motion to Shorten Time (Doc. 26) is also denied.. Signed by Judge Susan J. Dlott on 10/9/18. (wam) (Entered: 10/09/2018) |
| 10/09/2018 | 30 | RESPONSE in Opposition re 26 MOTION Shorten Time for Reply re 25 Response in Opposition to Motion, filed by Interested Party Julie K. Kelly. (jlw) (Entered: 10/10/2018) |
| 10/10/2018 | 31 | MOTION to Clarify 29 Order by Interested Party Julie K. Kelly. (jlw) (Entered: 10/10/2018) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 10/15/2018 11:35:25 | | | |
| PACER Login: | starnes2018:2629029:0 | Client Code: | 36535 |
| Description: | Docket Report | Search Criteria: | 1:18-mc-00010-SJD-SKB |
| Billable Pages: | 5 | Cost: | 0.50 |