FILED
2018 Oct-22  PM 03:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

# United States District Court
## for the
## NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| STEVEN B. BARGER, an individual, | : |
| | : |
| Plaintiff | : |
| | : |
| | : **Civil Action No. EDNY: 1:17-cv-04869-FB-LB** |
| V. | : |
| | : **Civil Action No. 2:18-mc-01569-~~ANK~~ KOB** |
| FIRST DATA CORPORATION, et al., | : |
| | : |
| Defendants | : |
| | : |
| | : |
| | : |
| | : |

**NOTICE IS HEREBY GIVEN** GRANT BARGER moves the Court for an Order imposing sanctions under Federal Rule 11(c) for the false and misleading factual statements and legal positions in First Data's Motion to Compel (Docket 1). The Motion is made based on the grounds described in the letter I sent to First Data's Counsel on September 28, 2018 that is attached as Exhibit A.

The Motion to Compel is a public document, is now on my record and contains false and misleading information.

The sanctions I seek are the immediate denial of the Motion to Compel, and order declaring the subpoena moot or quashed, a prohibition on a deposition of me or collection of my documents in the *Barger v. First Data* case, and removal of Mr. Umbach and his firm as counsel for First Data, and other sanctions that the Court believes are justified.

September 28, 2018

(Signature and date)

Grant Barger, pro se

6200 Foxwood Tel. Burmingham, Al 35242

(Address)

## CERTIFICATE OF SERVICE

Today I placed this Motion document into the USPS addressed to the below listed counsel for
First Data Corporation.

Arnold W. Umbach III
Starnes Davis Florie LLP
100 Brookwood Place, Seventh Floor
Birmingham, Alabama 35209
tumbach@starneslaw.com

Date: September 28, 2018

Name: Grant Barger

Address: 6200 Foxwood Trail, Birmingham, AL. 35242

Phone: (205) 266-8129

E:mail: barger.grant@gmail.com

**EXHIBIT A**
**LETTER TO ARNOLD UMBACH DATED SEPTEMBER 28, 2018**

# GRANT BARGER
6200 Foxwood Trail
Birmingham, Alabama 35242

September 28, 2018

Arnold Umbach
Starnes Davies Flores LLP
100 Brookwood Place, 7th Floor
Birmingham, Alabama 35209

### Re: Barger v. First Data Rule 11

Dear Mr. Umbach:

My name is Grant Barger and I am writing today to advise you of my intention, as pro se counsel for myself, to file a "Rule 11 Motion" in the Northern District in Alabama as a result of the Motion to Compel in *Barger v. First Data* (2:18-mc-01569) that you filed as counsel for First Data and on behalf of Gary Eidelman and Saul Ewing.

## BACKGROUND

On August 11, 2018, I was informed by Mr. Steve Barger's counsel that Mr. Gary Eidelman wished to depose me to find out if I had any information related matters that Eidelman claimed to have newly discovered during an August 10, 2018 deposition that Eidelman took in the *Barger v. First Data* case (1:17-cv-04869) filed in EDNY. On that same day, I contacted Mr. Eidelman via e-mail and informed him that I was aware that Mr. Eidelman was facing a "discovery" deadline of August 31, 2018. I offered to try to find a location and make myself available to Mr. Eidelman on August 17, 2018 so that Eidelman could meet his deadline.

August 31st came and went. Eidelman never contacted me to attempt to arrange a time to talk in Birmingham. No one else from Saul Ewing, or any other law firm, ever responded to my August 11th attempt to figure out a timely resolution to Eidelman's request. I told Eidelman I was pro se and to use the email I provided Eidelman as a means to contact me.

I told Eidelman to use the e-mail I provided him in order to contact me if he needed to collaborate on times, dates or issues. Instead of using my e-mail to attempt to have a civil discussion, Eidelman chose to send a large man to my home at night, who loudly pounded on my door while my family was home. It sounded like someone was kicking the door in. This type of aggressive behavior (I do, in fact, have a doorbell) was completely unnecessary. Eidelman then proceeded to demand documents from me in 72 hours, even though he had secured a full month for himself from the New York judge to complete this inquiry based on a lie. I guess simply sending a civilized email lacked the element of bullying that Eidelman felt he needed in order to get First Data's message across to me. At no time did I refuse to communicate with Eidelman. I assume that Eidelman chose this hostile posture in part because the "subpoenas" he sent to my

home have nothing to do with the reasons outlined to the judge in the ENDY on August 17, 2018 when Eidelman told the judges that he "needed more time" to depose me.

Eidelman did not need more time. Eidelman WANTED more time. For what, I have no idea. What I do know is that Eidelman told the NY judge that he needs to depose me as a result of circumstances surrounding Joe Plumeri. You even indicate in the Motion to Compel that you signed that I needed to be compelled surrounding the consulting arrangement entered between Plaintiff Barger and First Data (Joe Plumeri). I have known Joe Plumeri for over 30 years. So, I found it surprising when Eidelman send demands to my home about various subjects that are irrelevant, abusive and harassing – and NOT ONE of them is related to Joe.

I have e-mailed Eidelman several times since August and tried to get him to just be honest about what information he needs about Joe. I have asked Eidelman to "meet and confer" about both dates and the "scope" of the topics he wants to discuss. He refuses to do so.

## COURT INVOLVEMENT

Since Eidelman refused to meet and confer, I had no choice but to file a motion to quash and motion for a protective order in front of Judge Bowdre on September 13, 2018. On September 19, 2018, Judge Bowdre ruled that my motions were moot. Her Order was entered on September 20, 2018. Eidelman failed to meet and confer, and Eidelman voluntarily decided not to travel to Birmingham (i.e. canceled) my September 17, 2018 deposition.

On September 14, at 5:33 p.m., I attempted once again to start a dialogue with Eidelman to "meet and confer". Eidelman again completely ignored me. You quote this e-mail, and many other e-mails reflecting my attempts to begin a discussion in the "Motion to Compel" that you signed. The reason you do not quote any e-mails from Eidelman back to me, that show Eidelman attempting to discuss a "meet and confer" is because he never sent me any. He never called me. You never emailed me. You never called me. All you did, was misrepresent the truth to a second judge in Alabama in order to attempt to get a motion that is unavailable to you because it has been rendered "moot."

Your Motion to Compel, presented to a new judge, completely misrepresents the facts and events.

I may not be a lawyer, but even I know that if you and Eidelman were dissatisfied with the result of my and case and Judge Bowdre's ruling, your remedy was a "motion to reopen and reconsider." This motion to compel that you presented to the Alabama court is based on lies.

- Eidelman knew there was an existing case when he was served notice that my motion to quash/motion for protective order was filed.
- Eidelman failed to meet and confer – this is why I filed the motion to quash and for a protective order.
- No certificate stating that a "meet and confer" occurred was presented to the court when you filed your motion to compel. You knew by that point that there was an existing case involving my motion to quash/motion for protective order in front of Chief Judge

Arnold Umbach
September 28, 2018

Bowdre. You know that you never attempted a meet and confer with me. Eidelman hasn't done so, either. You also received copies of the emails between Eidelman and myself of September 25th to 27th where Eidelman admits he hasn't met his "meet and confer" obligation with me, and then when I tell him that I will continue to meet my obligation, as long as you and Eidelman correct your lies to the Alabama judge, he refuses. That email stream alone should be enough for you as an officer of the court to pull your filing in this case. You know Eidelman is lying to the state of Alabama, and by signing his representations, you are also knowingly lying. (Please see attached emails)

- You and Eidelman omitted the truth when you failed to tell the Court that I have been trying to meet and confer since August 11, 2018.
- Your Motion to Compel completely misrepresents that the letter Eidelman wrote to Phil on September 14 (and copied me and various others on), was a communication to ME. It was not. It was a letter to Phil Morgan, and Phil Morgan alone. I was merely copied on the communication along with several other people. You knew this when you filed your motion to compel. Eidelman never sent me ANY letter continuing or postponing my deposition. Eidelman never called me for any reason. Eidelman simply copied me on a different email to another recipient to attempt to let me know he was not coming to Birmingham for depositions, and assumed I would not show up because he knew he was not going to show up.
- There are no legitimate, valid subpoenas either for my deposition or for documents, to empower the judge in front of which you attempted to file your motion to compel, to take action. The subpoenas Eidelman sent to my house are just as moot as my motions. If I cannot quash or be protected from testifying and/or providing documents because my motions and the subpoenas on which they are based are moot, you and Eidelman cannot compel any action using those subpoenas as a basis, for that exact same reason – they are moot. At present, these subpoenas are unavailable to you as the basis for any legal filing. You know this.
- Unless you and Eidelman address Judge Bowdre's ruling first, you have no legal basis on which to compel anything. You know this, too. You are attempting an end run around Judge Bowdre and her rulings. You are well aware that this is what you are doing.

The Motion to Compel misrepresents the facts and the law.  By signing the Motion to Compel, Rule 11 provides that you certified to the court that to the best of your "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the Motion to Compel was not (1) "being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) the "legal contentions are warranted by existing law"; and (3) the factual contentions have evidentiary support."

None of these things are present in the Motion to Compel you signed. You clearly failed to perform an inquiry reasonable under the circumstances, took Eidelman's word for everything presented in your motion and filed without any investigation. The subpoenas and the Motion to Compel have no purpose other than to harass me. If Eidelman wants to know about Joe, he should have asked questions about Joe. Instead, he is asking for client information for periods after Plaintiff Barger no longer contracted with me and copies of my businesses bank accounts and client contracts unrelated to the case or First Data. The legal contention that the subpoenas can be compelled after they were ruled moot is unsupportable. Judge Bowdre, and ONLY Judge

3

Bowdre would need to change that decision. Neither Judge Kallon, nor any other judge, can do so. And, most importantly, the factual contentions that any semblance of "meet and confer" occurred is completely inconsistent with reality. I tried to "meet and confer".  In the attachment to this letter, I have listed other factual misstatements within the Motion to Compel that would not have been made if you had made any reasonable inquiry at all. Eidelman ignored me and tried to intimidate me. You certainly never attempted a meet and confer. You represented factual inaccuracies to the court in an effort to usurp Judge Bowdre's jurisdiction over this matter. You did so based on demonstrable lies.

I am noticing you that commencing today, you have 21 days to remedy

Grant Barger

4

Arnold Umbach
September 28, 2018

## ATTACHMENT
## FACTUAL MISTATEMENTS IN MOTION TO COMPEL

On Page 2 of the Motion to Compel, you make the following two false and misleading factual statements:

- Barger worked for 3 ½ months as a consultant
- In Barger's complaint and in answers to interrogatories, he alleged leaving behind a "lucrative consulting" business to begin consulting for First Data as an independent contractor in March of 2014 for a monthly consulting fee of $30,000, before accepting full time employment with First Data several months later at a base salary of $480,000, plus incentive compensation of up to $250,000.

Plaintiff Barger began working on First Data business before March 2014. He worked with Joe Plumeri and First Data for nearly six months as a consultant. Your factual misstatement could have easily been avoided if you had simply asked Mr. Plumeri, the Vice Chairman of the Board of First Data, when Plaintiff Barger began working with him on First Data business.

I reviewed the Complaint in *Barger v. First Data*. In the Complaint in paragraph 36, Plaintiff Barger says that he accepted employment with First Data and left his lucrative business. It does not say he began consulting for First Data. Part of his consulting business before he Plaintiff Barger was employed was his work for First Data and he also had other clients.

On page 8-9 of the Motion to Compel, you make the following false and misleading factual statement:

- On Tuesday, September 18, 2018, G. Barger filed a Motion for Reconsideration which he never served on the Defendants.

I did serve the Motion for Reconsideration by mailing to First Data's counsel, Mr. Eidelman. A copy of the Certificate of Services was attached to my Motion to Reopen 2:18-mc-01489. Mr. Eidelman had already received that mailing by September 24, 2018 when you signed the Motion to Compel. You merely needed to ask your co-counsel if the statement you were signing was correct and accurate.

On page 9 of the Motion to Compel, you make the following false and misleading factual statements:

- In that Motion, G. Barger misled the Court by advising that Defendants had "cancelled" the depositions after the filing of the Motion to Quash and Motion for Protective Order. While he attached to his Motion for Reconsideration a number of emails, he neglected to attach the September 14, 2018 email referenced above in which Defendants' counsel advised that pending a determination on the Motion to Quash and Motion for Protective Order, the depositions were being continued (postponed)

5

This topic was discussed in my letter. I was merely cc'd on an e-mail to Phil Morgan, as were all of the lawyers involved in the *Barger v. First Data* case. It was merely informational for me to know that Eidelman was not going to be in Birmingham on September 17, 2018 when my deposition was scheduled. The content of the September 14 e-mail was not directed to me. Eidelman never sent me a similar e-mail regarding my deposition. I did not mislead the Court.

6

Arnold Umbach
September 28, 2018

## **E-MAILS**

Attached are the E-mails in which Eidelman, after the Motion to Compel was filed, admits that we had not met and conferred

7

**Subject:** Re: Obligation to Meet and Confer - IN Barger v. First Data
**From:** Grant Barger <barger.grant@gmail.com>
**Date:** 9/27/2018 4:14 PM
**To:** "Gary B. Eidelman" <Gary.Eidelman@saul.com>                    •                    •
**CC:** Shawn Shearer <shawn@shearerlaw.pro>, tumbach@starneslaw.com, David Zeitlin
<david@zeitlinlawfirm.com>, Gillian.Cooper@saul.com

Mr. Eidelman,

I know that I am not a lawyer. I have read that you are considered by your firm, Saul Ewing, to be the "co-chair" of the firm's Employment Division. To the public viewer, that title appears to have some kind of weight behind it. Given my understanding of how other organizations operate, I will assume that your elevated status within your firm means that you have authority in your field and that other, younger lawyers look to you as an example and mentor in many respects.

I have taken time from my own job to educate myself as much as I can about this process because I do not have extra resources to hire a lawyer for this matter at present. One thing that is quite easy for me to understand is that:

1) I have every right to file and try to protect myself from your subpoena(s) since you never responded to my offer to try to find a time for Phil and myself to possibly meet with you at the office of a lawyer I have in Birmingham who assists me on other matters. I have attempted, from August 11th forward, to "meet and confer" with you and avoid unnecessary use of the Court's valuable time. You had a deadline of August 31st in your New York case, and I made every

attempt to help you meet that deadline.

2) You filed a document with the Court in New York saying that you needed "more time" to get testimony from Phil and me. You also told that Court that the reason you needed more time was a direct result of matters involving Joe Plumeri and me. I told you that I have known Joe Plumeri since 1983. I asked you several times to tell me what it is that you want to know from me about Joe – you have never answered me.

3) Even though you got time extended in New York by telling them that you need information from me about Joe, nothing in the subpoena(s) you sent to my house mentions Joe. I have continuously asked you to just be direct. Instead, you sent me a bunch of demands to get information about my current clients. Did you tell the Judge in New York that you wanted my client list for an FMLA/ADA case involving a former contractor I used to work with? Because I don't see that you asked the court for that ability on PACER. Regardless, I have tried to get you to communicate with me, so we can get into a realistic "scope" for this event. All you do is demand things, and you never try to find any common ground. I know I am not a lawyer, but I am a human. And I deserve the same respect I am giving you.

4) Everything I can find to read about this process makes it clear that both parties must "meet and confer" and certify to the appropriate Judge that we did so. Unless we can do that, no protective order can be requested, and no motion to compel can be sought. I have provided Chief Judge Bowdre with the e-mails I sent you upholding

my end of the meet and confer by trying to find some middle ground with you. On the other hand, you went to a different Judge, on September 24th, with no proof that you tried to meet and confer (because you never have) and misled that Judge into thinking you had followed a process you never followed. Then, when you admitted to me on September 26th that you had failed to uphold your end of the required "meet and confer", I thought you were going to stop lying to the Alabama Courts, pull your "motion", and try to work with me. Instead, you did the exact opposite, tried to intimidate me and name drop the new Judge and imply that you and Mr. Umbach have some sort of an "in" with him. You are really just trying to make the Court do your job for you. My understanding is that "meet and confer" is designed to keep clutter away from the Courts. Not so that you can hammer a pro se with your east coast connections.

This is simple, Mr. Eidelman. Please be direct. I am asking you to do what I am doing and be honest with the Court and do the right thing. Remove your motion from the Alabama Court until we meet and confer, and then if we cannot find common ground, maybe then, you can tell the Judge the truth and certify the required paper saying we both met our obligation. You can't leave a motion in front of a Judge that relies on something that is not true. We have never met and conferred because you will not meet and confer. I believe we can find common ground without wasting the Court's time. You aren't trying.

What you are doing is wrong. I am trying to give you a chance to do what you were supposed to do. Please contact me and let me know that you have removed your motion and then we can move this process forward the right way.

Grant Barger

On Tue, Sep 25, 2018 at 7:06 PM Eidelman, Gary B. <Gary.Eidelman@saul.com> wrote:

Mr. Barger:

We have no intention of withdrawing our Motion to Compel as to you and Mr. Morgan. We will let Judge Kallon decide our Motion.

cid:image002.png

**Gary B. Eidelman**
SAUL EWING ARNSTEIN & LEHR LLP
500 E. Pratt Street
Suite 900 | Baltimore, MD 21202-3133
Tel: 410.332.8975 | Fax: 410.332.8976 | Mobile: 410.303.8832

Gary.Eidelman@saul.com | www.saul.com

SEAL_WISEBlog_sig

*Follow our blog, WISE: Workplace Initiatives and Strategies for Employers, here*

**From:** Grant Barger [mailto:barger.grant@gmail.com]
**Sent:** Tuesday, September 25, 2018 2:44 PM
**To:** Eidelman, Gary B.
**Cc:** Shawn Shearer; tumbach@starneslaw.com; david@zeitlinlawfirm.com
**Subject:** Re: Obligation to Meet and Confer - IN RE: Barger v. First Data


Mr. Eidelman,

I will be happy to continue to uphold my end of our mutual obligation to meet and confer as soon as you remove the motion currently filed in Alabama. Case No. 2:18-mc-01569-AKK. Once you formally withdraw that motion and notify me that this has been done through legal proof of service I will provide you with dates on which I may be available for deposition. Please do not misconstrue this email as any form of agreement to provide documents or specify testimony. On September 19th all matters pertaining to the subpoenas you sent to my home were rendered moot by Chief Judge Bowdre in the Northern District of Alabama. As a result of that ruling, I have not formally objected to any matters pertaining to those moot subpoenas.  If necessary I will be asking for an extension of time to object to matters surrounding the now moot subpoenas you sent to my house and anticipate that my request will be granted. Please let me know when your motion has been withdrawn in Alabama so that we can begin to do this the right way.


Grant Barger


On Tue, Sep 25, 2018 at 1:04 PM Eidelman, Gary B. <Gary.Eidelman@saul.com> wrote:

   Mr. Barger:

   I would be happy to confer with you about dates when you are available to be deposed in Birmingham. If you can provide me with a list of those dates, we can then schedule a call to discuss. Please advise. Thank you.

   Gary B. Eidelman
   Sent from my iPhone

   On Sep 25, 2018, at 12:52 PM, Grant Barger
   <barger.grant@gmail.com<mailto:barger.grant@gmail.com>> wrote:

\*\*EXTERNAL EMAIL\*\* - This message originates from outside our Firm. Please consider carefully before responding or clicking links/attachments.

•         •         •         •         •         •

Mr. Eidelman,

I understand that you and I were supposed to "meet and confer" and certify that we did so to the Court. I have attempted to meet this obligation with you more than once. Why do you refuse to meet and confer with me when you know I am representing myself? I am treating you with the respect you deserve and yet you are refusing to extend me the same courtesy. I am asking you once again what you want. I am a very direct person. This subterfuge and amped up drama is all unnecessary. Why did you tell the Court in New York that you need more time because of Joe and then not ask me anything about Joe? You are aware that there is a case filed in Alabama on this matter. It is unfortunate for all parties involved that you do not respect me or this process. If you want to meet your end of our obligation to meet and confer, contact me today.


Grant Barger

<Civil Cover Sheet.pdf>
<Gmail - Alabama Protective Order.pdf>

"Saul Ewing Arnstein & Lehr LLP (saul.com) " made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~+

This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~+

—Attachments:——————————————————————————————————————

| | |
|---|---|
| image001.jpg | 0 bytes |
| image002.jpg | 0 bytes |
| image002.jpg | 0 bytes |