IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| STEVEN B. BARGER, an individual, | Civil Case No. EDNY: 1:17-cv-04869-FB-LB |
| Plaintiff, | Civil Case No. 2:18-mc-01569-KOB |
| v. | |
| FIRST DATA CORPORATION, *et al.*, | |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO GRANT BARGER'S (1) MOTION FOR SANCTIONS (ECF No. 13) AND (2) OBJECTION TO NOTICE OF CORRECTION AND MOTIONS FOR SANCTIONS (ECF No. 14)**

Defendants First Data Corporation, Frank Bisignano, Dan Charron, Anthony Marino, Karen Whalen, and Rhonda Johnson, by their undersigned counsel, submit their Opposition to Grant Barger's (1) Motion for Sanctions (ECF No. 13) and (2) Objection to Notice of Correction and Motions for Sanctions (ECF No. 14). As demonstrated below, the Court should deny both Motions and compel enforcement of the subject subpoenas.

## INTRODUCTION

The only matter before this Court is the legitimate and lawful attempt by Defendants, pursuant to Rule 45 of the Federal Rules of Civil Procedure, to take two limited-in-time depositions on the same day in Birmingham, Alabama (i.e.,

{B2989924}

Phillip Morgan beginning at 10:00 a.m. and the combined deposition of Grant Barger and his company at 3:00 p.m.).[1] These depositions are sought in the matter of *Steven Barger v. First Data Corporation, et al.*, 1:17-cv-04869-FB-LB, pending in the United States District Court for the Eastern District of New York.

Before serving the subpoenas, Defendants sought leave from the New York Court to take the depositions of Morgan and G. Barger after the close of fact discovery, since neither can be subpoenaed for trial under Rule 45(c)(1)(A) (both reside more than 100 miles from the federal courthouse in New York). *See* ECF No. 1-1, Exhibit A. The New York Court, where this matter has been pending for over a year, was well-positioned to consider Defendants' request and need for this discovery. On August 17, 2018, Judge Bloom granted Defendants' request to take the Morgan and G. Barger depositions. *See* ECF No. 1-1, Exhibit B. The subpoenas for depositions and documents were then properly served along with checks for witness fees and mileage.

As demonstrated by the voluminous and repeated filings, and the newly filed unjustified motions for sanctions under Rule 11, the efforts undertaken by Morgan and G. Barger to prevent Defendants from taking their depositions are nothing

---

[1] So as not to burden the Court any more than necessary, Defendants adopt and incorporate the procedural history set forth in the Motion to Compel (ECF No. 1) unless otherwise noted.

short of "staggering."[2] In these filings, G. Barger tells this Court again and again, without any legitimate basis, that the undersigned counsel are intentionally lying to this Court. Unlike G. Barger, who apparently has prepared all of the multiple filings in this case on behalf of himself and Morgan *pro se*, the undersigned counsel, as officers of the Court, have a duty of candor towards this tribunal. Mr. Umbach has been a member of the Alabama bar since 1992. Mr. Eidelman has been a member of the Maryland bar since 1987, and the District of Columbia bar since 1988. Both understand their sworn duty to this Court. None of the pleadings submitted by Defendants in this case contain lies or were submitted for an improper purpose. Defendants' reasons for taking the depositions are warranted by existing law and have been approved by the federal court in New York.

The filings in this case by G. Barger demonstrate a disregard for the rule of law. This Court should reject and not condone the efforts of G. Barger and Morgan to avoid appearing for depositions.[3]

---

[2] The choice of this word is intentional because "staggering" is the word G. Barger baselessly uses to describe the number of lies he claims that counsel have made to this Court, along with other unfounded accusations such as that Defendants have somehow "mocked him" in referring to the Notice of Correction that Defendants filed on October 22, 2018. ECF No. 12. In that pleading, an apology was made to the Court and G. Barger for any inconvenience caused by mistakenly including the word "Consulting" in the title of his company's name.

[3] G. Barger also brazenly accuses Defendants of "judge shopping." ECF No. 14, at 10. That inflammatory accusation is again untrue. The reason why the Motion to Compel was filed in a new case is because the Court had already closed Miscellaneous Case No. 2:18-mc-01491-KOB.

{B2989924}    3

## THE INSTANT MOTIONS

On October 22, 2018, G. Barger filed a Motion for Sanctions. *See* ECF No. 13. G. Barger alleges that Defendants' Motion to Compel (ECF No. 1) "is not on [his] record and contains false and misleading information." ECF No. 13, at 1. He asks the Court to deny the Motion to Compel, declare the subpoena quashed, prohibit Defendants from taking his deposition and seeking documents, and remove Mr. Umbach and Starnes Davis Florie LLP as counsel for Defendants. To support this Rule 11 Motion, G. Barger relies on a letter he sent Defendants on September 28, 2018, in which he claims that Defendants misrepresented facts and the law in connection with trying to take the two depositions. *See* ECF No. 13, at 3.

On October 22, 2018, G. Barger also filed an Objection to Notice of Correction and Motion for Sanctions under Rule 11. *See* ECF No. 14. The focus of this Motion, among other things, is his insistence that Defendants are lying when they advised the Court that they had mistakenly misnamed G. Barger's company. He asks this Court for "terminating sanctions to end this case," and "protection against any further subpoenas."

## ARGUMENT

**I. G. BARGER'S RULE 11 MOTION FOR SANCTIONS SHOULD BE DENIED**

"The purpose of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Kaplan v. DaimlerChrysler,*

{B2989924}                                   4

*A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003) (citations and internal quotation marks omitted). The Eleventh Circuit has instructed that Rule 11 sanctions are warranted when: (1) a party files a pleading that has no reasonable factual basis; (2) the party files a pleading based on a legal theory that has no reasonable chance of success and cannot be advanced as a reasonable argument to change existing law; or (3) the party files a pleading in bad faith for an improper purpose. *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001). "Rule 11 sanctions are designed to discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987) (internal quotation marks and citation omitted).

While Defendants will not address every inaccuracy or accusation, the following demonstrates that the Motions are improper and should not be granted:

### 1.   The Subpoenas Were Not Quashed

One of G. Barger's recurring themes is that the Court already quashed the subpoenas. According to him, because they are allegedly moot, Defendants cannot compel that which no longer exists. *See, e.g.*, ECF 13, at 7 ("[t]here are no legitimate, valid subpoenas either for my deposition or for documents, to empower the judge in front of which you attempted to file your motion to compel, to take action" and "[t]he legal contention that the subpoenas can be compelled after they were ruled moot is unsupportable."). G. Barger is wrong.

The initial pleading filed by G. Barger on behalf of himself and Morgan on September 13, 2018, in the matter styled *Grant Barger v. Saul Ewing Arnstein & Lehr, et al.* Case No. 2:18-mc-01491-KOB, was a Motion to Quash and Motion for Protective Order. *See* Case No. 2:18-mc-01491-KOB, ECF No. 1. On September 17, 2018, the Court denied that Motion on several grounds:

> Because the party seeking the deposition lacked notice of this motion, the court must deny the motion. Additionally, Mr. Barger has already indicated his willingness to speak with Mr. Eidelman in August 2018. (Doc. 1 at 2). While the prior meeting suggested but never confirmed for August 17, 2018 did not occur, the failed meeting does not excuse Mr. Barger from complying with the current subpoena for a deposition on September 17. Therefore, this court DENIES Mr. Barger's motion to quash the subpoenas and motion for protective order.

*See* Case No. 2:18-mc-01491-KOB, ECF No. 4. On September 19, 2018, the Court vacated that Order on several grounds:

> This matter comes before the court on Plaintiff Grant S. Barger's Supplement to Motion to Quash and Motion for Protective Order Motion to Reconsider. (Doc. 6). On September 17, 2018, this court entered an order denying Mr. Barger's motion to quash and motion for protective order. (Doc. 4). The court primarily based its reasoning on Mr. Barger's failure to serve the motion on the party seeking the deposition under Rule 5(a)(1)(D) of the Federal Rules of Civil Procedure. Mr. Barger's supplement provides clarification. Because the deposition at issue was canceled, <u>the court need not consider whether Mr. Barger's motion to quash and motion for protective order should be granted</u>. Therefore, the court VACATES its September 17 Order (doc. 4) and finds

> Mr. Barger's Motion to Quash (doc. 1) and Motion to Reconsider (doc. 6) MOOT in light of the depositions voluntary cancelation.

*See* Case No. 2:18-mc-01491-KOB, ECF No. 7 (emphasis added). As demonstrated above, it was G. Barger's motion that was deemed moot, *not the subpoenas*. This Court has never quashed the subpoenas.[4]

### 2. G. Barger Misstates the Meet and Confer Obligation

Defendants have attempted in good faith, on multiple occasions, to arrange for and discuss the depositions of Morgan and G. Barger, only to face an onslaught of pleadings. *See* ECF Nos. 1 and 11. Regardless, it is an alleged failure of Defendants to meet and confer which serves as the cornerstone of G. Barger's arguments for protective orders and sanctions. *See* ECF No. 13, at 6-8, and ECF No. 14, at 2-3, 9-10. It is telling that G. Barger cites no rule requiring Defendants to meet and confer before the Motion to Compel was filed.

There is no requirement to meet and confer before filing a motion pursuant to Rule 45 and the Local Rules do not set forth a meet and confer obligation.[5]

---

[4] As set forth in the Motion to Compel, Defendants did not "cancel" the depositions as G. Barger has represented to this Court. Morgan and G. Barger were notified the depositions were *continued (postponed)* due to the fact that the Motion to Quash and Motion for Protective Order had been filed. Defendants should not have been required to bear the cost and burden of traveling to Birmingham for depositions only to have the deponents not appear. The depositions were continued pending a resolution of Defendants' anticipated Motion to Compel. Because G. Barger was only copied on an email to Morgan (who he claimed to represent) conveying this information, he claims that Defendants lied to this Court when referencing this fact. ECF No. 13 at 7. G. Barger's accusation is absurd.

[5] Conversely, Rule 37(a) has a meet and confer requirement. Defendants, however, did not move pursuant to Rule 37(a).

Nonetheless, Defendants are mindful of this Court's July 2003 standing Order Regarding Expectations of Counsel. Notwithstanding the barrage of personal insults and spurious accusations, the undersigned counsel have endeavored to act at all times to the "highest standards of ethical, professional and civil conduct" and have diligently adhered to the Court's expectations of counsel as set forth in Expectation Nos. 1-10 as applicable. With respect to Expectation No. 6, that the "Court expects counsel to make good faith efforts to resolve by agreement their objections to matters contained in pleadings and discovery requests and objections," Defendants tried (*see* ECF No. 11), but that resulted in more abuse and the Rule 11 Motions being filed.

Here, there is absolutely no basis for G. Barger's claim that Defendants violated Rule 11. Instead, G. Barger has filed frivolous motions and used "costly meritless maneuvers" in an attempt to prevent the deposition of himself and Morgan. *See Kaplan*, 331 F.3d at 1255. Although he is proceeding *pro se*, G. Barger by his pleadings has violated many of the Court's Expectations for how disputes are to be resolved.

### 3. G. Barger's Claims Regarding the Misnaming of The Barger Group LLC Are Without Merit

There is no basis for imposing Rule 11 sanctions on Defendants because they inadvertently used the incorrect name when referring to The Barger Group, LLC. *See Goodman v. Goodman*, 2007 WL 748445, at *2 (D.N.J. Mar. 6, 2007)

(concluding that an "obvious typographical error" or "simple mistakes" do not warrant imposition of Rule 11 sanctions). G. Barger's father, Steven Barger (Plaintiff in the underlying action) claims to own a separate company called "Barger Consulting." Defendants mistakenly combined the names of the two entities, resulting in the "Barger Consulting Group, LLC." Once G. Barger brought that error to Defendants' attention, Defendants immediately filed a notice of correction. *See* ECF No. 12. *See also Sotomayor v. Uniroyal Goodrich Tire Co.*, 1993 WL 336062, at *2 (N.D. Ill. Aug. 27, 1993) (declining to impose sanctions for an inadvertent factual mistake that counsel immediately corrected).

As officers of the Court, counsel has represented that Defendants' error was not intentional, was not meant to deceive any parties or the Court, and is not the type of action for which Rule 11 sanctions are appropriate. As discussed above, the "goal of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Yocum v. Nationstar Mortg.*, LLC, 2017 WL 3668178, at *5 (N.D. Ala. Aug. 24, 2017). G. Barger has chosen to levy absurd accusations and overwhelm the Court and Defendants with filings all over one mistaken word in the entity name. G. Barger's decision to engage in costly meritless maneuvers over this typographical error belies the purpose of Rule 11.

## II. G. BARGER'S SECOND RULE 11 MOTION IS PROCEDURALLY IMPROPER

The Court should deny G. Barger's Rule 11 Motion with respect to his letter dated October 18, 2018, as it is procedurally improper. The October 18, 2018, Rule 11 letter cannot be filed as a motion until 21 days after serving it on the opposing party. Fed. R. Civ. P. 11(c)(2). G. Barger admits that he is ignoring the Rules because "[he] [does] not have another 21 days to sit around for them to correct their correction." *See* ECF No. 14, at 1. The Court should deny G. Barger any relief sought in the October 18, 2018 Rule 11 letter because it violates the Federal Rules of Civil Procedure. *See Redmon v. Lake Cty. Sheriff's Office*, 414 Fed. Appx. 221, 225-26 (11th Cir. 2011) ("Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules.").

## CONCLUSION

Despite all of the rhetoric, G. Barger has failed to show cause as to why his deposition and Morgan's deposition should not be compelled. Defendants respectfully request that this Court deny G. Barger's Motion for Sanctions (ECF No. 13) and Objection to Notice of Correction and Motions for Sanctions (ECF No. 14) and grant Defendants' Motion to Compel (ECF No. 1).

        Respectfully submitted,

        */s/ Arnold W. Umbach III*
        Arnold W. Umbach III, ASB-1932-M66A
        **STARNES DAVIS FLORIE LLP**
        100 Brookwood Place, 7th Floor
        Birmingham, AL 35209
        T: (205) 868-6072
        F: (205) 868-6099
        TUmbach@starneslaw.com

        *Counsel for Defendants*

*Of Counsel*

Gary B. Eidelman
(admitted *pro hac vice*)
Saul Ewing Arnstein & Lehr LLP
500 East Pratt Street, Suite 900
Baltimore, Maryland 21202
Phone: (410) 332-8975
Fax: (410) 332-8976
gary.eidelman@saul.com

Dated: October 24, 2018

{B2989924}        11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the following counsel via overnight delivery and electronic mail:

Phillip D. Morgan
Phillip Morgan & Company, P.C.
3176 Cahaba Heights Road, Suite 100
Birmingham, Alabama 35243

Grant Barger &
The Barger Group LLC
6200 Foxwood Trail
Birmingham, Alabama 35242

I hereby certify that a true and correct copy of the foregoing was served on the following counsel via electronic mail:

David A. Zeitlin, Esq.
Zeitlin & Zeitlin, P.C.
50 Court Street, Suite 506
Brooklyn, New York 11201
T: (718) 522-5644
david@zeitlinlawfirm.com
*Attorneys for Plaintiff*

Shawn E. Shearer, Esq.
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue, Suite 155-254
Dallas, Texas 75204
T: (214) 434-1594
shawn@shearerlaw.pro
*Attorneys for Plaintiff*

/s/ Arnold W. Umbach III
Arnold W. Umbach III

Dated: October 24, 2018