


# United States District Court
# for the
# NORTHERN DISTRICT OF ALABAMA

2018 OCT 29 A 8:19

| | | |
|---|---|---|
| **STEVEN B. BARGER, an individual,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **Civil Action No. EDNY: 1:17-cv-04869-FB-LB** |
| **V.** | : | |
| | : | **Civil Action No. 2:18-mc-01569-KOB** |
| **FIRST DATA CORPORATION, et al.,** | : | |
| | : | |
| **Defendants** | : | |
| | : | |
| | : | |
| | : | |
| | : | |

**REPLY**
**IN SUPPORT OF GRANT BARGER'S**
**MOTION FOR RULE 11 SANCTIONS (Docket No. 13)**
**AND**
**OBJECTION TO NOTICE OF CORRECTION AND MOTIONS FOR SANCTIONS (Docket No. 14)**

I am Grant Barger. I am appearing pro se. This is my Reply in Support of Motion for Rule 11 Sanctions (Docket No. 13) and my separate Motion for Sanctions included in Docket No. 14. Attached as "Exhibit A" is a timeline summarizing the procedural history and "Exhibit B" is a timeline of my attempts to meet and confer, the Defendants' lack of meeting and conferring, and it shows that I have not been hiding, I have been communicating, but have only received demands for compliance without discussion of scope or relevance.

## 1. DEFENDANTS HAVE BURDENED THE COURT – NO MEET AND CONFER AND MISREPRESENTATIONS

Defendants and their attorneys Umbach and Eidelman, in their Opposition (Docket No. 15) continually try to emphasize they are not burdening the Court, but I am. If Umbach and Eideman were truly interested in avoiding placing burdens on this Court, they would have taken me up on my numerous offers to meet to discuss the relevance of the information they are seeking from me and my business by subpoena for the *Barger v. First Data* case in the EDNY, the information I have readily available without burden, and scope of the subpoenas. Rather they never responded to any of my offers and no meet and confer.[1] If we had met and conferred as offered, we may

[1] My first request to meet and confer was on August 14th so that they could meet their August 31st end of discovery in New York. Instead of responding to my request to meet to help him meet the deadline, on August 15th Mr. Eidelman instead filed a Request for an extension of time and in that filing with the New York Court, he said:

> Joseph Plumeri, at the time a First Data senior executive, relied on Barger's representations regarding eh amount of monthly income in establishing the rate of the consulting agreement and ultimately his compensation for employment. . . . He also testified that Barger Group, LLC (his son's company) billed for his consulting services and then distributed to him a fraction of what was billed. There exists a large discrepancy between his 3 ½ mons of consulting services under the Consulting Agreement and what was actually billed and collected by Barger Group, LLC

In this writing, he shows two things: (i) he wants information about Joe's negotiation of the consulting agreement; and (ii) he knows the proper name of the company is The Barger Group, LLC. Not a single one of the requests in the subpoenas asks anything about Joe. Defendants should not be allowed to expand their questioning and harassment of me beyond the topics that they represented to the New York Court that they needed to justify an extension of time.

Then even after getting the extension in mid-August, they did not serve me until September 8th, and then tried to rush me to a deposition 9 days later and gather documents covering 8 years of many burdensome and irrelevant areas. Ever since they filed the Motion to Compel in this case, I have continually requested that they meet with me to discuss the subpoena. They have refused every time. I wrote to Mr. Eidelman on September 27th "I have attempted from August 11th forward to "meet and confer" with you to avoid unnecessary use of the Court's valuable

have been able to reach an agreement, and if a complete agreement could not be reached, limited issues specific to our areas of non-agreement could have been presented to the Court.

DEFENDANTS CHOSE TO BURDEN THE COURT AND DID NOT MEET AND CONFER.

Defendants requested production of documents to happen only 4 days (3 business days) after subpoenas were delivered to me and set a deposition date only 9 days after I had received them. [2] They did not respond to my request to meet and confer during this period, so I was forced to file my first Motion to Quash (Docket No. 1 in Case No. 2:18-mc-01491-KOB) because of the timing and scope of the requests. The Court ruled that this Motion was Moot and the case closed. Then, only 11 business days after the subpoenas had been served and with response to my requests to meet, Defendants filed the Motion to Compel (Docket No. 1) as a new case, seeking a new judge instead of requesting the original case before Your Honor, that was closed only 3 business days earlier, be reopened. I was then forced to file my Opposition and second Motion to

---

time. You had a deadline of August 31st in your New York case, and I made every attempt to help you meet that deadline." Eidelman even recently wrote to me the following: **"I am not interested in coming to Birmingham to have a "conversation" or "speak" with you or Mr. Morgan because a conversation is not admissible in court."** This is contrary to my understanding of a meet and confer. It is exactly opposite of what I understood. I thought a meet and confer was an off the record discussion regarding the scope of discovery before a sworn deposition that is admissible in court. Even last week I tried to set dates to meet and confer with no response.

[2] One Subpoena I received was issued to BARGER CONSULITNG GROUP, LLC. In the first paragraph of the Motion to Compel, the Defendants moved for an order compelling Phillip Morgan, Grant Barger and BARGER CONSULTING GROUP to comply with subpoenas. In my opposition to the Motion to Compel (Docket No. 5), I noted at the top of page 2 that I did not have an interest in BARGER CONSULTING GROUP. When Defendants filed their Reply (Docket No. 9) they changed the name of the party they were seeking to compel to BARGER GROUP. I sent them a separate Rule 11 Motion (not yet filed) and I advised them of this improper change. Defendants then filed a correction (Docket No. 12) attempting to change the parties to the Motion to Compel and even trying to change the name on the subpoena. There is no subpoena issued to the BARGER GROUP, LLC. THE BARGER GROUP, LLC has not been served. In my Docket No. 14, I outlined why this was not a typo. It was intentional and representations to the Court otherwise are misrepresentations. The Defendants got the name "Barger Group, LLC" correct numerous times in their filing with the New York Court (especially in their filing to get extra time to come to Alabama). Mr. Morgan's subpoena asks for documents in his possession regarding the taxes of BOTH Barger Consulting Group and Barger Group. A simple search of the Alabama Secretary of State site would show there is no Barger Consulting Group, but there is a company The Barger Group, LLC. It simply is not believable that this was a "typo". They made an error and subpoenaed the wrong company. The Barger Group, LLC has not been served and is not before this Court.

Quash (Docket No. 5) that was followed by their Reply and Opposition (Docket No. 9) and my Reply to support my Motion to Quash (Docket No. 11). It was the Defendants that initiated this "burden on the court" not me.

The Defendants also have continually made misrepresentations of fact and law. They even did so again in the most recent filing. I felt the need to serve two Rule 11 motions to Umbach, and I have filed one Rule 11 motion (Docket No. 13) because a meet and confer did not occur prior to the filing of the Motion to Compel, and I filed a motion for sanctions in my Docket No. 14 because they intentionally tried to slide by a change to the parties to the Motion to Compel in Docket No. 12 after all three documents on the motion (Dockets1,9, 11) had already been filed and I could not respond and to get this Court to enter an order against an entity that has not been served a subpoena and is not before this Court. If Defendants had served the proper party, then included the proper party served in the Motion, followed Rule 30(b)(6) by providing the entity topics of deposition, and not made numerous misrepresentations to this Court (and to the court in the EDNY that impacts the relevance and need for information I may have), this Court would not have been burdened with deciding whether The Barger Group, LLC is subject to the Motion to Compel, and the Court would not need to be burdened with my sanction motions.

All of the burdens on the Court in the case have been the direct result of Umbach's and Eidelman's total lack of communication with me, their failure to meet and confer with subpoena recipients, errors in determining proper entities to be subpoenaed, and errors in naming parties to their motion. I have had nothing to do with any of those, they have lied about their conduct, and these are the professionals.

## 2. MOTION TO QUASH MOOTNESS – PREJUDICE TO GRANT BARGER

My first Motion to Quash (Docket No. 1 in Case No. 2:18-mc-01491-KOB) asked that me

and my business and our documents be protected for the reasons I stated. Because of that filing, Defendants canceled my deposition and "suspended (postponed)" Phillip Morgan's deposition, the date of noticed deposition (9/17) passed, and you wrote on Wednesday September 19, 2018:

> Motion to Quash (doc. 1) and Motion to Reconsider (doc. 6) MOOT in light of the depositions voluntary cancelation.

Case No. 2:18-mc-01491-KOB was then closed. On Monday September 24, 2018, Defendants then filed their Motion to Compel (Docket No. 1) that started this case 2:18-mc-01569-KOB. The case was originally assigned to Judge Kallon, but was moved back to Your Honor in Docket Nos. 3 & 4).[3] I had not served my objections to the subpoena document lists yet because I had filed the Motion to Quash that was then declared moot. Only two business days went by before they filed their Motion to Compel depositions and document production.

Defendants claim my deposition was "suspended (postponed)" and not canceled because they sent an e-mail to Phillip Morgan. This is not true, they canceled mine because I had filed a Motion to Quash. Mr. Morgan's was "suspended (postponed). The e-mail was TO Phillip Morgan telling him not to appear as indicated in his subpoena. That e-mail repeatedly uses the words "you" and "your" to refer to Mr. Morgan. It never refers to me, Barger, or to Morgan and me as "us". I am my own counsel. In the e-mail I was listed as a "cc:" along with all of the other counsel involved in this case and the EDNY case. The e-mail was not "To" those lawyers. It was sent to them and me for information as a "cc". There is no indication in that e-mail that it had anything to do with the subpoenas as information to me as my counsel. I did not ever think that e-mail was directed towards me or the subpoenas I received. The e-mail to Morgan was not to me and did not "suspend (postpone)" my deposition. Mine was canceled pending the Motion to

---

[3] When I realized they were trying to compel me to produce documents under subpoenas that I believed were moot, on October 9, 2018, I delivered my objections to the documents requested and I have never had a conversation with Eidelman or Umbach about those objections despite my repeated requests.

Quash that was declared Moot. Because that Motion to Quash was pending and then moot, I was prejudiced in my timing of sending my objections to the document production requests.

## 3. RULE 45 IS IMPROPERLY INVOKED TO AVOID MEET AND CONFER

In Docket No. 15, Mr. Umbach's feigns interest in trying to narrow the issues before the Court by erroneously asserting that the Rule 11 Motion, the Motion to Compel, and my request for sanctions are all ruled solely by Rule 45 and the Court should not look at the other Federal Rules. Mr. Umbach's statement is, at best, absurd and at worst, another deliberate misrepresentation to district the Court and attempt to trick a pro se.

I have read Rule 45 several times, and nowhere in Rule 45 is there a provision for seeking a motion to compel depositions. Rule 45(d), however, does permit the Alabama Court to protect me, an Alabama resident not a party to the EDNY case, from burdensome subpoenas issued by the Defendants. It also outlines my ability to object to document production requests, which I have, and authorizes this Court to quash or modify the subpoenas. It does not allow a motion to compel a deposition. Rule 45(d)(2) is titled "Command to Produce Materials or Permit Inspection." It does not apply to a subpoena for depositions, only "documents and things." Rule 45(d)(2) only permits a motion to compel "documents and things" AFTER objections have been raised by "a person commanded to produce documents." My objections were not delivered until after the Motion to Compel the Motion to Compel (3 business days after my Motion to Quash was declared moot – I had not even received service of the mootness order before the Motion to Compel was filed). The Motion to Compel was also filed only 11 business days after I had received my subpoena, and I had a Motion to Quash pending most of those days that should have allowed me additional time to object before the Motion to Compel was filed for production of documents. I did not have "reasonable time to comply" (only 3 days after the Motion to Quash

was declared moot) and the requests for documents are an "undue burden" and excessively broad. The Motion to Compel document production in the subpoenas is not permitted under Rule 45(d)(2) for those reasons and should be quashed.

And, if a motion to quash is moot because the date of performance in the subpoena had passed and they canceled my deposition, they should not be able to file a motion to compel. If I can't quash under Rule 45(d) because my first Motion to Quash was declared moot by the Court, they should not be able to file a motion to compel 3 days later for the same subpoenas I could not seek to quash because they were moot. That result is completely unfair and cost me time to object to the document requests. **If, as they say in Docket No. 15, they are trying to use only Rule 45 to compel depositions, the Motion to Compel must be denied because Rule 45 does not authorize a motion to compel depositions.**

## 4. RULE 37 GOVERNS THIS MOTION – MEET AND CONFER REQUIRED

Federal Rules 26(b) (Discovery Scope and Limits), 26(c) (Protective Orders) 30 (Depositions by Oral Examination), and 37(Failure to Make Disclosures or to Cooperate in Discovery; Sanctions) apply because this matter is a subset of discovery in the EDNY. Rule 37, not Rule 45, is where there is a provision authorizing this Alabama court to decide their Motion to Compel all discovery. Rule 37(a) (1) & (2) says:

> (a) MOTION FOR AN ORDER COMPELLING DISCLOSURE OR DISCOVERY. (1) *In General*. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosures or discovery in an effort to obtain it without court action. (2) *Appropriate Court*. A Motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the Court where the discovery is taken. . . .

There is no similar provision in Rule 45 for compelling all "discovery". Rule 37(a), not Rule 45, applies to compelling "discovery." It also requires a certificate on meet-and-confer. In the case I

provided Your Honor as Exhibit D to my Docket No. 11, the cases used by the Court before say that mere e-mails asking for dates for depositions are not a good faith meet and confer. That is all that has happened in this case. They will not talk to me about any limits on the scope of questions or documents considering what they told the EDNY they needed from me and the "proportional" needs of the EDNY case, the burden on me, a non-party, and the harassment of filing a motion before meeting. The subpoenas ask for a lot more information than what they told the EDNY they needed for the *Barger v. First Data* case. I listed on page 6 & 7 of my Docket No. 11 some of those broad, burdensome, trade secret, and harassing areas covered by the document categories they sent me.[4] These requests are broader than what they told the EDNY they were seeking. They told the EDNY they only needed information about Joe Plumeri and the Plaintiff's income while he was a contractor for my business. Rule 26(b) should apply to limit the scope of any deposition or document request. They have not met and conferred with me about the broad and irrelevant scope. I have tried. They have refused. Mr. Eidelman has made clear he does not want to have a conversation with me at all (see footnote 1 above)

## 5. <u>MORE MISREPRESENTATION BY UMBACH AND EIDELMAN</u>

Mr. Umbach's intentionally misstated to this court that Rule 37(a) doesn't apply. Under Rule 45, Your Honor has jurisdiction over the parties that reside in this district and the power to grant my motion to quash or modify the subpoenas issued to me under Rule 45, but Rule 45 does not provide for a motion to compel depositions. Mr. Eidelman has been admitted "pro hac vice" uses local counsel to appear in this court, is subject to the Federal Rules and the Local Rules, and is responsible for Defendants' filings Mr. Umbach and Mr. Eidelman read the Federal Rules inconsistently to make an excuse for an illegitimate Motion to Compel and to avoid the penalty

[4] The requests include 8 years of bank account statements, my client contracts, my client lists, my billing rates, my business tax returns for 8 years, and my communications with counsel. Half of these 8 years include the time when the Plaintiff was not even involved with my company and he was employed by Defendants.

they deserve for not pulling that motion as I demanded in the Rule 11 Motion. They know very well that they must comply with Rule 37(a) and the "Local Rules" and "expectations of counsel" mentioned in Docket No. 15. They also know that neither Mr. Umbach nor Mr. Eidelman attempted or completed a good faith "meet and confer" with me, or with Mr. Morgan, and they know that neither of them signed or filed a meet and confer certificate. To this day, they still haven't met and conferred and have expressly refused to do so. As recently as three days ago, I emailed Mr. Umbach and asked him for dates of availability in October, since Mr. Eidelman refuses to provide me any dates. Mr. Umbach never responded to me. Yet I have provided dates three times. Both lawyers, and the Defendants, should suffer the penalty for their willful noncompliance, and the knowingly false statements about law and facts they have made (described above and in footnote 6).

**6. RULE 30 (b)(6) OBLIGATIONS ARE NOT MET**

As has been noted and admitted by Umbach and Eidelman, no proper subpoena has ever been served on my company, The Barger Group, LLC. Despite Umbach's lame protestations to the contrary, this was never a typographical error (footnotes 1 & 2 above). I pointed it out and Counsel lied to this Court about the existence of a valid subpoena to my entity on more than one occasion. In my e-mails attached as Exhibit A to Docket No. 5 and Exhibit C to Docket No. 11, I clearly ask Eidelman many times to IDENTIFY TOPICS for deposition and document production, and he refuses to do so. Part of the reason I asked for those topics, is that I am aware that my entity, if ever properly subpoenaed, must appoint a 30(b)(6) representative to testify about corporate knowledge. This representative is one that is appointed at the time of deposition by me. To adequately prepare a "designee" for any deposition of any entity I control, I need Mr. Eidelman to disclose and discuss the topics on which he wishes to depose my entity – Eidelman and Umbach refuse to do so. The form subpoena I received also specifically states that if an

entity is subpoenaed, the subpoena must include a list of topics for the deposition.[5] Even if the Court allows them to change the name on the subpoena, the subpoena to the entity does not contain a list of topics for deposition and does not comply with Rule 30(b)(6) or the form of subpoena and must be quashed.

Again, my requests for topics points to my continuing overall compliance with the spirit of discovery in good faith despite the glaring absence of a valid subpoena to The Barger Group, LLC. At no time have I refused to cooperate. Had they met and conferred, the entity names could have been corrected prior to them burdening the court with a Motion to Compel. Nothing about this process has ever given rise to the need for a Motion to Compel. Barger Group, LLC cannot be compelled when it has not been served properly or at all.

## CONCLUSION

The number of lies and misrepresentations to the Courts by First Data's and its New York and Alabama counsel are staggering. They are mocking me for bringing their misrepresentations to their attention. In the last filing, Docket No. 15, they misrepresented their interest in not burdening the Court (yet they refuse to meet and confer) and they misdirect the Court and me by claiming only Rule 45 applies. They also have presented the Court numerous other intentional misrepresentations.[6] Yes, I have sent them TWO Rule 11s. I do not have another 21 days to sit

---

[5] Rule 30(b)(6) says "*Notice or Subpoena Directed to an Organization.* In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf". The form subpoenas I received say on page 1 next to the "Testimony" box that was checked under the "Name of person to whom this subpoena is directed" the following "If you are an organization, you must designate one or more officers, directors or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:"

[6] These include: include (1) the reason they sought an extension of time in New York were either false or they are seeking more from me than they told the New York judge was the limited reason for an extension; (2) calling their "demands" for compliance "good faith meeting and conferring"; (3) stating they did meet and confer; (4) failing to file a certificate of meet and confer; (5) trying to slide by a name change on the motion and then calling it a typo; (6) representing they can compel depositions under Rule 45; (7) asking the court to compel an entity that has not been

around and wait for them to correct their correction. The Court has an inherent power to sanction outside of Rule 11 that should be used to deter their behavior. [7]

You would think that a "Notice of Correction" would be an attempt to clarify and fix mistakes. Instead, the "Notice of Correction" filed as Docket 12, does nothing more than pile lies on top of previous lies by trying to change the names of parties to Motions and parties that received subpoenas after the wrong subpoenas have been served and then they attempt to have the court compel an entity that has not received a subpoena and is not before the Court (footnotes 1 & 2). I am a non-party to this litigation with other things to do. I should not be spending my time pointing out the lies of lawyers chasing and harassing me for no reason other than I am my father's son. They already have the information they need, they won't meet and confer, and they continue to lie.

All of the subpoenas should be quashed for failing to comply with 26(b)(1), 37(a), 30(b)(6), and because the Motion to Compel is brought only under Rule 45, that does not have a provision for compelling depositions. The Court should grant the sanctions I have requested for the reasons above and in Docket No. 13 and Docket No. 14, and/or the topics should be limited consistent with the representations to the EDNY and subpoenas of entities must be resent and contain topics of deposition.

Dated: October 29, 2018

Grant Barger, Pro Se
6200 Foxwood Trl Birmingham AL 35242
barger.grant@gmail.com
(205)266-8129

served a subpoena; and (8) harassing me by asking for documents from me and my company beyond what is relevant to *Barger v. First Data* as represented to the Court in New York; and (9) lying about "suspending (postpone)" my deposition.

[7] In the Plaintiff's filing in the EDNY case (Docket No. 74 of 1:17-cv-04869-FB-LB) where Plaintiff was also seeking sanctions against Eidelman, they wrote "This Court has the inherent to power manage its own affairs to do whatever is reasonably necessary to deter abuse of the judicial process and assure a level playing field for all litigants. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)."

**CERTIFICATE OF SERVICE**

Today I e-mailed and placed this Motion document into the USPS addressed to the below listed counsel for First Data Corporation.

Arnold W. Umbach III
Starnes Davis Florie LLP
100 Brookwood Place, Seventh Floor
Birmingham, Alabama 35209
tumbach@starneslaw.com

Gary Eidelman
Saul Ewing Arnstein & Lehr
500 E. Pratt Street, Suite 900
Baltimore Maryland 21202-3133

Date: October 29, 2018

Name: GRANT BARGER
Address: 6200 Foxwood Trail Birmingham, Al 35242
Phone: (205) 266-8129
E:mail: barger.grant@gmail.com

# EXHIBIT A

## EXHIBIT A
## TIMELINE OF PROCEDURAL EVENTS

**August 14, 2018.** I contacted Mr. Eidelman because I heard that following a deposition of the Plaintiff that he wanted to speak with me and I suggested a meeting on August 17, 2018 in Birmingham because I knew the fact discovery deadline in the case in New York was set to expire on August 31, 2018. Mr. Eidelman never responded to me.

**August 15, 2018** Instead of responding to my request to meet to help him meet his August 31, 2018 deadline in New York, Mr. Eidelman instead filed a Request for an extension of time in New York (Docket No. 1-1 Exhibit A). In that filing with the New York Court, he said:

> Joseph Plumeri, at the time a First Data senior executive, relied on Barger's representations regarding eh amount of monthly income in establishing the rate of the consulting agreement and ultimately his compensation for employment. . . . He also testified that Barger Group, LLC (his son's company) billed for his consulting services and then distributed to him a fraction of what was billed. There exists a large discrepancy between his 3 ½ mons of consulting services under the Consulting Agreement and what was actually billed and collected by Barger Group, LLC.[1]

**September 8, 2018** This was a Saturday. I was served with two subpoenas for depositions and documents, one to me personally and another to "Barger Consulting Group, LLC" when the process server kicked on my door when I had already told Mr. Eidelman I was willing to meet to discuss what he needed in time to meet his August 31st deadline.

**September 12, 2018** This was the date Defendants requested documents be produced. This was the Wednesday following the Saturday I was served. The time was very short and could not possibly be complied with because of such a broad document request.

---

[1] It is interesting that they got the name "Barger Group, LLC" correct numerous times in the filing with the New York Court and now claim that there are typos on "Barger Consulting Group" on the subpoena and in the original Motion (Docket No. 1). It simply is not believable, especially the subpoenas requesting document production from two different companies.

**September 13, 2018** I filed a Motion to Quash and Motion for Protective Order as Docket No. 1 in 2:18-mc-01491-KOB with respect to two subpoenas I received on September 8, 2018.

**September 17, 2018** This was the date set for depositions in the original subpoena. Because of my Motion to Quash, Defendant's counsel chose not to come to Birmingham. This was only 9 days after I had been served the subpoenas. I did not have the 14-days to object to the documents requested as was described in the portions of Rule 45 that were provided to me attached to the subpoena.

**September 19, 2018** Your Honor determined that there was no need to consider the motion to quash and motion for protective order and in 2:18-mc-01491-KOB Your Honor found that my

> Motion to Quash (doc. 1) and Motion to Reconsider (doc. 6) MOOT in light of the depositions voluntary cancelation.

Because of this declaration of mootness, I did not object to the document production requests within 14-days of September 8th when they were served.

**September 24, 2018** Before the 14-days had passed to object (I was served on Saturday September 8, 2018 and September 24, 2018 was a Monday), the "Defendants" filed their Motion to Compel (Docket No. 1 in what is now this case 2:18-mc-01569-KOB). It was originally assigned to Judge Kallon, but was moved back to Your Honor in Docket Nos. 3 & 4).[2]

**September 26, 2018** I filed a Motion to Strike, Deny or Consolidate (Docket No. 2) asking that the Motion to Compel be stricken, denied, or transferred to case 2:18-mc-01491-KOB that was the case where I filed my original Motion to Quash that had been declared moot on September 17, 2018.

---

[2] When I realized they were trying to compel me to produce documents under subpoenas that I believed were moot, on September 19, 2018, I delivered my objections to the documents requested and I have never had a conversation with Eidelman or Umbach about those objections despite my repeated requests.

**September 28, 2018** I serve Mr. Umbach with the Rule 11 motion (now Docket 13) advising him that no meet and confer has occurred and that he did not certify that it had occurred prior to filing the Motion to Compel (Docket No. 1).

**October 3, 2018** The case 2:18-mc-01569 was reassigned from Chief Judge Kallon to Judge Bowdre. (Dockets 3 & 4)

**October 5, 2018** I filed a Response to the Motion to Compel and my own Motion to Quash & for Protective Order as Docket No. 5.

**October 15, 2018** The Defendants filed Docket No. 9 as a Response/Reply related to their Motion to Compel (Docket No. 1) and my Motions to Quash/Protective Order (Docket No. 5).

**October 18, 2018** Before I could respond to Docket No. 9, Defendants filed as Docket No. 10 a "Supplement" that included nothing more than copies of e-mails with no explanation. I do not understand how while I was working on my document they were permitted to simply file a bunch of e-mails. The e-mails all show my attempts to meet and confer even after the Motion to Compel was being briefed. I also sent an e-mail to Mr. Umbach telling him that he had changed the names of the parties to the motion and that he needed to correct the mistake.

**October 19, 2018 (1:05 pm)** I filed my Reply (Docket No. 11) in support of my Motion to Quash and Protective Order. From what I can tell there are two motions: the Motion to Compel in Docket Nos. 1, 5, 9 and my Motions to Quash/Protective Order in Docket Nos. 5, 9, 10, 11.

**October 19, 2018 (2:15 pm)** The Defendants filed Docket No. 12 "Notice of Correction", and claimed that there was a typo in the names of the companies "The Barger Group, LLC" and "Barger Consulting Group, LLC" even though both names appeared in the subpoenas they served on September 8, 2018 – they weren't typos then when they included both. But, somehow they now are interchangeable at-will by Defendants.

**October 22, 2018 (3:35 p.m.)** I filed Docket No. 13. This is the Rule 11 Motion in which I state that a "meet-and-confer" had not occurred prior to the filing of the Motion to Compel (Docket No. 1) and that the Motion to Compel did not contain a certificate of a good faith meet-and-confer. I served this Rule 11 Motion on Mr. Umbach, on September 28, 2018 and received no response, so after 21-days had elapsed I filed it with the Court.

**October 22, 2018 (3:36 p.m.)** I filed Docket No. 14 "Objection to Notice of Correction and Motion for Sanctions" in which I argued that the name change being attempted to the subpoena and the Motion to Compel was improper and asked the Court to strike Docket No. 12 and terminate this case and make the Defendants start-over with proper subpoenas rather than trying to compel moot subpoenas. In Docket No. 14, I identified at least four misrepresentations in Defendants' Docket No. 12 and requested sanctions[3]: (i) Docket No. 12 footnote 1 was completely inaccurate, (ii) the "typo" was not a typo, but was intentional and there are due process questions to change a party to a motion after the motion briefing has already been completed; (iii) in Docket No. 9, the Defendants intentionally misrepresented the title of their original filing in Docket No. 1 and called it a Motion to Compel The Barger Group when they knew that Docket No. 1 was actually a Motion to compel Barger Consulting Group; and (iv) Docket No. 9 misrepresented that a meet and confer had occurred.

**October 24, 2018** Defendants filed Docket No. 15, and served to me by US mail (I have not consented to electronic service and my request for e-filing was denied in the first case), Defendants have misrepresented the record again. I find their statement in footnote 1 of Docket No. 15 telling. They said:

[3] The court has "inherent powers" to sanction wrongful conduct without waiting for the 21-day period under Rule 11 to pass.

> So as not to burden the Court any more than necessary, Defendants adopt and incorporate the procedural history set forth in the Notion to Compel (ECF No. 1) unless otherwise noted.

This statement is out of place because everything that has happened in this case occurred AFTER the filing of "ECF No. 1" and the question is whether ECF No. 1 could have ever been filed in the first place without a meet-and-confer.

With all due respect to Mr. Umbach and Mr. Eidelman, the Motion to Compel is erroneous in its logic, use of law and application of Federal and local Rules. First Data's Counsel's suggestions that they have an interest in judicial efficiency are disingenuous. The matter before Your Honor could and should have been handled without need of use of the Court. Umbach and Eidelman (and apparently now a Ms. Gillian Cooper of Saul Ewing) have needlessly escalated this matter repeatedly, abusively and purely for purposes of harassment and thinly veiled attempts at stealing my trade secrets, and harass me with broad, burdensome, and irrelevant requests for information about me and my business. I am not a party to the EDNY case.

There has not been a meet and confer for more than two months.

# EXHIBIT B

**EXHIBIT B**
**TIMELINE OF MEET & CONFER FAILURE BY DEFENDANTS**

As is evident from the summary below. I have been in constant communications with Mr. Eidelman and Mr. Umbach to attempt to discuss the scope of the subpoenas. I have suggested dates. Nothing has worked to even start a discussion. All that has occurred is demands for compliance with the subpoenas as issued with no meet and confer to occur.

**August 14, 2018**

I contacted Mr. Eidelman by e-mail (Docket No. 5, page 20) because I heard that following a deposition of the Plaintiff that he wanted to speak with me and I suggested a meeting on August 17, 2018 in Birmingham because I knew the fact discovery deadline in the case in New York was set to expire on August 31, 2018. I also offered to try to arrange office space. Mr. Eidelman never responded to me other than to ask for the name of my lawyer.

**August 15, 2018**

Instead of responding to my request to discuss to assist him in meeting his August 31, 2018 deadline in New York, Mr. Eidelman instead filed a Request for an extension of time in New York (Docket No. 1-1 Exhibit A).

**September 8, 2018 (Saturday)**

I received two subpoenas for depositions and documents, one to me personally and another to "Barger Consulting Group, LLC" when the process server kicked on my door when I had already told Mr. Eidelman I was willing to meet to discuss what he needed in time to meet his August 31st deadline. Mr. Eidelman never told me the subpoenas were being issued.

**September 11, 2018**

I sent Mr. Eidelman an e-mail (Docket No. 5, page 21) at 9:10 p.m. in which I indicated that my understanding was the Mr Eidelman was representing Joe Plumeri and asking what he wanted to know about Joe and that he should just ask. I also expressed confusion on why the subpoenas I received had a date of September 17th when on August 14th I had said I was available August 17th, not September 17th. I let Mr. Eidelman know that the notice was very short, and I was busy on September 17th.

Mr. Eidelman responded to me at 9:44 pm (Docket No. 5 page 22). Mr. Eidelman told me he represented the Defendants, including First Data and that he was not Joe Plumeri's lawyer even though he represented to EDNY in his Request for extra time that Joe Plumeri and First Data needed more information about the consulting contract with my company and Joe is the Vice Chairman of First Data. Counsel for the Plaintiff also advised me Mr. Plumeri is listed as a First Data witness and Mr. Eidelman worked to schedule Mr. Plumeri's deposition and accepted service of the subpoena for Joe in the EDNY case as his counsel. He never discussed a meet and confer, he only demanded dates.

**September 13, 2014**

I filed a Motion to Quash and Motion for Protective Order as Docket No. 1 in 2:18-mc-01491-KOB.

**September 14, 2018**
I contacted Mr. Eidelman by e-mail (Docket No. 5 page 24) in which I advised him that my Motion to Quash had been filed. I apologized for mis-titling that motion and had tried to fix it. I also asked what information he was seeking and why Joe Plumeri was mentioned in the request for extension but was not included in the subpoenas I received on September 8, 2018

**September 17, 2018 (Monday)**
This was the date set for depositions in the original subpoena. Because of my Motion to Quash, Defendant's counsel chose not to come to Birmingham. This was only 9 days after I had been served the subpoenas.

**September 19, 2018 (Wednesday)**
Chief Judge Bowdre determined that there was no need to consider the motion to quash and motion for protective order and in 2:18-mc-01491-KOB as MOOTin light of voluntary cancelation.

**September 24, 2018 (Monday)**
The Motion to Compel (Docket No. 1) was filed.

**September 25, 2018**
I sent Mr. Eidelman an e-mail (Docket No. 11, page 56) and told him my understanding was that we were supposed to "meet and confer" and he was to certify that before he could file the Motion to Compel. I asked why Eidelman kept refusing to meet and why he was not asking me about Joe like he had told the EDNY in his request to extend time in August. I wrote: **"I have attempted to meet this [meet and confer] obligation with you more than once. . . If you want to meet your end of our obligation to meet and confer, contact me today"**

Mr. Eidelman responded by e-mail about an hour later (Docket No. 11 page 56) and simply said he would discuss dates for my deposition in Birmingham.

I responded to Mr. Eidelman about an hour later (Docket No. 11 page 57) and indicated that "I would be happy to continue to uphold my end of our mutual obligation to meet and confer as soon as the Motion to Compel filed in Alabama was withdrawn because a meet and confer had not occurred. I indicated once the Motion to Compel was withdrawn I would send available dates. I also noted that objections to the documents would be forthcoming and had not been provided because my Motion to Quash had been pending.

**Mr. Eidelman** responded that night (Docket No. 11 page 58) that "**We have no intention of withdrawing our Motion to Compel as to you and Mr. Morgan. We will let Judge Kallon decide our Motion.**"

**September 27, 2018**
I sent Mr. Eidelman an e-mail (Docket No. 11 page 59-61). I advised him I could not afford a lawyer, but was educating myself on the process. I again noted he never tried to find a time to possibly meet me and Mr. Morgan prior to filing the Motion to Compel. I wrote **"I have**

**attempted from August 11th forward to "meet and confer" with you to avoid unnecessary use of the Court's valuable time. You had a deadline of August 31st in your New York case, and I made every attempt to help you meet that deadline."** I also again noted that he was not asking about Joe Plumeri as represented to the EDNY and that I have known Joe since 1983 and he has never told me what he wanted to know about Joe even though that was the reason he gave the New York court for needing to depose me.

**September 28, 2018**
I delivered the Rule 11 notice to Mr. Umbach regarding the filing of the Motion to Compel he signed. (Docket No. 5, pages 25-35) in which I described the misstatements in the Motion to Compel and asked for it to be withdrawn.

**October 3, 2018**
The case 2:18-mc-01569 was reassigned from Chief Judge Kallon to Judge Bowdre. (Dockets 3 & 4)

**October 9, 2018**
By e-mail to Mr. Eidelman and Mr. Umbach (attached) I served my objections to the document production requests within the subpoenas.

**October 15, 2018**
I sent an e-mail to Mr. Eidelman (attached) referencing my September 25th request for withdrawal of the Motion to Compel for lack of meet and confer and my request on that date for Mr. Eidelman to provide me dates that he never did. I again asked what information was needed about Joe. I referenced by objections to the document production. I also noted Mr. Eidelman had not communicated with me. I also noted I tried to resolve this before the August 31st deadline. I asked again what dates Mr. Eidelman was available in October. I also offered to find a conference room for the meeting.

Mr. Eidelman responded by e-mail (attached) by merely writing. **"I want to be certain that I understand the substance of your e-mail. Are you agreeing to appear before a court reporter and provide sworn testimony at a deposition and bring documents that are responsive to the subpoena you were served."** Mr. Eidelman did not offer to discuss the subpoenas. He only demanded compliance with their terms.

**October 16, 2018**
I sent an e-mail to Mr. Eidelman (attached) responding to his October 15th e-mail. I again discussed the meet and confer obligation and my attempts to have resolved this for two months. I again asked about what information was needed about Joe. I wrote **"A demand for me to acquiesce to your initial "demands" is not a meet and confer."** I also again asked for available dates in October to meet and confer about my objections and scope.

**October 18, 2018**
I sent another e-mail to Mr. Eidelman (attached). I wrote "I have not received any communication from your or any other lawyers representing First Data and Joe about dates in

October when you want to come to Birmingham to talk to Phillip and me." As of today, October 29th after 12 pm and October 30th from 10 AM to 3 PM would work."

Mr. Eidelman responded by e-mail (attached). Mr. Eidelman did not seek to discuss the subpoenas or my objections. He added a new condition about who could attend the depositions that he had never mentioned before He wrote: **"I am not interested in coming to Birmingham to have a "conversation" or "speak" with you or Mr. Morgan because a conversation is not admissible in court." As my e-mail From October 15, 2018 indicated, we need you both to produce documents and sit for a deposition in connection with the matter styled *Steven Barger v. First Data Corporation et al.* . . . Our subpoenas were lawfully issued and served pursuant to Rule 45. If you tell me that you and Mr. Morgan agree to be deposed (which will be at separate times without the other present), then I will look at my calendar for dates that will likely be in November. Neither October 29 or 30 work due to other depositions."**

I responded to Mr. Eidelman by e-mail (attached). I mentioned his comment about him not being interested in coming to Birmingham to have a "conversation" or "speak" because they are not admissible in court. I said that is exactly the opposite of what is a meet and confer. I wrote: **"Instead of meeting and conferring as required, your e-mail below again demanded acquiescence to a demand, and the demand for your demands, and now you have demanded another previously unmentioned demand, that imposes even another demanded condition limiting who can be at the deposition. Demanding and demanding and demanding in writing, and never "meeting" or conferring", or even providing possible dates or being open is not meeting and conferring as I understand it. I have been asking for dates since August. Now, you still need to 'look at your calendar for that's that will likely be in November."**

<u>**October 19, 2018**</u>
I sent an e-mail to Mr. Umbach and Ms. Cooper (Docket No. 11 page 62) also asking them if they were available on October 29th or 30th. I received no response

I sent a second e-mail at the end of the day (attached). I noted the lack of response to my October 18th and morning October 19th e-mails.

<u>**October 26, 2018**</u>
I sent an e-mail to Mr. Umbach, Mr. Eidelman, and Ms. Cooper (attached) noting that only Mr. Eidelman responded to the suggestion of October 29th and 30th. I noted I had suggested dates and they had not. I noted that I was interested in discussing a realistic list of topics for both me and Phillip regarding me and my business. I again asked what they wanted to know about Joe that relates to their Request to extend time.



Grant Barger <barger.grant@gmail.com>

## Objections G Barger

**Grant Barger** <barger.grant@gmail.com> Tue, Oct 9, 2018 at 2:54 PM
To: "Gary B. Eidelman" <gary.eidelman@saul.com>, tumbach@starneslaw.com, Shawn Shearer <shawn@shearerlaw.pro>

TO: Mr. Eidelman and Mr. Umbach;

I am responding to your document requests in the subpoenas of me personally and those to Phillip Morgan requesting documents from him regarding me and my business dated September 5, 2018. These subpoenas have been subject to Motions to Quash/Motions for Protective Order/Motions to Compel. I have not had an opportunity to respond to the requests in your subpoena directly, so I must send you these objections to the document production you have requested while those motions are still pending and awaiting a decision.

My understanding is that these are fairly standard General Objections to Document Production Requests and I am making them now with respect to all of the document and testimony requests you have sent regarding me and my business.

I raise the following objections to apply to all of requests in those subpoenas as a whole and to each request contained in the subpoena:

1. I object to the instructions and definitions set forth by First Data to the extent that they exceed the discovery parameters of Rules 26 and 34 of the Federal Rules of Civil Procedure, and to the extent they impose or purport to impose any duties beyond that already prescribed by said Rules.
2. I object to any requests that will require me to provide documents or information falling within the attorney-client privilege or protected under the work product doctrine.
3. I reserve my objections as to relevance or admissibility regarding any documents provided in response to these requests.
4. I object to these requests to the extent they are not relevant and not proportionate to the claims or issues in the *Barger v. First Data* case.
5. I object to these document requests as being overly broad, unduly burdensome, vague, and ambiguous.
6. I object to any requests that are repetitious to the extent that such requests seek duplicative and/or accumulative information or documents. I will not attempt to speculate as to the meaning of a request but will interpret the requests to the best of my abilities.
7. I object to the requests to the extent they call for information without regard to a specific time period or call for information from a specific time period that exceeds the scope of the subject matter of the *Barger v. First Data case*.
8. By stating that I will produce any document or thing responsive to a particular request, I am not representing that any such document or thing exists or is within my possession, custody, or control; however, to the extent such documents exist and are within my possession, custody, or control, and can be located after a reasonable search, such document or thing if

not otherwise privileged or protected under work product doctrine or any other applicable privilege or doctrine, or objection herein, will be produced.

9. I object to the requests to the extent they require me to produce documents or things beyond what is presently available to me following a reasonable search of its own files likely to contain relevant and responsive documents, or following a reasonable inquiry of present employees.
10. I object to these requests to the extent they call for confidential information from third parties, including documents and things subject to non-disclosure or confidentiality agreements or that contain trade secrets, confidential, or other proprietary information of a third party.
11. I object to these requests to the extent they call for information or documents belonging to third-parties.
12. I object to any request that seeks documents and things that would require me to violate any domestic or foreign judicial order, protective order, or stipulation of confidentiality concerning the documents themselves or the information contained therein.
13. I object to the instructions and definitions set forth by First Data to the extent they attempt to impose burdens on me inconsistent with or in excess of the requirements of the Federal Rules of Civil Procedure, the Eastern District of New York, or any applicable standing orders of this Court.
14. I object to each of the Definitions and Instructions to the extent they seek information beyond the scope of permissible discovery as provided for by the Federal Rules of Civil Procedure and Local Rule 26.3.
15. I object to the definition of "concerning" to the extent that it exceeds the scope of Local Rule 26.3(c)(7). In accordance with Local Rule 26.3(c)(7), "concerning" means "relating to, referring to, describing, evidencing or constituting."
16. I object to the definition of "document" to the extent that it exceeds the scope of Local Rule 26.3(c)(2). The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. Fed. R. Civ. P. 34(a)(1)(A) defines "document" as "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form[.]"
17. I object to the definition of "identify" to the extent that it exceeds the scope of Local Rule 26.3(c)(3) and Local Rule 26.3(c)(4). "Identify (with respect to persons)" shall mean "to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person." "Identify (with respect to documents)" shall mean "to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d)."

18. I object to the definition of "person" to the extent that it exceeds the scope of Local Rule 26.3(c)(6). "Person" shall mean "any natural person or any legal entity, including, without limitation, any business or governmental entity or association."
19. I object to the definition of "I" as stated in the interrogatory to the extent that it includes all Is, not just the I to whom the interrogatories are directed. I object to this definition to the extent it, and the interrogatories, purport to seek information relating to persons or entities that are separate and distinct from I. In responding to the interrogatories, I shall interpret the term "I" to refer only to me.
20. To the extent specific objections are recited in a specific response, those citations are provided because they are believed to be particularly applicable for the specific request and are not to be construed as a waiver of any other General Objection applicable to information falling within the scope of that request or any other requests.
21. I object to these requests to the extent they seek documents exchanged between me and third-party consultants, testifying experts, and non-testifying experts, and the documents fall within the scope of the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure. Further, as to experts, I object that such requests are either improper pursuant to Fed. R. Civ. P. 26, or premature.
22. I object to any requests to the extent they seek production of, or testimony regarding, electronically stored information that is not reasonably accessible to me because of undue burden and cost.
23. I object to the requests to the extent they seek documents and/or information, or testimony related thereto, already within First Data's possession, custody, or control or more easily available to First Data, on the grounds that such requests are unduly burdensome and oppressive.
24. I object to the requests and any testimony on the grounds that they seek the production of documents and/or information and testimony not relevant to any party's claim or defense in *Barger v. First Data*, and are not proportional to the needs of the case.
25. I object to the requests to the extent they seek documents and/or testimony, or testimony related thereto, not in the possession, custody, or control of me, and are therefore beyond the scope of discovery allowed by the Federal Rules of Civil Procedure.
26. I object to the requests to the extent they seek testimony from any entity or organization as they topics for such examination were not included in the subpoenas.
27. I object to the requests to the extent that any entity or person has been improperly or incorrectly identified.
28. I object to the production of any of federal income tax information on the basis of the qualified privilege of such information, its irrelevance to *Barger v. First Data,* and the private information contained therein with respect to individuals not parties to the *Barger v. First Data* case.
29. I object to the requests as overly-broad, unduly burdensome, irrelevant and not proportional to the needs of the *Barger v. First Data* case to the extent they seek any information regarding my business unrelated to Plaintiff Barger's consulting for First Data during 2014.

30. I object to the requests as overly-broad, unduly burdensome, irrelevant and not proportional to the needs of the *Barger v. First Data* case to the extent that they seek documents for an excessively long period of time that is irrelevant to *Barger v. First Data*. Mr. Barger was employed by First Data from June 30, 2014 to February 28, 2017. Mr. Barger has not contracted with me or my business from February 2017 to present. Mr. Barger consulted for First Data from approximately January 2014 through June 2014. No documents related to my business prior to January 2014 are relevant. With respect to the claims and defenses in *Barger v. First* Data, I am a non-party to the litigation, no documents related to any of my clients other than First Data are relevant (First Data is already in possession of those documents and has produced them in discovery), none of my documents related to the period Plaintiff Barger was employed by First Data or thereafter are relevant, no documents prior to Mr. Barger becoming an independent contractor of my business are relevant, no documents related to my personal finances and personal taxes are relevant.

31. I object to the requests to the extent that they are designed to harass or embarrass me solely for being the son of the Plaintiff, when none of the claims and defenses in *Barger v. First Data* have any relevance to my business or personal finances.

These objections apply to each of your subpoena requests with respect to me and my business. Each and every one is overly-broad, unduly burdensome and/or seek privileged information. First Data is in possession of all contracts, invoices, and payment information related to Plaintiff Barger's consulting for First Data in 2014.

Regards,

Grant Barger

**Doc Objections G Barger - Google Docs.pdf**
69K



**Grant Barger <barger.grant@gmail.com>**

**IN RE: Barger v. First Data**

6 messages

**Grant Barger** <barger.grant@gmail.com> Mon, Oct 15, 2018 at 7:41 PM
To: "Gary B. Eidelman" <gary.eidelman@saul.com>, tumbach@starneslaw.com
Bcc: Shawn Shearer <shawn@shearerlaw.pro>

Mr Eidelman,
On September 25th I requested that you withdraw your "motion to compel" filed in Alabama so that you and I could work together to have a proper "meet and confer" regarding potential times for you to come to Birmingham. You have refused to withdraw your motion. However, I have requested that you be direct in your dealing with me so that this process can move forward in the right way. For some reason, you will not be direct with me. I do not know why.

I am asking you again... What do you want to know about Joe? I also would like you to uphold your end of the bargain here and provide some dates to me that you are available before the end of October. I first made myself available to you WAY BACK ON AUGUST 14th. I have made timely objections to the "document production" that you have requested, and you still refuse to simply communicate directly with me so that we can reach an agreement through compromise. From what I have read about this process, compromise appears to be the key. I have always been willing to uphold my end... but I can not do it alone.

I told you in September that I had tried to get this out of the way in August because fall is my busiest time of year, and also because I knew you had an August 31st deadline.

Now we are over two months into this, and the only thing you have done is have a process server kick my door, file a case in Alabama in front of a second Judge when you knew that Chief Judge Bowdre had already made decisions in the matter, and refuse to be direct in asking me about Joe or about what you want from my accountant Phil.

I am not Phil's lawyer, but I know Phil, and around these parts, the easiest way to get something accomplished is to treat people with respect, be honest, and meet your deadlines.

I can, and have always been willing to assist in the process as long as what is being asked of me is relevant, fair, legal, and possible. You seem intent on fighting. This is not a fight. I will state it again, what dates in October do you want to come to Birmingham? I will check with Phil and if it makes things easier, I can try to arrange space at a law firm of one of many lawyers I know here in Birmingham, so this can stop dragging on.

It's been over two months already. This is a very busy time for me. Mr. Eidelman, please tell me some dates you would like to come to Birmingham so I can speak with Phil and try to meet your newest deadline.

Grant Barger

**Eidelman, Gary B.** <Gary.Eidelman@saul.com> Mon, Oct 15, 2018 at 8:25 PM
To: Grant Barger <barger.grant@gmail.com>
Cc: "Eidelman, Gary B." <Gary.Eidelman@saul.com>, "tumbach@starneslaw.com" <tumbach@starneslaw.com>

Dear Mr. Barger:

I want to make certain that I understand the substance of your email. Are you agreeing to appear before a court reporter and provide sworn testimony at a deposition and bring documents that are responsive to the subpoena you were served? It also seems like you may have already spoken with Phillip Morgan about this. Is Mr. Morgan also willing to appear at a deposition and bring the documents that we subpoenaed from him. If the answer is yes, then I believe we will be able to reach agreement and advise the Court that there is no need to rule on the Motion to Compel because you both will have agreed to be deposed and produce documents.

Thank you for the offer of trying to secure a conference room to use in Birmingham. That will not be necessary because already have Mr. Umbach's office to use in Birmingham.

I look forward to hearing from you.

SAUL EWING ARNSTEIN & LEHR

**Gary B. Eidelman**

**SAUL EWING ARNSTEIN & LEHR LLP**
500 E. Pratt Street

Suite 900 | Baltimore, MD 21202-3133

Tel: 410.332.8975 | Fax: 410.332.8976 | Mobile: 410.303.8832

Gary.Eidelman@saul.com | www.saul.com




***Follow our blog, WISE: Workplace Initiatives and Strategies for Employers, here***

**From:** Grant Barger [mailto:barger.grant@gmail.com]
**Sent:** Monday, October 15, 2018 8:42 PM
**To:** Eidelman, Gary B.; tumbach@starneslaw.com
**Subject:** IN RE: Barger v. First Data

****EXTERNAL EMAIL** - This message originates from outside our Firm. Please consider carefully before responding or clicking links/attachments.**

[Quoted text hidden]

"Saul Ewing Arnstein & Lehr LLP (saul.com)" has made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~+

---

**Grant Barger** <barger.grant@gmail.com> Tue, Oct 16, 2018 at 4:51 PM
To: "Gary B. Eidelman" <Gary.Eidelman@saul.com>
Cc: tumbach@starneslaw.com

Mr. Eidelman:

As you are aware, I am appearing in front of Judge Bowdre as a pro se. I have read what my obligations are under these circumstances, and I believe them to be two-fold. I have an obligation to respond and object to subpoenas that are served to me assuming that I have objections. I do and I provided a summary of those objections to you. If I had the resources or desire to be formally represented by an attorney, my attorney would respond on my behalf, object on my behalf, AND attempt to collaborate with you to find common ground. Since I am my own attorney in this matter, I have assumed the role of an attorney I may have hired, and have therefore made multiple attempts to get you to respond to me like a human being instead of using the strong arm of the NY judiciary.

There is a meet and confer requirement that has to take place between you (First Data/Joe's lawyer), and me (i.e. my lawyer) prior to any filing of a motion to compel. At every turn, I have
attempted to uphold my end of this requirement. You have never attempted to communicate with me without the use of threats and punishments via the court. If you have a motion pending that threatens me, how can we have any meaningful dialogue.

You have this process backwards. I tried to help your initial desire of August 31, and even with that knowledge, you told your NY judges that you needed more time to secure my cooperation. That is an outright lie. If you needed more time, it was only due to your own inability to meet your deadline.

You also told the NY court that you needed more time due to statements that Joe has made in your sworn statement. I have asked you seven times now why you aren't including any requests about Joe when you said to the court that Joe is the reason you needed to talk to me.

It is October 18, and I began trying to negotiate with you on August 14. You have threatened me like a peasant and not with the courtesy that you would extend a LAWYER trying to negotiate conditions for our meeting to occur.

I am obviously not going to submit myself to NY jurisdiction, nor agree to your empty purported factual recitations about previous emails and subpoenas. Even to a non-lawyer your habit of misstating and spinning the past is obvious.

A "DEMAND" FOR ME TO ACQUIESCE TO YOUR INITIAL "DEMANDS" IS NOT A "MEET AND CONFER"

No lawyer representing First Data "certified" to the court that a meet and confer had occurred when you filed the motion to compel. The obvious reason why is that no meet and confer occurred prior to filing the motion to compel. You know the law, yet you filed the motion without satisfying the conditions for filing it.

I asked for dates. I also think you should let me know why you have dropped Joe like a hot potato. You have my objections. You have every ability to address my concerns and tell me what you actually need and why, in a non-

confrontational manner. But you won't talk to me without threatening me – by subpoena and motion. Neither of those are elements of a good faith meet and confer. They are nothing but you simply making demands.

I will say it again. Please provide me dates during the month of October for when you want to come to Birmingham so I can check with Phil. My only communication with Phil has been to let him know that I will let him know when I know what is happening. I am not promising anything, and neither are you. I'm trying to get to a starting point so that we can at least nail down a day when all three of us are available.

What dates do you want to come to Birmingham?

Grant Barger

P.S. I am attaching my previous attempts to schedule with you for easy reference.
[Quoted text hidden]

**4 attachments**

**Gmail - Joe.pdf**
47K

**Gmail - Obligation to Meet and Confer - IN RE_ Barger v. First Data (1).pdf**
58K

**Gmail - RE_ Obligation to Meet and Confer - IN Barger v. First Data.pdf**
196K

**Gmail - Barger v. First Data (1).pdf**
125K

---

**Grant Barger** <barger.grant@gmail.com> Thu, Oct 18, 2018 at 4:34 PM
To: "Gary B. Eidelman" <Gary.Eidelman@saul.com>, Grant Barger <barger.grant@gmail.com>
Cc: tumbach@starneslaw.com

Mr. Eidelman,

I have not received any communication from you or any other lawyers representing First Data and Joe, about dates in October when you want to come to Birmingham to talk to Phillip and me. In order for me to coordinate a time with Phillip that all of us can be there, I need you to respond to my request.
As of today, October 29th after 12 PM and October 30th from 10 AM to 3 PM would work. October 28th is my daughter's birthday and my children's sports schedules are extensive at this time of year.
Please respond to my request as soon as possible so that I can coordinate with Phillip. Once I know when you want to come to Birmingham, we can begin to try to get on the same page about topics and papers.

Grant Barger

[Quoted text hidden]

---

**Eidelman, Gary B.** <Gary.Eidelman@saul.com> Thu, Oct 18, 2018 at 5:16 PM
To: Grant Barger <barger.grant@gmail.com>
Cc: "tumbach@starneslaw.com" <tumbach@starneslaw.com>, "Cooper, Gillian A." <Gillian.Cooper@saul.com>

Mr. Barger:

Thank you for your email. I am not interested in coming to Birmingham to have a "conversation" or "speak" with you or Mr. Morgan because a conversation is not admissible in court. As my email from October 15, 2018 indicated, we need you both to produce documents and sit for depositions in connection with the matter styled as *Steven Barger v. First Data Corporation et al*. You seem to be well versed in the Federal Rules of Civil Procedure. Our subpoenas were lawfully issued and served pursuant to Rule 45. Depositions are governed by Rule 30. Once again, if you tell me that you and Mr. Morgan agree to be deposed (which will be at separate times without the other present), then I will look at my calendar for dates that will likely be in November. Neither October 29 or 30 work due to other depositions.

SAUL EWING
ARNSTEIN
& LEHR

**Gary B. Eidelman**

**SAUL EWING ARNSTEIN & LEHR LLP**
500 E. Pratt Street

Suite 900 | Baltimore, MD 21202-3133

Tel: 410.332.8975 | Fax: 410.332.8976 | Mobile: 410.303.8832

Gary.Eidelman@saul.com | www.saul.com




***Follow our blog, WISE: Workplace Initiatives and Strategies for Employers, here***

**From:** Grant Barger [mailto:barger.grant@gmail.com]
**Sent:** Thursday, October 18, 2018 5:35 PM
**To:** Eidelman, Gary B.; Grant Barger
**Cc:** tumbach@starneslaw.com
**Subject:** Re: IN RE: Barger v. First Data

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]

**Error! Filename not specified.**

**Gary B. Eidelman**

**SAUL EWING ARNSTEIN & LEHR LLP**

500 E. Pratt Street

Suite 900 | Baltimore, MD 21202-3133

Tel: 410.332.8975 | Fax: 410.332.8976 | Mobile: 410.303.8832

Gary.Eidelman@saul.com | www.saul.com

**Error! Filename not specified.**

***Follow our blog, WISE: Workplace Initiatives and Strategies for Employers, here***

**From:** Grant Barger [mailto:barger.grant@gmail.com]
**Sent:** Monday, October 15, 2018 8:42 PM
**To:** Eidelman, Gary B.; tumbach@starneslaw.com
**Subject:** IN RE: Barger v. First Data

****EXTERNAL EMAIL** - This message originates from outside our Firm. Please consider carefully before responding or clicking links/attachments.**

Mr Eidelman,
On September 25th I requested that you withdraw your "motion to compel" filed in Alabama so that you and I could work together to have a proper "meet and confer" regarding potential times for you to come to Birmingham. You have refused to withdraw your motion. However, I have requested that you be direct in your dealing with me so that this process can move forward in the right way. For some reason, you will not be direct with me. I do not know why.

I am asking you again... What do you want to know about Joe? I also would like you to uphold your end of the bargain here and provide some dates to me that you are available before the end of October. I first made myself available to you WAY BACK ON AUGUST 14th. I have made timely objections to the "document production" that you have requested, and you still refuse to simply communicate directly with me so that we can reach an agreement through compromise. From what I have read about this process, compromise appears to be the key. I have always been willing to uphold my end... but I can not do it alone.

I told you in September that I had tried to get this out of the way in August because fall is my busiest time of year, and also because I knew you had an August 31st deadline.

Now we are over two months into this, and the only thing you have done is have a process server kick my door, file a case in Alabama in front of a second Judge when you knew that Chief Judge Bowdre

had already made decisions in the matter, and refuse to be direct in asking me about Joe or about what you want from my accountant Phil.

I am not Phil's lawyer, but I know Phil, and around these parts, the easiest way to get something accomplished is to treat people with respect, be honest, and meet your deadlines.

I can, and have always been willing to assist in the process as long as what is being asked of me is relevant, fair, legal, and possible. You seem intent on fighting. This is not a fight. I will state it again, what dates in October do you want to come to Birmingham? I will check with Phil and if it makes things easier, I can try to arrange space at a law firm of one of many lawyers I know here in Birmingham, so this can stop dragging on.

It's been over two months already. This is a very busy time for me. Mr. Eidelman, please tell me some dates you would like to come to Birmingham so I can speak with Phil and try to meet your newest deadline.

Grant Barger

"Saul Ewing Arnstein & Lehr LLP (saul.com)" has made the following annotations:

+~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~+

This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.

+~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~+

---

**Grant Barger** <barger.grant@gmail.com> Thu, Oct 18, 2018 at 10:51 PM
To: "Gary B. Eidelman" <Gary.Eidelman@saul.com>
Cc: tumbach@starneslaw.com, Gillian.Cooper@saul.com

Mr. Eidelman,

I asked to meet and confer about the subpoenas, and your email merely stated that the subpoenas were validly issued and that you will not speak with me about dates or topics. My understanding is that is not a meet and confer. You also said in your email: **"I am not interested in coming to Birmingham to have a "conversation" or "speak" with you or Mr. Morgan because a conversation is not admissible in court."** From what I have read, this statement is exactly opposite of what your meet-and-confer obligations are. Whether you come to Birmingham or not, there has to be more than just demands to comply. Your demands are outrageous.

I never thought that the meet and confer conferences were admissible, and I did not think our conference would be admissible. But my understanding is that a meet-and-confer beyond simple written demands is supposed to occur before a third-party deposition and the fact that they occurred is supposed to be attached to a motion to

compel. It sounds to me like you are just continuing to send me demands and reject dates, and no discussion about the topics. You have no basis to submit a certificate that a meet-and-confer has occurred.

I am not "well versed" in the federal rules. I have read some of them and done some research on the internet and gathered some information from lawyers giving me legal advice. From all that I have heard from the lawyers who have advised me about the rules and from your emails, I am not understanding your demands. Please let me know where in the rules you can demand that people be excluded from a deposition? I don't see it anywhere. What I understand is that anyone can attend a deposition.

I am confused as to why you are adding a new condition and demand about attendees when you have not even been willing to discuss my concerns with the subpoenas. You have only ordered me around. I have been cordial and trying to talk with you about the depositions. You just want me to agree to your terms and you keep adding new ones.

Instead of meeting and conferring as required, your email below again demanded acquiescence to a demand, and the demand for your demands, and now you have demanded another previously unmentioned demand, that imposes even another demanded condition limiting who can be at the deposition. Demanding and demanding and demanding in writing, and never "meeting" or "conferring," or even providing possible dates or being open is not meeting and conferring as I understand it.

I have been asking for dates since August. Now, you still need to "look at your calendar for dates that will likely be in November." How many times do I need to ask for possible dates and how many times do you need to look at your calendar?

If October 29 and 30 do not work for you, please let me know what dates you are available. We are getting to the holidays and scheduling will become difficult in November.

Grant Barger
[Quoted text hidden]

**4 attachments**




image001.jpg
4K

image002.jpg
3K

image002.jpg
3K

image001.jpg
4K



**Grant Barger <barger.grant@gmail.com>**

## IN RE: Barger v. First Data

**Eidelman, Gary B.** <Gary.Eidelman@saul.com> Thu, Oct 18, 2018 at 5:16 PM
To: Grant Barger <barger.grant@gmail.com>
Cc: "tumbach@starneslaw.com" <tumbach@starneslaw.com>, "Cooper, Gillian A." <Gillian.Cooper@saul.com>

Mr. Barger:

Thank you for your email. I am not interested in coming to Birmingham to have a "conversation" or "speak" with you or Mr. Morgan because a conversation is not admissible in court. As my email from October 15, 2018 indicated, we need you both to produce documents and sit for depositions in connection with the matter styled as *Steven Barger v. First Data Corporation et al*. You seem to be well versed in the Federal Rules of Civil Procedure. Our subpoenas were lawfully issued and served pursuant to Rule 45. Depositions are governed by Rule 30. Once again, if you tell me that you and Mr. Morgan agree to be deposed (which will be at separate times without the other present), then I will look at my calendar for dates that will likely be in November. Neither October 29 or 30 work due to other depositions.

SAUL EWING ARNSTEIN & LEHR LLP

**Gary B. Eidelman**

**SAUL EWING ARNSTEIN & LEHR LLP**
500 E. Pratt Street

Suite 900 | Baltimore, MD 21202-3133

Tel: 410.332.8975 | Fax: 410.332.8976 | Mobile: 410.303.8832

Gary.Eidelman@saul.com | www.saul.com




***Follow our blog, WISE: Workplace Initiatives and Strategies for Employers, here***

**From:** Grant Barger [mailto:barger.grant@gmail.com]
**Sent:** Thursday, October 18, 2018 5:35 PM
**To:** Eidelman, Gary B.; Grant Barger
**Cc:** tumbach@starneslaw.com
**Subject:** Re: IN RE: Barger v. First Data



**Grant Barger <barger.grant@gmail.com>**

---

**Joe/No Meet and Confer/10/19/18**

1 message

---

**Grant Barger** <barger.grant@gmail.com> Fri, Oct 19, 2018 at 9:46 PM
To: tumbach@starneslaw.com, "Gary B. Eidelman" <gary.eidelman@saul.com>, Gillian.Cooper@saul.com
Cc: Grant Barger <barger.grant@gmail.com>

Mr. Umbach Mr. Eidelman Ms. Cooper,

For the past two months (from 8/14/18 to 10/19/18) I have conducted myself in a civil and cordial manner with all of you. It continues to baffle me that none of you has yet to communicate to me what it is you want to know about Joe, or even tell me when you are available to meet and confer, or, quite frankly, provide me any information that might move this proceeding forward at a reasonable pace. Mr. Eidelman, You stated on Thursday (10/18/18) "I will look at my calendar for dates" And yet, I hear nothing from you. Ms. Cooper and Mr. Umbach, I contacted you last night (10/19/18) regarding the same subject, and neither of you has touched base with me. I need to know where we are going with this. The discourteous way in which you are all treating me and the Court is shameful, inefficient, and wasteful. Please answer my questions.

Grant Barger



**Grant Barger <barger.grant@gmail.com>**

## Joe/No Meet and Confer/10/19/18

**Grant Barger** <barger.grant@gmail.com> Fri, Oct 26, 2018 at 9:42 PM
To: tumbach@starneslaw.com, "Gary B. Eidelman" <gary.eidelman@saul.com>, Gillian.Cooper@saul.com

Mr. Umbach Mr. Eidelman Ms. Cooper,

I have offered you all the dates of October 29 and October 30 as possibilities for Baltimore Counsel to come to Birmingham. Only Mr. Eidelman provided me the courtesy of a response. None of you has ever provided any dates or times of your availability. None of you will provide me a direct answer about what topics you want to discuss, or why the documents and testimony you request is inconsistent with the motion Mr. Eidelman put in front of the EDNY on August 15, 2018.

Why are you allowing all of this time to elapse without any effort to meet and confer with me or discuss dates and topics?

I told Mr. Eidelman we have entered my busiest time of year. I have suggested times, dates and locations. I have requested a realistic list of topics for both me and Phillip in matters relating to me.

It is obvious that you are dragging your feet for some other reason.

I will ask again, please be direct. What do you want to know about Joe? What do you want from me that pertains directly to your motion to extend time filed on August 15, 2018? Why didn't you use the month of October to meet and confer with me? Why haven't Mr. Umbach and Ms. Cooper responded to me about the October dates I suggested?

Grant Barger

[Quoted text hidden]